74,742-06

MR. JASON T. PEGUES #728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

September 18,2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 06 2015

Abel Acosta, Clerk

TO: Clerk of the Court; Abel Acosta
    Court of Criminal Appeals
    Box 12308
    Capitol Station
    Austin, Texas 78711

Re: Filing a Motion for Leave and an Original Petiton for Writ of
    Mandamus in reference to applications No.94-DCR-026185 HC3 and
    No.94-DCR-026185 HC4

Dear Clerk of the Court:

This document contains some
pages that are of poor quality
at the time of imaging.

   Enclosed is a Motion for Leave and a Original Petition for Writ of

Mandamus in reference to cause number: 94-DCR-026185 HC3 and No.94-DCR-

026185 HC4. If you will please file the enclosed so that it may be

presented to this Honorable Court so that it may be reviewed, heard and

ruled on, I would really appreciate it. Thank you for your time and

assistance.

                                    Respectfully Submitted,

                                    Jason T. Pegues #728196
                                    Relator:
                                    Petitioner:
                                    Applicant:

cc/file:

1 of 1

No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4

|                              |   |                   |
|------------------------------|---|-------------------|
|                              | * | IN THE COURT OF   |
|                              | * | CRIMINAL APPEALS  |
| In re Jason Tyrone Pegues    | * | AT                |
|                              | * | AUSTIN, TEXAS     |
|                              | * |                   |

## Relator's Motion For Leave To File His Original Petition For Writ of Mandamus

To The Honorable Judge of Said Court:

Comes now, Jason T.Pegues #728196, Relator, Pro-se,in the above styled and numbered cause of action respectfully submit this Motion for Leave to file his Original Petition for Writ of Mandamus pursuant to the Texas Rules of App.Proc.art.72.1 regarding two applications for writ of habeas corpus 11.07 sec.3(b),(c) of the Texas Code of Criminal Procedure. Relator is asking for this Honorable Court's permission for leave to file an original petition for writ of mandamus in reference to cause number 26185. Relator would also like to show this Honorable Court the following:

## Grounds for filing Writ of Mandamus

### I.

On **July 6, 2015**            ,the 240th District Court of Fort Bend County where the Hon.Judge Thomas R.Culver,III presides reconsidered relator's initial applications writ for habeas corpus 11.07 due to the aggravated perjury committed by court appointed counsel Cary M.Faden in his court ordered affidavit which was attached and referenced to in relator's initial applications No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4. The aggravated perjury was discovered when relator subsequently filed a Motion For Forensic DNA Testing and the official record was ordered and reviewed revealing that DNA test results were inconclusive,with no match.(see Attachment "**A**"). After relator's applications were reconsidered, relator filed a Motion requesting that the court hold its ruling for 30 days so that relator can supplement and amend his applications. Immediately after, relator filed two

-1-

supplemental amended applications for writ of habeas corpus 11.07 with the District Clerk of Fort Bend County Annie Rebecca Elliott,who forwarded the applications to the Fort Bend County District Attorney's Office(John Harrity) which was received on August 03,2015 and on August 12,2015.(see Attachment "B").

## II.

According to the rules of art.11.07 sec.3(b),(c) of the code of criminal procedure, the State has failed to comply with the rules of art.11.07 sec.3(b),(c). The State has not filed an answer in reference to relator's supplemental amended application HC4 within the 15 day rule set in the rules nor has an order for designating issues been determined. Relator's supplemental amended application in reference to the reconsidered application HC3, the State's Appeal Attorney John Harrity has it classified as HC5 in which relator did object to(see Attachment "C"), the State has filed an answer, but a determination whether designating facts and unresolved issues to the legality of relator's confinement has not been made within the time frame mentioned in the rules of art.11.07 sec.3(b),(c),and relator is asking this Honorable Court for its permission to leave and file an original petition for Writ of Mandamus to compel the respondents to forward both supplemental amended applications which was filed properly by relator.

### The "illegal tactic" Reason for State's Delay in forwarding Relator's Applications to this Honorable Court

#### I.

The State's delay in forwarding relator's applications are based on the following facts and evidence:

In a total different proceeding pertaining to this case 26185 which is relator's Motion For Forensic DNA Testing, the State has lost the evidence in this case they claimed to have had against relator, which entitles him to relief. Ex parte Roslyn Marie Turner,394 S.W.3d 513(Tex.Crim.App.2013). In the DNA proceeding of this case, which began around March 24,2015, the State first filed an extension for time on June 08,2015 (see Attachment "D") in which the State requested for the deadline date to be extended to June 29,2015 in the trial court and was granted as well. Shortly after, the State filed a

-2-

second Motion reqesting the trial Judge to enter orders to various parties for the location of the evidence in this case so the State can respond to relator's Motion for DNA testing,in which too this motion was granted by the trial court(see Attachment " **E**"). Relator objected stating tht the trial Judge was being bias in granting this particular motion due to in relator's initial application(HC3),the State requested the same course of action and the trial Judge denied the State's request, but now in a different/later proceeding the trial Judge grant the same request he previously denied. On **6-12-15** ,relator filed a writ of mandamus in the First Court of Appeals at Houston requesting the court to compel the trial court to respond to relator's Motion for DNA testing which was condititonally granted (**Appellate Case No.01-15-00535-CR**) as the First Court of Appeals at Houston gave an order to the trial court to respond to relator's writ of mandamus within 30 days from the order.(see Attachment "**F**"). The State did reply on **7-24-15** and relator responded to the State's reply on **7-30-15** .

## II.

Although the second motion filed by the State on June 26,2015 (see Attachment "**E**")requesting the trial Judge to enter orders to various parties for the location of the evidence in this case 26185 was granted, relator received copies of all parties affidavits ordered by the trial Judge, all parties stating that they have no knowledge of where the evidence in this case is located and have no personal [ATTACHMENT "**J**"] recollection of this case. The only party who has failed to submit his affidavit ordered by the court and signed by an Hon.Judge, placing this party in contempt of court for not following and complying with a court order signed by an Hon.Judge is the then lead prosecutor Former Assistant District Attorney,James Sidney Crowley and on **8-26-15** relator filed an objection in the trial court. As of date, the trial court holds relator's Motion For Forensic DNA Testing having by facts and evidence lost the evidence in this case, continuing to delay making a finding required by the code of criminal procedure art.64.04, and with the State not being able to present evidence in this case, confirms the following:

- Texas Penal Laws has been violated which was one of the provoking reasons why relator filed his motion for DNA testing.(see Attachment "**G**").
- With the State not being able to present the evidence in this case confirms that the evidence in this case has been tampered with as well as fabricated,especially with the State having claimed that they had this evidence against relator.

With the State not being able to present the evidence in this case to the court, confirms that relator was in fact convicted by an illegal taken statement that was secured, admitted into evidence, and used as over 90% of relator's conviction, violating Vernon's Ann.Texas Code of Criminal Procedure art.38.23. Wilson v. State,311 S.W.3d at 458-59; Smith v. State,165 S.W.3d 361(Cr.App.2005); Hampton v. State,36 S.W.3d 921(App.8 Dist.2001); Ex parte Roslyn Marie Turner,394 S.W.3d 513(Tex.Crim.App.2013).

The Tex.C.C.Procedure 38.23 prohibits the admission of any evidence obtained in violation of Texas Penal Laws related to gathering, creating, or destroying evidence. 38.23 of the Texas Code of Criminal Procedure includes evidence that is obtained in violation of Texas Law as well as that obtained in violation of the Federal and State Constitution. Wilson v. State,311 S.W.3d at 458-59; Smith v. State,165 S.W.3d 361(Cr.App.2005).

### III.

With the State not being able to present the evidence in this case and parties stating in their court ordered affidavits that they have no knowledge of where the evidence in this case is located and no [Attachment "J"] personal recollection of this case, forces the State to determine whether they want to attempt to prove that the statement was legally taken or not, and with the official investigating record proving that the statement was illegally taken, without the statement and without the State not being able to present the evidence in this case, Constitutionally entitles relator to relief.

The respondent/trial court is holding relator's supplemental amended applications in reference to the reconsidered applications HC3 and HC4 due to through investigating to respond to the relator's motion for Forensic DNA Testing in this case 26185 evidence has been lost and can not be located, which are grounds for not only reversal but for relator to be exonerated, and so the respondents is breaking all rules pertaining to forwarding relator's applications to this Honorable Court.

### IV.

The State's delay in forwarding the relator's applications is also because relator is proving by facts, support from State, Federal and Supreme Court cases, along with the official investigating record in this case that the statement which was secured and used as over 90% of relator's conviction was clearly illegally taken, so with the State not being able to locate and present the evidence in this case, there is

-4-

no support for conviting and sentencing relator to 50 years in prison, resulting that the State is holding and refusing to respond to any of relator's filings, ignoring and neglecting the integrity and fairness of the Justice System, as the State continue to search for the evidence in this case, extending a 60 day standard of procedure to six months not caring of its consequences, and if the evidence in this case has not been found in six months, then surely the evidence in this case is lost, destroyed or never did exist.

## V.

The State stated that there was a knife handle and a phone book in which did not contain relator's prints, concluding that with the state not being able to present evidence in this case, confirms that if relator did not confess to in particulars of the crime in the illegal taken statement, the State only verbalized it in trial for slandering purposes which had an impact on the jury's verdict, furthering confirmin confirming that with inconclusive DNA testing results, the illegal taken statement was over 90% of relator's conviction, and with relator's ability to prove the statement was illegally taken beyond a reasonable doubt, confirms that there was no evidence in which would have convicted relator. See Attachment "H" where the State relied solely on the DeGarmo Doctrine and the illegal taken statement, but now that the court of criminal appeals has completely overruled the DeGarmo Doctrine (Jacobson v. State,398 S.W.3d 195 (Tex.Crim.App.2013)) and is to be applied retroactively according to West's Texas Digest 2d [100(1)courts] as the Law of Case Doctrine applies to this case 26185 as well (Lindquist v. City of Pasadena Texas 669 F.3d 225), relator is now able to present the Entire initial Police Investigation of this case, supported by the investigating record to expose all the Constitutional, Substantial, and Procedural errors and violations that took place in the initial police investigating parts of this case 26185.

## VI.

According to Evidence 75: As a general rule, a party's failure to produce evidence within its control raises the presumption that, if produced, it would operate against him.
With the State not being able to present the evidence in this case,

confirms that without the illegal taken statement, there is not any physical or biological evidence, nor was there ever any to support convicting relator.

## HOW STATEMENT WAS ILLEGALLY TAKEN

### I.

(See Attachment "I": The Investigating Record in this case 26185)

In the initial police investigation, Constitutional, Substantial, and Procedural rights were violated and affected. The investigating record in this case reflects that the police officers visited the child numerous times although he was classified as only a witness, questioning and interrogating him about a criminal act, never informing him of his 5th Amendment right of having his parents present before and during the interrogation/questioning, which is a Due Process violation under th the 14th Amendment of the U.S.Constitution, as well as a parental notification requirement violation. Moran v. Burbine, 475 U.S. 412, 432-434; Colorado v. Connelly, 479 U.S. 157-163; Miranda, 384 U.S. at 436, 444, and at 479; U.S. v. Washington, 431 U.S. at 185; Miller v. Fentin 474 U.S. 104, 109, 106; Mincey v. Arizona, 437 U.S. 385, 98; Brown v. Mississippi, 297 U.S. 278, 56; U.S. v. Villegas 404 F.3d 355; Oregon v. Elstad, 470 U.S. at 371. The investigating record also reflects that multiple times the police officers visited the victim parents at their home which was right next door to where the witness lived, but instead of the police going to the witness home where his parents would be present, the police waited until the child was at school to question/ interrogate him in a office alone during school hours avoiding parental interference which is a due process violation and police coercive conduct. The police never notified the child's parents of their questioning/interrogating the child at school, the child was being interrogated without the informance, notification, or consent of his parents which affected substantial rights, pursuant to Federal Rules of Criminal Procedure 52(b), establishing that these plain errors were prejudicial. (Illinois v. Perkins, 496 U.S. 292, 297 (1990)).

-6-

## II.

These violations and errors in the initial police investigation in this case 26185 led to the child being arrested from school with no evidence, making the arrest illegal. The officers continued to violate due process rights and affect substantial rights, committing plain errors that were prejudicial by failing to inform the child's parents that the child had been arrested and why, and in failing to do so violates Family Code Ann.52.02(b). The investigating record in this case reflects that the child was arrested at 1100 hours and the child's parents were notified at 1607 hours, making that a five hour and seven minute delay, which is a violation of Family Code 52.02(b) and due process right violation as well. U.S. v. Givosky-Garibay,176 F.Supp 2d 705; In re C.R.,995 S.W.2d 778 (Tex.App.--Austin 1999); Gonzales v. State,9 S.W.3d 267 (App.1 Dist.1999) ; Le v. State,993 S.W.2d 650,655-56 (Tex.Crim.App.1999). The State statue requires that a child parents must be promptly told that the child has been arrested and why and requires more than just a phone call. In re C.R.,995 S.W.2d 778 (Tex. App.--Austin 1999). In that five hour and seven minute delay, the coercive conduct by the police continued as the police took the child out of the county the crime occurred in [Fort Bend County], to another county [Harris County], acting without legal authority, lodging the child into a facility that was not approved by the Fort Bend Juvenile Court and extracted a statement/confession from the child, making the statement/confession illegal and inadmissible by law violating V Vernon's Ann. Texas Code of Criminal Procedure art.38.23. Wilson v. State, 311 S.W.3d at 458-59; Smith v. State, 165 S.W.3d 361 (Cr.App. 2005); U.S. v. Jose R. Garibay, 143 F.3d 534-539 (9th Cir.1998), but there was no evidence against relator, so although the statement was taken illegally, that was all the State had so it was secured, admitted into evidence, and used to convict relator and sentenced him to fifty years in prison. Hampton v. State,36 S.W.3d 921 (App.8 Dist. 2001).

## III.

After the child was certified, the investigating record in this case which proves the violations and errors that occurred in the initial police investigation was sealed by the Fort Bend County Juvenile Court

in purpose to hide these violations and errors, which has been hidden for over twenty years. Relator had no knowledge that the investigating record in this case 26185 had been sealed, but relator was recently able to gain possession of the investigating record in this case, establishin establishing "Affirmative Evidence of Relator's Innocence", entitling him to a live evidentiary hearing, Ex parte Franklin, 72 S.W.3d 671,678 (Tex.Crim.App.2002); Ex parte Tuley, 109 S.W.3d 388 (Tex.Crim.App.2002), but the State has lost the evidence in this case, entitling relator to relief. Ex parte Roslyn Marie Turner, 394 S.W.3d 513 (Tex.Crim.App.2013).

Either the State with-held this favorable evidence and failed to disclose this favorable evidence to the defense Brady v. Maryland, 373 U.S. 83 (1963); Ex parte Adams,768 S.W.2d 281 (Tex.Crim.App.1989); United States v. Bagley,473 U.S. 667,676 (1985); Ex parte Calderon 309 S.W.3d 64 (Tex.Crim.App.2010), or the District Court Appointed Counsel Cary M.Faden ignored and neglected the violations and errors that are clear and obvious in the investigating record when appointed to this case. Either way, now that the court of criminal appeals has completely overruled the doctrine in which this case was under the authority of (The DeGarmo Doctrine) [See: Jacobson v. State, 398 S.W.3d 195 (Tex. Crim.App.2013)] and relator has gained possession of the investigating record in this case, relator is now able to present the Entire investigating record along with all the violations and errors that occurred in the initial police investigation of this case 26185.

## IV.

The aforementioned is the "illegal tactic" reason for the State's delay in forwarding the relator's supplemental amended applications and memorandums to this Honorable Court.

## PRAYER

**WHEREFORE,PREMISES CONSIDERED**, relator prays that this Honorable Court grant this Motion For Leave to file his original Petition for Writ of Mandamus to compel the respondents in this case to forward both of relator's supplemental amended applications so that this Honorable Court can review relator's merits and claims so that they may be fairly adjudicated. The State has lost the evidence in this case and now the

State is refusing to comply with art.11.07 Sec.3(b),(c) of the Texas Code of Criminal Procedure and hold relator's applications which is a violation and illegal delay, so relator is praying this Honorable Court grant this Motion for Leave which is required to file in order for a petition for Writ of Mandamus to be filed in this Honorable Court, so that this court can review the investigating parts of this case that has been hidden illegally for over twenty years by the State in Fort Bend County, Texas, and now that relator have the investigating record and other facts to prove the initial investigation violations and errors that occurred in the initial part of this case, the State is doing all the possible to avoid all the information and evidence from reaching this Honorable Court.

Thanks for your time and consideration.

Respectfully Submitted,

Jason T.Pegues #728196
Relator:
Petitioner:
Applicant:

## CERTIFICATE OF SERVICE

I, Jason T.Pegues #728196, Relator, being presently incarcerated in Walker County, Texas do hereby affirm that I have delivered a copy of this Motion For Leave to File My Original Petition for Writ of Mandamus in the Honorable Court of Criminal Appeals, to the prison mailroom officials for delivery to the following by way of United States Postal Mail Service:

COURT OF CRIMINAL APPEALS
CLERK OF THE COURT: ABEL ACOSTA
BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

Jason T.Pegues #728196
Relator:

# INMATES DECLARATION

I,Jason T.Pegues #728196, presently incarcerated in Walker County,Texas hereby declare under the penalty of perjury that the aforementioned in my Motion For Leave to File His Original Petition for Writ of Mandamus is true and correct.

Signed on this 18th , day of September, 2015.

Jason T.Pegues #728196
HUNTSVILLE UNIT
815 12th Street
Huntsville, Texas 77348

cc/file:

-10-

No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4

IN    THE

COURT OF CRIMINAL APPEALS

AT    AUSTIN

No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4

In re Jason Tyrone Pegues

Relator

Relator's Original Peititon For

Writ of Mandamus

JASON T. PEGUES #728196

HUNTSVILLE UNIT

815 12TH STREET

HUNTSVILLE TEXAS 77348

## IDENTITY OF PARTIES

Pursuant to Texas Rules of Appellate Procedure, Rule #52.3(a),

A complete list of all interested parties is provided below:

### Relator

Jason T.Pegues #728196
Relator
Huntsville Unit

815 12th Street

Huntsville, Texas 77348

### Respondents

Trial Court Judge:

The Hon.Thomas R.Culver,III

Judge,240th Judicial District Court

Fort Bend County, Texas

John Harrity

State's Appeal Attorney

1422 Eugene Heimann Circle, Room 20234

Richmond, Texas 77469

Annie Rebecca Elliott

Fort Bend County District Clerk

301 Jackson

Richmond, Texas 77469

-1-

# TABLE OF CONTENTS

Pg.

IDENTITY OF PARTIES..................................1

TABLE OF CONTENTS....................................2

INDEX OF AUTHORITIES.................................3

STATEMENT OF THE CASE................................4

STATEMENT OF JURISDICTION............................5

JUDICIAL NOTICE.....................................6

> Relator filed two supplemental amended applications in reference to the reconsidered applications No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4, which was received by the District Attorney's Office in Fort Bend County on August 03,2015 and August 12,2015. The respondents of this case has failed to comply with the rules under art.11.07 Sec.3 (b),(c) of the Texas Code of Criminal Procedure in failing to forward relator's supplemental amended applications to this Honorable Court within the 35 day rule for a trial court to do so. Failure to do so shall result in Mandamus relief.

ISSUES PRESENTED....................................7

STATEMENT OF FACTS..................................8

ARGUEMENT........................................9-11

SUMMARY............................................12

PRAYER.............................................13

APPENDIX OF ATTACHMENTS.............................14

AFFIDAVIT..........................................15

CERTIFICATE OF SERVICE..............................16

# INDEX OF AUTHORITIES

1. In re Smith,279 S.W.3d 714(Tex.App.—Amarillo 2007)…
2. State of Texas, ex rel.Hill v. Court of Appeals for Fifth Dist. 34 S.W.3d 924,at 927,[6,7]…
3. Wilson v. State,311 S.W.3d at 458-59…
4. Smith v. State, 165 S.W.3d 361 (Cr.App.2005)…
5. Jacobson v. State, 398 S.W.3d 195(Tex.Crim.App.2013)…
6. Martin v. Hamlin, 25 S.W.3d 718(Tex.Crim.App.2000,orig.proceeding)
7. Benson v. District Clerk, 331 S.W.3d 431(Cr.App.2011)…
8. In re Escareno,297 S.W.3d 288(Cr.App.2009)…
9. Gibson v. Dallas County,District Clerk, 275 S.W.3d 491(Cr.App.2009)
   Dejean v. District,Dallas County, 259 S.W.3d(Cr.App.2008)…

## Statutes

1. Rules of Appellate Procedure, 52…
2. Texas Government Code-Section,22.221(a),(b),of the Vernon's Texas Codes Annotated…
3. Code of Judicial Conduct, Canon 3…
4. U.S.Constitution, 1st, 5th, and 14th Amendments…
5. Texas Constitution, Articles 5 Sect. 1A, 6A, thru 14…
6. Code of Criminal Procedure, Article 11.07 Sec.3(b),(c)…

## Statement of the Case

In the 240th District Court of Fort Bend County,Texas where the Hon.Thomas R.Culver,III presides/trial court, relator's application No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4 were reconsidered due to aggravated perjury committed by a representative of the State(court appointed counsel Cary M.Faden). The State filed its supplemental amended answer and supplemental amended findings of facts and conclusions of law in this Honorable Court. Relator filed a motion in the trial court requesting 30 days to supplement and amend his applications, and within those 30 days, relator filed two supplemental amended applications and memorandums in reference to the applications that were reconsidered (HC3 and HC4) with the Fort Bend County District Clerk,Annie Rebecca Elliott,301 Jackson,Richmond Texas 77469,who forwarded both supplemental amended applications for writ of habeas corpus 11.07 with memorandums to the State's Appeal Attorney John Harrity in the Fort Bend County District Attorney's Office,1422 Eugene Heimann Circle,Room 20234,Richmond Texas 77469, who received the applications on August 03,2015 and on August 12,2015 which was over the 35 day rule under art.11.07 sec.3(b),(c) and the trial court has failed to act and still has not forwarded relator's supplemental amended applications to this Honorable Court. The nature of this proceeding is for the two supplemental amended applications that has been properly filed in the trial court, forwarded to this Honorable Court so that relator's merits and claims can be fairly adjudicated, or grant the relief requested by relator in his supplemental amended applications with memorandums due to the State not contesting. The respondents has failed to comply with art.11.07 sec.3(b),(c) of the Texas Code of Criminal Procedure, which results to Judgement by Default.

-4-

## Statement of Jurisdiction

I, Jason T. Pegues #728196, makes this statement of jurisdiction pursuant to the **Texas Government Code-Section 22.221(a),(b) of the Vernon's Texas Code Annotated;**

**(a)** Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

**(b)** Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

1. Judge of a district or county court in the court of appeals district; or
2. Judge of a district court who is acting as a magistrate at a court of inquiry under chapter 52 code of criminal procedure, in the court of appeals district.

-5-

## Request for Judicial Notice

I, <u>Jason T.Pegues #728196</u>, respectfully request that this Honorable Court takes Judicial Notice pursuant to Texas Rules of Evidence, Rule 201(d),of all the following issues and evidence presented in this writ.

## Issues Presented

1.) **Point of Error Number One**: The Hon.Judge Thomas R.Culver,III in the 240th District Court of Fort Bend County,Texas has failed to comply with the rules of art.11.07 sec.3(b),(c) of the code of criminal procedure, in violation of the Judicial Canon(3),and violation of U.S.Constitution 1st,5th,and 14th Amendment, as well as Supreme President.

2.) **Point of Error Number Two:** The State's Appeal Attorney John Harrity in the Fort Bend County District Attorney's Office has failed to comply with the rules of art.11.07 sec.3(b),(c) of the code of criminal procedure,in violation of a ministerial duty as well as a violation of U.S.Constitution 1st,5th,and 14th Amendment.

3.) **Point of Error Number Three**: The District Clerk of Fort Bend County Annie Rebecca Elliot has failed to comply with the rules of art.11.07 sec.3(b),(c) of the code of criminal procedure,in violation of a ministerial duty and the clerk's statutory duty concerning compliance with the habeas form, as well as a violation of U.S.Constitution 1st,5th,and 14th Amendment.

-7-

## Statement of Facts

On <u>June 30,2015</u> the 240th District Court of Fort Bend County,Texas where the Hon.Thomas R.Culver,III presides/trial court reconsidered relator's applications No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4 based on the aggravated perjury committed by the court appointed counsel Cary M.Faden in his court ordered affidavit stating that "DNA test results confirmed relator as the perpetrator", which was attached and referenced to in relator's initial applications No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4. The aggravated perjury committed by the court appointed counsel Cary M.Faden was discovered by the State when relator filed a Post-Conviction Motion For Forensic DNA Testing around <u>March 24,2015,</u>(see Attachment "G"),and in the State's investigation to respond to relator's Motion For Forensic DNA Testing, the official record was ordered. According to the official record, DNA test results were inconclusive,with no match.(see Attachment "A ").<u>Coleman v. State,297  S.W.3d 681.</u> Due to relator's application HC3 and HC4 being reconsidered, the State filed its supplemental amended answer and supplemental amended findings of facts and conclusions of law in this Honorable Court on <u>June 30,2015.</u> . Relator immediately filed a motion in the trial court requesting 30 days so he could supplement and amend his applications which relator also sent a copy of his motion to this court to inform this Honorable Court of the proceeding status. Relator then filed two supplemental amended applications for a writ of habeas corpus 11.07 in reference to the applications that were considered (HC3 and HC4) in which the Fort Bend County District Attorney's Office received on <u>August 3,2015</u> and on <u>August 12,2015</u> (see Attachment " B ") which was over 35 days ago and the respondents in this case still have not acted and still have not forwarded relator's applications to this Honorable Court.

-8-

## ARGUMENT

### I.

Relator's purpose of this writ of mandamus is to compel the respondent's in this case to forward relator's supplemental amended applications to this Honorable Court so that relator's claims and merits can be fairly adjudicated. The Honorable Judge Thomas R.Culver,III presiding in the 240th District Court of Fort Bend County,Texas has mandatory and ministerial duties prescribed by the U.S.Constitution 1st,5th,and 14th Amendments and Adjudicative Responsibilities pursuant to Judicial Canon(3). The respondent have violated the prescribed by law mentioned above in failing to comply with the rules of art.11.07 sec.3(b),(c) of the code of criminal procedure. The statute does not supply authority to the trial court to extend the time limitations imposed by the statute,other than by timely entry of an order designating issues to be resolved. Martin v. Hamlin,25 S.W.3d 718,719(Tex.Crim.App.2000,orig.proceeding); Hill v. Court of Appeals for Fifth Dist.34 S.W.3d 924,at 927[6,7]. Relator's two supplemental amended applications were properly filed, and the Hon.Judge Thomas R.Culver,III in the 240th District Court in Fort Bend County had a legal duty to perform a non-discretionary act,was properly and procedurally correct in asking the respondent to perform the act, and the respondent has failed or refused to do it. In re Smith,279 S.W.3d 714(Tex.App.-Amarillo 2007),which entitles relator to mandamus relief. The reconsidered habeas applications No.94-DCR-026185 HC3 and No.94-DCR-026185 HC4 were right and just to be reconsidered due to a clear and obvious aggravated perjury committed by court appointed counsel Cary M.Faden. The violations and failure to comply with rules of the law are not accepted and justified based on fear of one error and violation exposing another. The rules of art.11.07 sec.3(b),(c) of The Texas Code of Criminal Procedure is law and the respondent has violated those rules and law, resulting to relator's purpose of this mandamus,requesting this Honorable Court to compel the trial court in this case to forward both of relator's supplemental amended applications to this Honorable Court or grant relator relief requested in his supplemental amended applications and memorandums.

### II.

The code of criminal procedure art.11.07 sec.3(b) states:

"The attorney representing the state in that court…who shall answer the application not later than the 15th day after the date the copy of the application is received."

In this particular case 26185,the respondent John Harrity,received relator's supplemental amended application in reference to the reconsidered application No.94-DCR-026185 HC3 on August 03,2015

(see Attachment "B")and on August 18,2015 the respondent John Harrity filed the respondent's original answer,which relator objected to and presented designaing issues(see Attachment "C"). As of date, the respondent has failed to act, the trial court has not decided if there are controverted previous unresolved facts material to the legality of the relator's confinement, and has not attempted to file for extension of time. On August 12,2015 the respondent John Harrity received relator's reconsidered application No.94-DCR-026185 HC4,and has failed to file an answer to the supplemental amended application,nor have the trial court decided if there are controverted previous unresolved facts material to the legality of the relator's confinement,has failed to file an answer to the supplemental amended application,violating and failing to comply with the 15 day rule stated in sec.3(b),(c). Martin v. Hamlin,25 S.W.3d 718,719(Tex.Crim.App.2000,orig.proceeding).

### III.

The rule further states according to art.11.07 sec.3(c) of the code of criminal procedure:

"Within 20 days of the expiration of the time in which the state is allowed to answer…if the convicting court decides that there are no controverted,previously unresolved facts material to the legality of relator's confinement…The clerk shall immediately transmit to the court of criminal appeals a copy of the application…Failure of the court to act within the allowed 20 days shall constitute such a finding."

Due to the respondent John Harrity filing an answer on the 15th day to relator's supplemental amended application in reference to the reconsidered application No.94-DCR-026185 HC3,(respondent John Harrity classifying it as HC5), and the trial court not deciding whether or not there are controverted previously unresolved facts material to the legality of relator's confinement within the 20 days, and failing to file an answer to relator's supplemental amended application in reference to relator's application No.94-DCR-026185 HC4 within the days set in the rules, The District Clerk of Fort Bend County Annie Rebecca Elliott is in violation of art.11.07 sec.3(c) for not immediately transmitting to the court of criminal appeals a copy of relator's supplemental amended applications and memorandums.

-10-

See: <u>Benson v. District Clerk,</u>331 S.W.3d 431 (Cr.App.2011),clerk of District Court has a ministerial duty to receive,file,and timely forward application for writ of habeas corpus to court of criminal appeal and thus applicant was entitiled to a writ of mandamus to compel clerk to fulfill duty…Whether applicant had other applications pending was irrelevant to clerk's statutory duty,which is unequivocal and subject only to the limitations in the rules concerning compliance with the habeas form.

Likewise in this case 26185,due to respondent's John Harrity and The Hon.Judge Thomas R.Culver,III not complying with the rules in art.11.07 sec.3(b),(c), The Fort Bend County District Clerk Annie Rebecca Elliott should have immediately forwarded relator's applications to this Honorable Court, however, the Fort Bend County District Clerk Annie Rebecca Elliott still has failed to do so. In the event an order determining issues(ODI) is not entered by the convicting court within 20 days following the state's deadline to answer on an application for writ of habeas corpus, the district clerk has no authority to continue to hold an application for a writ of habeas corpus and is under a ministerial dury to immediately forward the application and related records. <u>In re Escareno 297 S.W.3d 288(Cr.App.2009),</u>which in this case 26185 the district clerk has failed to do so. "The statute does not supply authority to the trial court to extend the time limitations imposed by the statute other than by timely entry of an order designating issues to be resolved. <u>Martin v. Hamlin,</u>25 S.W.3d 718,719(Tex.Crim.App.2000,orig.proceeding).

Criminal Procedural rule governing habeas petition filings does not authorize the trial court to extend the time limitations for review of petition other than by a timely entry of an order designating issues. <u>Gibson v. Dallas County District Clerk 275 S.W.3d 491(Cr.App.2009);</u> <u>Dejean v. District Clerk,Dallas County 259 S.W.3d 183(Cr.App.2008).</u>

The trial court has abused its discretion and there is no adequate remedy by appeal. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. With the trial court failing to comply with art.11.07 sec.3(b),(c) of the code of criminal procedure,clearly results to Judgement by Defaut.

# Summary

In summary, relator respectfully request that this Honorable Court takes Judicial notice of all the aforementioned facts and evidence in said writ and grant this writ of mandamus due to the respondents failing to comply with art.11.07 sec.(b),(c) of the Texas Code of Criminal Procedure. The purpose and reason for the State's delay is because the State has lost the evidence in this case and can not present the evidence to the court in another proceeding pertaining to this case 26185, so the respondents is holding and violating the law and rules set due to the State not having any Justification and support for relator's conviction and sentencing him to 50 years in prison. With the State not being able to locate the evidence in this case confirms that the evidence in this case has in fact been tampered with due to fabrication which is what provoked relator to file his Motion For Forensic DNA Testing, which is a 60 day standard of procedure but the State has extended it to now complete six months and still has not located the evidence in this case. The State still has not done a finding which is required under 64.04. Due to the State not being able to locate and present the evidence in this case to the court, and previous applications being reconsidered due to aggravated perjury, relator filed two supplemental amended applications with new facts, new issues, and new evidence proving that the statement that was secured and used as over 90% of relator's conviction was illegally taken, which enforces the State to rely on the evidence they claimed to have had against relator, and due to relator filing his Motion For DNA Testing,enforces the State to present the evidence of this case and the State has clearly either lost the evidence,destroyed the evidence, or the evidence never did exist. So with relator filing two supplemental amended applications with new facts, new issues, and new evidence, proving with the offical records of this case 26185 that relator's Constitutional Rights were violated, Substantial Rights were affected, Family Codes were violated, Parental Notification Requirements were violated,etc. proving that the statement that was admitted and used to convict relator was inadmissible by law, and with it being revealed that the State has lost the evidence in this case and can not present it to the court, the respondents is refusing to comply with the rules of art.11.07 sec.3(b),(c) due to the State not having any support/evidence to justify relator's conviction and response.

-12-

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, RELATOR RESPECTFULLY REQUEST THAT THIS Honorable Court grant this writ of mandamus due to the respondents violating and breaking the rules set in art.11.07 sec.3(b),(c) of the Texas Code of Criminal Procedure. Relator request that this Honorable Court compel the respondents to forward relator's supplemental amended applications and grant relator relief based on relator proving by the official records of this case his merits and claims. The State is not justified in delaying forwarding relator's applications disregarding the law and rules set which are meant to be up-held due to their not being able to locate and find the evidence in this case. The law is the law and the rules are the rules, both are not to be violated or broken, and the respondents are refusing to respond with integrity representing the State and the Justice System because of their error, so relator is requesting that this Honorable Court compel the trial court/respondents to forward both of relator's supplemental amended applications in which by confirmation of evidence was received by the respondents which in if respondents fail to do so results to Judgement by Default.

## Appendix of Attachments

- **Attachment "A"**: THE OFFICIAL COURT REPORTER'S RECORD LORAINE HALL OF THIS CASE 26185.

- **ATTACHMENT "B"**: CONFIRMATION FROM THE FORT BEND COUNTY DISTRICT ATTORNEY'S OFFICE THAT BOTH OF RELATOR'S SUPPLEMENTAL AMENDED APPLICATIONS WERE RECEIVED.

- **ATTCHMENT "C"**: A FILED COPY OF RELATOR'S OBJECTION AND HIS PRESENTATION OF DESIGNATING ISSUES IN REFERENCE TO No.94-DCR-026185 HC5.

- **ATTACHMENT "D"**: THE OFFICIAL COPY OF THE STATE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO RELATOR'S MOTION FOR FORENSIC DNA TESTING.

- **ATTACHMENT "E"**: THE OFFICIAL COPY OF THE STATE'S SECOND MOTION TO ENTER ORDERS SO THAT THE STATE MAY RESPOND TO RELATOR'S MOTION FOR FORENSIC DNA TESTING.

- **ATTACHMENT "F"**: AN OFFICIAL COPY OF THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON ORDERING THE TRIAL COURT IN THIS CASE TO RESPOND TO RELATOR'S PETITION FOR WRIT OF MANDAMUS,AND A COPY OF THE NOTIFICATION CARD FROM THE APPEALS COURT AT HOUSTON THAT THE TRIAL DID IN FACT RESPOND.

- **ATTACHMENT "G"**: A COPY OF RELATOR'S MOTION FOR FORENSIC DNA TESTING.

- **ATTACHMENT "H"**: A COPY OF RELATOR'S DIRECT APPEAL HELD IN THE COURT OF APPEALS OF TEXAS, HOUSTON (1ST Dist.) opinion December 18,1997.

- **ATTACHEMENT "I"**: AN OFFICIAL COPY OF THE INVESTIGATING RECORD IN THIS CASE 26185.

- **ATTACHMENT "J"**: FILED COPIES OF AFFIDAVITS SUBMITTED BY VARIOUS PARTIES PERTAINING TO THE EVIDENCE OF THIS CASE ORDERED BY THE TRIAL COURT.

**The State of Texas**

*

*

*

**Affidavit**

I, Jason T. Pegues #728196, declare under peralty of perjury tht the facts stated in this writ are true and correct to the best of knowledge and I hereby swear to these facts.

Executed on September 18, 2015

Jason T. Pegues #728196

Relator

Huntsville Unit

815 12th STREET

Huntsville, Texas 77348

-15-

## Certificate of Service

I,Jason T.Pegues #728196,declare under penalty of perjury that I have mailed a true and correct copy of the/this writ of mandamus to the clerk of the court of criminal appeal,Adel Acosta,Austin Texas 78711 by way of U.S.Postal Service on _9-18-2015_ .


Executed on:_September 18, 2015_

_#728196_

Jason T.Pegues #728196

Relator

Huntsville Unit

815 12th Street

Huntsville, Texas 77348

cc/file:

-16-

# Exhibit A

No. 26,185

THE STATE OF TEXAS      *      IN THE 240TH JUDICIAL

VS.      *      DISTRICT COURT OF

JASON TYRONE PEGUES      *      FORT BEND COUNTY, TEXAS

STATEMENT OF FACTS
VOLUME VII OF 8 VOLUMES

COPY

Loraine Hall, CSR, RPR
Official Court Reporter
240th Judicial District Court
Fort Bend County Courthouse
Richmond, Texas   77469

Thompson.

(Whereupon, the witness, MONICA THOMPSON, having been duly sworn, testified as follows:)

DIRECT EXAMINATION

Q    (BY MR. CROWLEY)   Would you state your name for the jury, please?

A    My name is Monica Thompson.

Q    It's not Margie Thompson?

A    No.

Q    My mistake.   How are you currently employed?

A    I'm not employed.

Q    What are you doing right now?

A    I'm going to law school.

Q    Back in, I believe, around March or around that area of 1994, how were you employed?

A    I worked for the Houston Police Department crime lab as a criminalist.

Q    What is a criminalist?

A    A criminalist is a person that does scientific testing on evidence as selected from crime scenes.

Q    Could you just tell us what your education and background is?

A    I have a bachelor's and a master's degree in biology from Sam Houston State University.

Q    Any particular type of training you received?

A    I received training from the FBI in Quantico, Virginia; also, training from the HPD training laboratory; and training at different seminars and conferences throughout the United States on DNA analysis.

Q    DNA, is that -- we've heard a lot about chromosomes and matching up different fingerprints?

A    Yes.

Q    Have you on few or many occasions had the opportunity to examine rape kits to determine the presence of semen?

A    Many.

Q    All right. Ms. Thompson, let me show you what's been marked as State's exhibit number 35; and I will ask you if you can identify that.

A    Yes, I can.

Q    What is that?

A    It's a sexual assault kit.

Q    And there appear to be some writing and numbers on there. Can you identify those?

A   Yes, I can.

Q   What are they?

A   The laboratory number that was assigned to this particular sexual assault case is L94-159.

Q   Do you write that on there, put a lab number on there?

A   I did not write the lab number on here.   I put my initials on there.

Q   Where did you retrieve this from?

A   I retrieved this from centralized evidence receiving at the crime laboratory.

Q   What is centralized evidence receiving?

A   It's a department in the crime laboratory that's assigned to pick up evidence from different crime scenes so that the criminalist can work on it.

Q   If something were in the property room, would they retrieve it from there?

A   Yes, ma'am.

Q   Was that in a sealed condition when you received it?

A   Yes.

          MR. CROWLEY:  Your Honor, at this time, we would offer State's exhibit number 35.

MR. FADEN: Can I approach the witness, Your Honor?

MR. CROWLEY: The contents only, not the hearsay.

MR. FADEN: Can you show me your initials here? Do you have any -- who is this? Do you have any idea as to who -- what's your -- I want to find out where her initials were on the document itself.

THE WITNESS: Yes (indicating).

MR. FADEN: No objection.

THE COURT: 35 is the envelope that's marked, correct?

MR. CROWLEY: Actually, it will be the contents. If I can, if we mark that 35A being the actual --

THE COURT: For purposes of the record, then, are you only offering 35A into evidence or 35, which was the outer covering, as well?

MR. CROWLEY: Your Honor, we're only offering 35A; and may the record reflect it was retrieved from inside 35?

THE COURT: Any objection?

MR. FADEN: To the box itself?

May I approach the witness again, Your Honor?

THE COURT: The box and contents.

MR. CROWLEY: Box and contents.

MR. FADEN: Are your initialings on the box as well?

THE WITNESS: Yes.

MR. FADEN: No objection.

THE COURT: 35A is admitted. 35 is not offered. It is not admitted.

Q (BY MR. CROWLEY) Ms. Thompson, could you tell us what a rape kit is?

A A rape kit or a sexual assault kit is a collection of evidence from an individual that has allegedly been sexually assaulted that's taken at a hospital.

Q Do they actually take, like, slides from the vaginal area or swabs or whatever?

A Yes, they do.

Q Did you perform an examination on the sexual assault kit performed on Mrs. Singleton?

A Yes.

Q What did you find?

A I found semen present on the vaginal smear

or the vaginal slide and then no semen present on any other item in the case.

Q   Did you also attempt to do a DNA analysis?

A   Yes, I did.

Q   Did you have available some blood samples from the defendant?

A   Yes, I did.

Q   What was your conclusion on that?

A   I could not -- well, I had an inconclusive result.

Q   Okay.  What does that mean?  Basically you couldn't tell -- couldn't make a match?

A   It means that the DNA pattern that I detected in the samples that I analyzed were consistent with that of the complainant, but there was no other pattern there; so, I couldn't do an analysis and tell whether or not there was a pattern there that would be consistent with anyone else.

Q   Based on what you're saying, you couldn't make a match one way or the other?

A   That's correct.

Q   You couldn't say it was him.  You couldn't rule out that it was him?

A   That's correct.

Q    And is that common in DNA analyses that you don't have enough there to make a --

A    It happens pretty often, yes.

MR. CROWLEY:  Pass the witness.

MR. FADEN:  May I proceed?

THE COURT:  Yes.

CROSS-EXAMINATION

Q    (BY MR. FADEN)  Mrs. Thompson, did you ever review any medical reports that were taken at Westbury Hospital prior to your analyzing the information you have there in the kit, specifically -- I will refer you to medical reports taken from Westbury Hospital.

A    No, there weren't any medical reports that were contained in the kit.

Q    Have you ever, prior to your analysis, reviewed any?

A    No.

Q    Were you aware in the Westbury Hospital records no semen was found?

A    No.

Q    You're not aware of that?

A    Huh-uh.

Q    What date did you do your analysis?

A    January 10th of 1994.

Q    And did you make a report or a written report?

A    Yes, I did.

Q    Did you provide that report to Officer Anderson?

A    I typed my report into the computer and -- I did not personally provide it to her.  She retrieved it from the computer.

Q    Do you have any knowledge that she did so?

A    No.

Q    Okay.  Just reviewing again, you tested the evidence; is that correct?

A    Yes.

Q    I didn't catch the result.  What was the result of your DNA testing?

A    It was inconclusive.

Q    No match?

A    No.

            MR. FADEN:  Pass the witness.

            REDIRECT EXAMINATION

Q    (BY MR. CROWLEY)  Could have been him, could not have been him?

A    That's correct.

            MR. CROWLEY:  Pass the witness.

            MR. FADEN:  Nothing further.

# Exhibit B

# ANNIE REBECCA ELLIOTT

## DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 03, 2015

To: John Harrity
State's Appeal Attorney
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re: Cause No: **94-DCR-026185 HC 5**
Ex Parte
**JASON TYRONE PEGUES**

Dear Sir,

In accordance with Code of Criminal Procedure, Article 11.07, please find enclosed a copy of the following on the above referenced cause:

- Application For A Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07
- Applicant's Supplemental Amended Memorandum Of Law Under Article 11.07 3(b), Sec. 4(a) (1) (b) Of Texas Code Of Criminal Procedure

Please acknowledge receipt of the above papers by completing the Acknowledgement of Receipt attached. Thank you.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Petra Lozano
Telephone: (281) 281-341-4502

# RECEIVED

AUG 03 2015

## DISTRICT ATTORNEY'S OFFICE

cc: Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville TX 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_
Signature

_Mattie Sanford_
Print Name

_8/3/15_
Date

| MAILING | PHYSICAL |
|---------|----------|
| 301 Jackson Street | 1422 Eugene Heimann Circle, Room 10142 |
| Richmond, Texas 77469 | Richmond, Texas 77469 |

http://www.fortbendcountygov.com
quick link – District Clerk



# ANNIE REBECCA ELLIOTT
## DISTRICT CLERK
### Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 12, 2015

To:    John Harrity
      State's Appeal Attorney
      1422 Eugene Heimann Circle, Room 20234
      Richmond, Texas 77469

Re:    Cause No:    **94-DCR-026185 HC 4 (Supplemental Amended Application)**
                Ex Parte
                **JASON TYRONE PEGUES**

Dear Sir,

In accordance with Code of Criminal Procedure, Article 11.07, please find enclosed a copy of the following on the above referenced cause:

- Supplemental Amended Application For A Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 HC4
- Applicant's Supplemental Amended Application Memorandum of Law Under Art. 11.07

Please acknowledge receipt of the above papers by completing the Acknowledgement of Receipt attached. Thank you.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
      Deputy District Clerk Lisa Tucker
      Telephone: (281) 341-4516

**RECEIVED**

**AUG 12 2015**

**DISTRICT ATTORNEY'S OFFICE**

cc:    Jason Tyrone Pegues
      Huntsville Unit
      815 12th Street
      Huntsville TX 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_
Signature

_Mattie SANFORD_
Print Name

8/12/15
Date

**MAILING**
301 Jackson Street
Richmond, Texas 77469

**PHYSICAL**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountygov.com
quick link – District Clerk

# ATTACHMENT

# "C"

# EXHIBIT

94-DCR-026185
LETT
Letters
3745579

MR.JASON T. PEGUES #728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

AUGUST 26th,2015

TO: THE CLERK OF THE COURT
ANNIE REBECCA ELLIOTT
FORT BEND COUNTY,TEXAS
301 JACKSON
RICHMOND, TEXAS 77469

Re: FILING THIS OBJECTION AND PRESENTING DESIGNATING ISSUES IN REF. TO CAUSE NO.94-DCR-026185 HC5

DEAR CLERK OF THE COURT:

ENCLOSED IS A MOTION OBJECTING TO THE RESPONDENT'S ORIGINAL ANSWER AND PRESENTING DESIGNATING ISSUES IN THE ABOVE MENTIONED CAUSE NUMBER. IF YOU WILL PLEASE FILE THIS IN THE 240th DISTRICT COURT SO THAT IT MAYBE CONSIDERED AND RULED ON AND ATTACHED AND REFERENCED TO THE HABEAS PROCEEDING IN MOTION, I WOULD REALLY APPRECIATE IT.

FURTHERMORE, PLEASE FILE THIS NOTE ALONG WITH THE OTHER DOCUMENTS TO BE FORWARDED TO THE COURT OF CRIMINAL APPEALS FOR EVIDENCE OF DUE DILLIGENCE ON THE PART OF THE APPLICANT.

LASTLY, PLEASE FILE STAMP THESE DOCUMENTS AND RETURN RECEIPT A COPY FOR ME IN THE SASE.
THANK YOU FOR YOUR TIME AND ASSISTANCE.

RESPECTFULLY,

JASON T. PEGUES #728196
APPLICANT:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

cc/file:

FILED

2015 AUG 28 PM 3: 02

CLERK DISTRICT COURT
FORT BEND CO. TX

1 of 1

94-DCR-026185
OTPF
Other Proceedings Filed
3745584

||||||||||||||||||||||||||||||||

CAUSE NO.94-DCR-026185 HC5

| | | |
|---|---|---|
| JASON T. PEGUES #728196 APPLICANT | § | THE 240th DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | OF |
| | § | |
| THE STATE OF TEXAS RESPONDENT | § | FORT BEND COUNTY, TEXAS |
| | § | |

### APPLICANT'S OBJECTION TO THE RESPONDENT'S
### ORIGINAL ANSWER UNDER TEXAS RULES OF APP.PROC.33.1
### AND APPLICANT'S DESIGNATING ISSUES UNDER ART.11.07 §3(b) OF
### THE TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE COURT:

COMES NOW, JASON T. PEGUES #728196, APPLICANT, Pro-se, IN THE ABOVE CAUSE OF ACTION RESPECTFULLY SUBMIT THIS OBJECTION TO THE RESPONDENT'S ORIGINAL ANSWER UNDER TEXAS RULES OF APP.PROC.33.1 AS WELL AS THE APPLICANT PRESENTING HIS DESIGNATING ISSUES UNDER ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE IN REFERENCE TO CAUSE NO.94-DCR-026185 HC5. THE APPLICANT WOULD LIKE TO SHOW THIS HONORABLE COURT THE FOLLOWING:

### PROCEDURAL HISTORY

AROUND JULY 27,2015, APPLICANT FILED A SUPPLEMENTAL AMENDED WRIT OF HABEAS CORPUS APPLICATION WHICH THE RESPONDENT RECEIVED THE APPLICATION ON AUGUST 3,2015. ON AUGUST 25,2015 THE RESPONDENT ORIGINAL ANSWER (A COPY OF) WAS SENT TO THE APPLICANT IN WHICH NOW THE APPLICANT OBJECTS AND PRESENT DESIGNATING ISSUES IN REFERENCE TO THE APPLICATION.

P. Lezane
Date: AUG 3 1 2015

-1-

ROUTED TO COURT
RT'D TO D. CLERK

## ISSUES PRESENTED

ON AUGUST 25,2015, THE APPLICANT RECEIVED THE RESPONDENT'S ORIGINAL ANSWER IN WHICH THE APPLICANT IS OBJECTING TO DUE TO THE RESPONDENT'S FAILURE TO DIRECTLY ADDRESS THE APPLICANT'S CLAIMS PRESENTED IN HIS APPLICATION. FIRST, THE APPLICANT WOULD LIKE TO REMIND THIS HONORABLE COURT THAT DUE TO THE COURT APPOINTED COUNSEL CARY M.FADEN WHO WAS THE APPLICANT'S COUNSEL AT TRIAL COMMITTING AGGRAVATED PERJURY IN A HABEAS PROCEEDINGS CAUSED THE APPLICANT'S APPLICATIONS HC3 and HC4 TO BE RECONSIDERED. THIS APPLICATION THAT THE RESPONDENT IS CLASSIFYING AS THE APPLICANT'S FIFTH APPLICATION IS NOT HIS FIFTH BUT IS A SUPPLEMENTAL AMENDED APPLICATION IN REFERENCE TO HC3 WHICH WAS RECONSIDERED DUE TO THE AGGRAVATED PERJURY THAT WAS COMMITTED BY COUNSEL CARY M.FADEN.

SECONDLY, THE APPLICANT'S INITIAL APPLICATION WAS CLOSE TO 15 PAGES LONG, HOWEVER, DUE TO THE APPLICATION BEING RECONSIDERED, THIS APPLICATION TRIPLES THAT AMOUNT DUE TO NEW INFORMATION, NEW EVIDENCE, NEW FACTS, NEW ISSUES, ALL PROVEN BEYOND REASONABLE DOUBT BY WAY OF THE OFFICIAL RECORDS IN THIS CASE AND SUPPORTED BY STATE, FEDERAL, AND SUPREME COURT CASES, AND THE RESPONDENT HAS NOT DIRECTLY ADDRESSED ANY OF THE CLAIMS AND ISSUES SPECIFICALLY PRESENTED BY THE APPLICANT IN HIS APPLICATION. THE APPLICANT IS REQUESTING THAT THIS HONORABLE COURT ORDER THE RESPONDENT TO DIRECTLY ADDRESS THE FOLLOWING DESIGNATING ISSUES AND UNRESOLVED FACTS IN THIS CASE DUE TO THE RESPONDENT ATTEMPTING TO REDIRECT THE COURT'S ATTENTION AS TO HOW GUILTY THE APPLICANT WAS IN TRIAL WHEN IN FACT THE APPLICANT IS REQUESTING THAT THIS HONORABLE COURT REVIEW THE INITIAL POLICE INVESTIGATION IN THIS CASE 26185, SPECIFICALLY:

1) THE POLICE OFFICERS QUESTIONING THE APPLICANT AT SCHOOL IN A OFFICE

-2-

ALONE ABOUT A CRIMINAL ACT WITHOUT THE CONSENT, INFORMANCE, OR NOTIFICATION OF HIS PARENTS.

2) HOW MANY TIMES THE OFFICERS CAME TO THE APPLICANT'S SCHOOL TO QUESTION HIM ABOUT A CRIMINAL ACT WITHOUT EVER NOTIFYING HIS PARENTS.

3) ALTHOUGH THE APPLICANT WAS CLASSIFIED AS A WITNESS ACCORDING TO THE RECORD, THE POLICE OFFICERS FAILED TO COME TO THE APPLICANT'S HOME WHERE HIS PARENTS WOULD BE PRESENT TO MAKE DECISIONS FOR THEIR CHILD AND QUESTION HIM BUT INSTEAD WAITED UNTIL THE CHILD WAS AT SCHOOL TO QUESTION HIM IN A OFFICE ALONE AVOIDING PARENTAL INTERFERENCE WHICH IS DUE PROCESS VIOLATION AND PREJUDICIAL ERROR AS WELL AS COERCIVE POLICE CONDUCT.

4) FAMILY CODE ANN.52.02(b) WAS VIOLATED WHEN THE APPLICANT WAS ILLEGALLY ARRESTED ON MARCH 3,1994 AT 1100 hours and HIS PARENTS WERE NOT NOTIFIED UNTIL 1607 hours WHICH IS A FIVE HOUR AND SEVEN MINUTE DELAY. THE STATUE STATES THAT A PARENT MUST BE TOLD PROMPTLY THAT THE CHILD HAS BEEN ARRESTED AND WHY WHICH THE OFFICERS FAILED TO DO.

5) THESE PARTICULAR VIOLATIONS RESULTED IN THE CHILD GIVING A STATEMENT THAT WAS USED AGAINST HIM IN TRIAL WHEN IN FACT THESE VIOLATIONS WARRANTS THE STATEMENT INADMISSIBLE.

6) THE OFFICIAL INVESTIGATING RECORD THAT IS PRESENTED IN THE APPLICANT'S APPLICATION WAS SEALED BY THE JUVENILE COURT AFTER THE APPLICANT WAS CERTIFIED. WHETHER THE STATE DISCLOSED THIS FAVORABLE EVIDENCE TO THE DEFENSE IS TO BE QUESTIONED AND REVIEWED DUE TO THE COURT APPOINTED COUNSEL CARY M.FADEN NEVER PRESENTING THE INVESTIGATING RECORD NOR THESE PARTICULAR ISSUES AND VIOLATIONS IN DISTRICT COURT WHICH COULD HAVE BEEN PROVEN BEYOND A REASONABLE DOUBT BY THE INVESTIGATING RECORD THAT WAS SEALED BY THE JUVENILE COURT. COUNSEL EITHER IGNORED AND NEGLECTED THE ISSUES AND VIOLATIONS OR THE STATE NEVER DISCLOSED THIS PARTICULAR EVIDENCE TO THE DEFENSE.

7) DUE TO APPLICANT'S DNA MOTION PENDING IN THE TRIAL COURT WHERE THE TRIAL JUDGE ISSUED ORDERS TO VARIOUS PARTIES FOR THE LOCATION FOR

-3-

EVIDENCE IN THIS CASE, WITH THE STATEMENT THAT WAS ILLEGALLY TAKEN, SECURED AND USED AGAINST THE APPLICANT WHICH THAT STATEMENT WAS OVER 90% OF THE APPLICANT'S CONVICTION, WITH THE APPLICANT PROVING THAT THE STATEMENT WAS ILLEGALLY TAKEN IN THIS APPLICATION, AND WITH THE STATE NOT BEING ABLE TO PRESENT THE EVIDENCE IN THIS CASE, SIMPLY ENTITLES THE APPLICANT TO RELIEF.

8) IN THE RESPONDENT'S INITIAL ANSWER LEDAY'S CASE WAS USED BY THE RESPONDENT TO SUPPORT REASON FOR WANTING TO BAR THE APPLICANT'S CLAIMS BY THE DOCTRINE OF LACHES, HOWEVER, THE APPLICANT USED THE LEDAY'S CASE IN SUPPORT OF THE APPLICANT NOT BEING ABLE TO PRESENT THESE CLAIMS YEARS AGO AND SHOWING THAT THE DeGarmo DOCTRINE STILL APPLIED IN THIS CASE THEREFORE SHOWING THAT THE LIMIT SET-OUT IN LEDAY DID NOT APPLY TO THE APPLICANT.

9) THE RESPONDENT STATED ON PAGE 17 OF HIS ANSWER: "...ANY ERROR COMMITTED BY THE POLICE WAS HARMLESS ERROR", WHICH IS NOT ACCEPTED OR JUSTIFIED IF POLICE ERROR IS PROVEN BEYOND REASONABLE DOUBT. STATE, FEDERAL, AND SUPREME COURT HAS AGREED THAT IF CONSTITUTIONAL RIGHTS AND SUBSTANTIAL RIGHTS ARE VIOLATED AND AFFECTED, THE INTEGRITY OF THE COURT AND JUSTICE SYSTEM WILL BE FAIR IN ITS JUDGEMENTS OF THE VIOLATIONS.

AGAIN, THE APPLICANT IS ONLY REQUESTING THIS HONORABLE COURT TO REVIEW THE INITIAL POLICE INVESTIGATION OF THIS CASE, BUT THE RESPONDENT IS HIGHLIGHTING THE PROOF OF GUILT WHEN THE APPLICANT IS NOT CONTESTING THAT BUT IS PRESENTING BY SHOWING THE COURT THAT THE INITIAL POLICE INVESTIGATION IN THIS CASE WHERE CONSTITUTIONAL RIGHTS AND SUBSTANTIAL RIGHTS WERE VIOLATED, RESULTING THAT THESE PLAIN ERRORS WERE PREJUDICIAL WITHOUT THE VIOLATIONS THAT OCCURRED IN THE INITIAL POLICE INVESTIGATION THE APPLICANT WOULD NOT HAVE BEEN CONVICTED DUE TO THE LACK OF EVIDENCE. THE APPLICANT IS OBJECTING TO THE RESPONDENT'S ORIGINAL ANSWER AS HE PRESENTS THESE PARTICULAR DESIGNATING ISSUES AND UNRESOLVED FACTS IN THIS CASE. THE RESPONDENT'S ORIGINAL ANSWER IS THE SAME EXACT ANSWER THE RESPONDENT SUBMITTED IN THE APPLICANT'S INITIAL APPLICATION.

HOWEVER, THIS APPLICATION PRESENTS NEW ISSUES, NEW FACTS, NEW LAW, NEW EVIDENCE, ALONG WITH NEW SUPPORTING STATE, FEDERAL, AND SUPREME COURT CASES, IN WHICH THE RESPONDENT FAIL TO ADDRESS BUT INSTEAD REQUESTING AND SUGGESTING THAT THE SAME COUNSEL WHO COMMITTED AGGRAVATED PERJURY IN THE INITIAL APPLICATION CAUSING IT TO BE RECONSIDERED, TO RESPOND TO THE CLAIMS IN THIS APPLICATION WHEN HIS CREDIBILITY HAS BEEN TAINTED WITH AGGRAVATED PERJURY WHICH IS WHY THE APPLICANT PRESENTED THE OFFICIAL RECORDS IN THIS CASE. THE APPLICANT HAS PROVEN BEYOND REASONABLE DOUBT THE CLAIMS AND ISSUES PRESENTED, HOW HE WAS HARMED BY THESE VIOLATIONS AND HOW THE OUTCOME WOULD HAVE BEEN DIFFERENT, IN WHICH IN THE INITIAL APPLICATION BEFORE RECONSIDER-ATION, APPLICANT FAILED TO DO, BUT SINCE THE APPLICATION WAS RECONSIDERED, THE APPLICANT MADE SURE TO PROVE BEYOND A REASONABLE DOUBT, HOW HE WAS HARMED BY THE VIOLATIONS, AND HOW THE OUTCOME OF THIS CASE WOULD HAVE BEEN DIFFERENT, BUT THE RESPONDENT OBVIOUSLY FAIL TO REVIEW THE APPLICATION SINCE THE RESPONDENT'S ANSWER IS PRIMARILY THE EXACT SMAE ANSWER SUBMITTED WHEN THE APPLICANT FILED HIS INITIAL APPLICATION FEBRUARY 10,2014.

<u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED, THE APPLICANT PRAYS THAT THIS HONORABLE COURT GRANT THIS MOTION OF PRESENTING THESE DESIGNATING ISSUES AS THE APPLICANT REQUEST THIS COURT TO ORDER THE RESPONDENT TO DIRECTLY ADDRESS THESE DESIGNATING ISSUES AND THE CLAIMS PRESENTED IN HIS APPLICATION , AS WELL AS PRAY THAT THIS HONORABLE COURT TAKES THIS OBJECTION INTO CONSIDERATION. OVER-ALL THE APPLICANT ONLY REQUEST THAT THE RESPONDENT'S ANSWER DIRECTLY ADDRESS THE INITIAL POLICE ERRORS AND VIOLATIONS THAT OCCURRED IN THE INVESTIGATION OF THIS CASE <u>26185</u>, NOT HOW GUILTY THE APPLICANT WAS PROVEN TO BE GUILTY IN TRIAL BUT THE

ERRORS AND VIOLATIONS THAT OCCURRED IN THE INITIAL POLICE INVESTIGATION IN THIS CASE.

EXECUTED ON THIS 26th day of AUGUST,2015.

RESPECTFULLY SUBMITTED,

JASON T. PEGUES #728196
APPLICANT:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

## CERTIFICATE OF SERVICE

I,JASON T. PEGUES #728196, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE APPLICANT'S OBJECTION AND PRESENTING DESIGNATING ISSUES HAS BEEN MAILED via U.S.POSTAL SERVICE TO THE DISTRICT CLERK, ANNIE REBECCA ELLIOTT, THE 240th JUDICIAL DISTRICT COURT IN FORT BEND COUNTY, TEXAS WHERE THE HONORABLE JUDGE THOMAS R.CULVER,III PRESIDES, FOR FILING AND PRESENTATION TO SAID COURT.

SIGNED ON THIS 26th day of AUGUST,2015.

JASON T. PEGUES #728196
815 12th STREET
HUNTSVILLE, TEXAS 77348

## INMATES DECLARATION

I, JASON T. PEGUES #728196, PRESENTLY INCARCERATED IN WALKER COUNTY, TEXAS HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE AFOREMENTIONED IN MY OBJECTION AND PRESENTATION IS TRUE AND CORRECT.

SIGNED ON THIS 26th, day of AUGUST,2015.

**FILED**

2015 AUG 28 PM 3: 02

CLERK DISTRICT COURT
FORT BEND CO. TX

JASON T. PEGUES #728196
815 12th STREET
HUNTSVILLE, TEXAS 77348

cc/file:

-6-

MR. JASON T. PEGUES #728196
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

NORTH HOUSTON TX 773

26 AUG 2015 PM 7 L

*LEGAL MAIL*

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY
DISTRICT CLERK
301 JACKSON
RICHMOND, TEXAS 77469

774693108 COOi

# ATTACHMENT

# "D"

# EXHIBIT

CAUSE NO. 94-DCR-026185



| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

### STATE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through its district attorney, files this State's Answer to Motion for Forensic DNA testing and would show the following:

1.  On July 20, 1994, Jason Tyrone Pegues (Movant) was found guilty of aggravated sexual assault of a child, and sentenced to 50 years in the Texas Department of Criminal Justice, Institutional Division. He has now filed a Motion for DNA testing.

2.  Pursuant to Tex. Code Crim. Proc. art. 64.02, the State not later than the 60th day after the date the motion is served on the attorney representing the state shall: (A) deliver the evidence to the court, along with a description of the condition of the evidence; or (B) explain in writing to the court why the state cannot deliver the evidence to the court.

3.  The State would respectfully request an extension of time to file its response.

4.  This is the State's first request for extension of time in this case.

5. The undersigned is one of three attorneys responsible for all appellate matters for the Fort Bend County District Attorney's Office and is involved in the preparation of other direct appeal briefs or post-conviction writs.

6. The State is in the process of obtaining affidavits regarding the location of the evidence to assist the Court in determining whether to order forensic DNA testing in this case.

7. A realistic time that the State believes it could have its response filed in the present case is June 29, 2015.

8. Therefore, the State would request an extension of time until June 29, 2015, to file its response. If there is any way to complete the State's response before that date, the State will forward its response to the Court as soon as it is completed.

9. This extension is not sought for the purpose of delay.

WHEREFORE, PREMISES CONSIDERED, the State prays that this Honorable Court grant this motion and extend the deadline for filing the State's response in this case to June 29, 2015.

Respectfully submitted,

JOHN J. HARRITY, III
ASST. DISTRICT ATTORNEY
Fort Bend County, Texas
State Bar Number 09133100
301 Jackson Street, Room 101
Richmond, Texas 77469
Phone: (281) 341-4460
Fax: (281) 238-3340
John.Harrity@fortbendcountytx.gov

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been sent to Jason Tyrone Pegues, Huntsville Unit, 815 12th Street, Huntsville, Texas 77348 on the date of the filing of the original with the Clerk of this Court.

_____
Mattie Sanford

## Certificate of Compliance with Texas Rule of Appellate Procedure 9.4(i)(3)

In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), I, John Harrity, hereby certify that the foregoing electronically created document has been reviewed by the word count function of the creating computer program, and has been found to be in compliance with the requisite word count requirement in that its word count with regard to those portions of the brief subject to the word count requirement is 556 words.

_____
John Harrity

CAUSE NO. 94-DCR-026185

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

## ORDER ON STATE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

On this date, the Court considered the State's Motion for Extension of Time to File its Response to Defendant's Motion for DNA Testing. After due consideration, the State's Motion is GRANTED. The deadline for the State's Response is now extended to the June 29, 2015.

Signed this _____ day of _____, 2015.

_____
Hon. Thomas R. Culver, III
Presiding Judge, 240th District Court

# ATTACHMENT

# "E"

# EXHIBIT





94-DCR-026185
ORDER
Order
3647054

## CAUSE NO. 94-DCR-026185

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT |

### ORDER ON STATE'S MOTION TO ENTER ORDERS SO THAT THE STATE MAY RESPOND TO THE DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

On this date, the Court considered the State's "Motion to Enter Orders so that the State may Respond to the Defendant's Motion for Forensic DNA Testing". In order for this Court to make the findings required by Tex. Code Crim. Proc. art. 64 this Court hereby ORDERS:

1. Former Assistant District Attorney, James Sidney Crowley is ORDERED to file an original and three copies of his affidavit within 30 days of this ORDER with the Fort Bend County District Clerk's Office specifically addressing his recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence in this case, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same;

2. Former Assistant District Attorney,Teana Watson is ORDERED to file an original and three copies of her affidavit within 30 days of this ORDER with the Fort Bend County District Clerk's Office specifically addressing her recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same.

3. Court Reporter Lorie Crawford is ORDERED to file an original and three copies of her affidavit within 30 days of this ORDER with the Fort Bend

ROUTED TO COURT    JUN 2 4 2015
RT'D TO D. CLERK    7H154

County District Clerk's Office specifically addressing her recollection, if any, regarding her receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

4. A representative from the Houston Police Department's Crime Laboratory is ORDERED within 45 days of this ORDER to file an original and three copies of his or her affidavit with the Fort Bend County District Clerk's Office specifically addressing their recollection, if any, in HPD Case # 140481893 or 140481893B and LAB#L94-159, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, the knife handle and telephone book along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial in 1995 to date.

Further a representative from the Houston Police Department's Crime Laboratory shall state in their affidavit: (1) Whether the evidence recovered in the case still exists; (2) If the evidence still exists, is it in a condition that makes DNA testing possible; (3) Whether the evidence has been subjected to a chain of custody sufficient to preclude the possibility of substitution, tampering, replacement, or material alterations; (4) whether the evidence in this case was previously subjected to DNA testing and (5) If the evidence was previously subjected to DNA testing, are there newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

In making this determination this Court ORDERS that a representative from the Houston Police Department's Crime Laboratory make necessary arrangements or seek further orders from this Court to have the evidence that is not presently in their possession delivered to their lab from anyone

currently in possession of the evidence.

If any evidence is missing or has been destroyed relating to the present case the affidavit shall state the date of destruction or an explanation on why the exhibits can no longer be located and the approximate date of their loss.

5. Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center is ORDERED within 45 days of this ORDER to the Fort Bend County District Clerk's Office specifically addressing their recollection, if any, in HPD Case # 140481893 or 140481893B and LAB#L94-159, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, the knife handle and telephone book along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

Further, Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center shall state in their affidavit(s): (1) Whether the evidence recovered in the case still exists; (2) If the evidence still exists, is it in a condition that makes DNA testing possible; (3) Whether the evidence has been subjected to a chain of custody sufficient to preclude the possibility of substitution, tampering, replacement, or material alterations; (4) whether the evidence in this case was previously subjected to DNA testing and (5) If the evidence was previously subjected to DNA testing, are there newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

In making this determination this Court ORDERS that Courtney Head, Martin Lopez, and/or a representative from the Houston Forensic Science Center make necessary arrangements or seek the assistance of the Fort Bend County District Attorney's Office to obtain additional orders from this Court to have the evidence that is not presently in their possession

delivered from anyone currently in possession of the evidence to their lab.

If any evidence is missing or has been destroyed relating to the present case the affidavit(s) from Courtney Head, or a representative from the Houston Forensic Science Center shall state the date of destruction or an explanation on why the exhibits can no longer be located and the approximate date of their loss.

6. A representative from the Fort Bend County District Clerk's Office is ORDERED to file an original and three copies of an affidavit specifically addressing regarding his recollection, if any, regarding their receipt, delivery, handling, chain of custody, maintenance, storage and condition of the evidence, including the blood and hair from the complainant and the defendant in this case, along with any records supporting the same and any policies regarding the destruction/disposal of said evidence between the time of the defendant's trial to date.

The affidavit shall also state whether any exhibits are missing or have been destroyed relating to the present case. If any of the above named items are missing or destroyed, to state the date of the loss or destruction.

It is further ORDERED that the affidavits ordered above should be **sufficiently detailed to allow this Court to make findings of fact.**

The Fort Bend County District Attorney's Office shall make copies of the court reporter's record and photocopies of the exhibits admitted during trial and the offense report available to any of the Affiants named above that have been ordered to provide affidavits upon their request for the same.

Upon receipt of these affidavits, the District Clerk shall immediately mail a copy to Applicant and the Appellate Division of the Fort Bend County District Attorney's Office.

The State will have 30 days following the date that it receives all of the

affidavits listed above or 60 days from the date of this order, whichever is later to: (A) deliver the evidence to the court, along with a description of the condition of the evidence; or (B) explain in writing to the Court why the state cannot deliver the evidence to the Court.

The clerk of the Court is ORDERED to send a copy of this order to Jason Tyrone Pegues and to the Appellate Division of the Fort Bend County District Attorney's Office.

Signed this 26 day of June, 2015.

Hon. Thomas R. Culver, III
Presiding Judge, 240th District Court

FILED

2015 JUN 24 PM 1: 47

CLERK DISTRICT COURT
FORT BEND CO. TX

# ATTACHMENT

# "F"

# EXHIBIT



ORDER

Appellate case name:    In re Jason T. Pegues

Appellate case number:   01-15-00535-CR

Trial court case number:  94-DCR-026185

Trial court:               240th District Court of Fort Bend County

The Court **REQUESTS** a response to the petition for writ of mandamus from the State of Texas. The response, if any, is due 30 days from the date of this order.

It is so ORDERED.


Judge's signature: ____/s/_Harvey Brown
                    X  Acting individually


Date: June 23, 2015



Court of Appeals, First District
301 Fannin Street
Houston, Texas 77002-2066

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002     $ 000.48⁰
02 1W
0001372104 JUN. 23 2015

C5-18

CASE NO. 01-15-00535-CR
JASON T. PEGUES
TDCJ# 00728196
HUNTSVILLE UNIT
815 12TH STREET
HUNTSVILLE, TX 77348

77348



**FIRST COURT OF APPEALS**
301 Fannin Street HOUSTON
Houston, Texas 77002-2066
TX 773

RE:  Case No. 201 315100155-CR

PMGL

Style:  In re Jason T. Pegues



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002  $ 000.34⁰
02 1W
0001372104 JUL. 23. 2015

The Real party in interest's response has been received and filed on the above date in the above referenced cause.


T. C. Case # 94-DCR-026185          Christopher A. Prine, Clerk of the Court

Jason T. Pegues
TDCJ# 00728196                    C.5-18
Huntsville Unit
815 12th Street
Huntsville, TX  77348

# ATTACHMENT

# "G"

# EXHIBIT

JASON T. PEGUES #728196          §          THE 240th DISTRICT COURT
PETITIONER                       §
                                 §
                                 §
                                 §
                                 §
                                 §
v.                               §              OF
                                 §
                                 §
                                 §
THE STATE OF TEXAS               §          FORT BEND COUNTY, TEXAS
RESPONDENT                       §
                                 §

### POST-CONVICTION FORMAL MOTION FOR
### FORENSIC DNA TESTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JASON T. PEGUES #728196, PETITIONER, Pro-se, IN THE
ABOVE STYLED AND NUMBERED CAUSE OF ACTION RESPECTFULLY SUBMIT THIS
POST-CONVICTION FORMAL MOTION FOR FORENSIC DNA TESTING, PURSUANT TO
THE PROVISIONS OF art. 64.01 (a),(b),(1),(B) OF VERNON'S ANN. TEXAS
CODE OF CRIMINAL PROCEDURE, AND WOULD LIKE TO SHOW THIS HONORABLE
COURT OF THE STATE OF TEXAS THE FOLLOWING:

### NATURE OF PROCEEDING

THIS IS A POST-CONVICTION FORMAL MOTION FOR FORENSIC DNA TESTING
PURSUANT TO THE PROVISIONS OF art. 64.01 (a),(b),(1),(B) OF VERNON'S
ANN. TEXAS CODE OF CRIMINAL PROCEDURE, ASKING THIS HONORABLE COURT TO
DETERMINE WHETHER THE EVIDENCE IS IN A CONDITION THAT MAKES DNA
TESTING POSSIBLE, AND WHETHER THE EVIDENCE HAS BEEN SUBJECTED TO A
PROPER CHAIN OF CUSTODY.

-1-

## PROCEDURAL HISTORY

THE OFFENSE FOR WHICH THE PETITIONER WAS TRIED OCCURRED ON
DECEMBER 28,1993. THE PETITIONER WAS SIXTEEN (16) YEARS OF AGE AT THE
TIME OF THE OFFENSE AND WAS CERTIFIED AS AN ADULT AT THE AGE OF
SEVEN-TEEN (17) ON SEPTEMBER 8,1994. THE PETITIONER WAS CONVICTED BY
JURY ON JULY 20,1995 FOR AGGRAVATED SEXUAL ASSAULT IN THIS HONORABLE
COURT AND SENTENCED TO FIFTY (50) YEARS IN PRISON.

## STATEMENT OF FACTS

THE INVESTIGATING/ARRESTING RECORD OF SAID CAUSE NUMBER 26185,
SPECIFICALLY ON PAGES 2.011,2.015, and 2.017, SHOWS THAT ON
JANUARY 3,1994, ALTHOUGH THERE WERE NO SUSPECTS, DNA WAS DETECTED
DURING THE VICTIM'S MEDICAL EXAMINATION, RECEIVED FROM CENTRALIZED
EVIDENCE, AND RETAINED AT THE LABORATORY FOR FURTHER ANALYSIS, (SEE
ATTACHMENT "A"), WHICH CONFIRMS THAT BIOLOGICAL MATERIAL SECURED BY
OFFICIALS EXISTED AND COULD BE SUBJECTED TO DNA TESTING. HOWEVER,
DURING THE PETITIONER'S TRIAL WHICH WAS APPROX. A YEAR AND A HALF LATER,
DNA WAS NOT ADMITTED INTO EVIDENCE. CONVICTING THE PETITIONER WAS
SECURED BY STATEMENTS, AND NOT BY DNA OR ANY KIND OF BIOLOGICAL
MATERIAL.

## REQUEST FOR JUDICIAL NOTICE

I, JASON T. PEGUES #728196, RESPECTFULLY REQUEST THAT THIS HONORABLE COURT TAKES JUDICIAL NOTICE PURSUANT TO TEXAS RULES OF EVIDENCE, RULE (201(d)), OF ALL THE FOLLOWING ISSUES AND EVIDENCE PRESENTED IN THIS MOTION.

## ISSUE PRESENTED

### I.

THROUGH RECENT ACQUIRE OF THE INVESTIGATING/ARRESTING RECORD IN REFERENCE TO CAUSE No.26185, A GOVERNMENTAL RECORD, STATING THAT DNA WAS DETECTED ON JANUARY 3,1994 AND THE PETITIONER BEING ARRESTED ON MARCH 3,1994, HAS REASONABLY PROVOKED THE FILING OF THIS MOTION.

INITIALLY THERE WERE NO SUSPECTS IN THIS CASE. ACCORDING TO THE INVESTIGATING/ARRESTING RECORD, THE PETITIONER WHO WAS A JUVENILE AT THE TIME, WAS CLASSIFIED AS ONLY A WITNESS. THE OFFENSE OCCURRED ON DECEMBER 28,1993 AND SIX (6) DAYS LATER, JANUARY 3,1994, THE RECORD SHOWS THAT DNA WAS DETECTED. THROUGH-OUT MONTHS OF VIOLATING THE JUVENILE'S DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION, QUESTIONING/INTERROGATING THE CHILD WITHOUT THE INFORMANCE, CONSENT, OR NOTIFICATION OF THE CHILD'S PARENT(s), COMMITTING PLAIN ERRORS THAT WERE PREJUDICIAL, AND VIOLATING FAMILY/ PARENTAL NOTIFICATION CODES AND REQUIREMENTS, NONE WAS BASED ON DNA.

THE PETITIONER'S "ARREST" HAD NOTHING TO DO WITH DNA OR ANY KIND OF PHYSICAL EVIDENCE. THE "ARREST" WAS BASED ON THE VIOLATIONS AND ERRORS MENTIONED ABOVE, NOT FROM CONFIRMATION OF DNA. THE PETITIONER'S CONVICTION WAS FOUNDATED, BUILT ON AND SECURED BY AN ILLEGAL TAKEN STATEMENT, VIOLATING VERNON'S ANN. TEXAS CODE OF CRIMINAL PROCEDURE 38.23.(O'NEAL v. McANINCH, 513 U.S. 432 at III 995).

### II.

WITH THE INVESTIGATING RECORD SHOWING THAT DNA WAS DETECTED ON JANUARY 3,1994, PETITIONER'S TRIAL DID NOT OCCUR UNTIL AROUND JULY 20,1995. THERE WAS NO DNA ADMITTED INTO EVIDENCE AT TRIAL CONFIRMING THE PETITIONER AS THE PERPETRATOR. DUE TO THE ILLEGAL TAKEN STATEMENT/CONFESSION BEING ADMITTED INTO EVIDENCE ALONG WITH THE

-4-

JUDICIAL CONFESSION UPON THE PETITIONER TAKING THE STAND DURING THE PUNISHMENT PHASE OF TRIAL, THE BELIEF IS TO BE FALSE OF DNA CONFIRMING THE PETITIONER AS THE PERPETRATOR, AND WHICH IS ALSO REASONABLE FOR FILING THIS MOTION, (SMITH v. STATE 165 S.W.3d 361 (CR.APP.2005). THE PETITIONER PLEADED NOT GUILTY. IF THERE WOULD HAVE BEEN DNA CONFIRMING THE PETITIONER AS THE PERPETRATOR, THE PETITIONER WOULD NOT HAVE PLEADED NOT GUILTY.

### III.

DUE TO THE ILLEGAL TAKEN STATEMENT BEING ADMITTED INTO EVIDENCE, THE PETITIONER FELT THE NEED TO TESTIFY, ATTEMPTING TO OVER-COME THE IMPACT THE ILLEGAL TAKEN STATEMENT HAD ON THE JURY. ONCE THE PETITIONER TOOK THE STAND [HIS DECISION TO TESTIFY WAS NOT "VOLUNTARY", SEE:(LEDAY v. STATE 983 S.W.2d, at 723 and at 728] ], HIM TAKING THE STAND OFFICIALLY PLACED HIM UNDER THE DeGarmo DOCTRINE. AFTER WHICH, THE STATE INCLUDED VARIOUS FALSE ALLEGATIONS FOR SLANDERING PURPOSES, MAKING THOSE FALSE ALLEGATIONS A PART OF THE RECORD, WHICH WERE PROTECTED BY THE DeGarmo DOCTRINE. HOWEVER, ON FEBRUARY 6,2013, THE COURT OF CRIMINAL APPEALS **COMPLETELY OVERRULED** THE DeGarmo DOCTRINE (SEE: JACOBSON v. STATE, 398 S.W.3d 195), AND IS TO BE APPLIED RETROACTIVELY ACCORDING TO WEST'S TEXAS DIGEST 2d [100(1)COURTS]. ULTIMATELY AND OVER-ALL, IF THE ILLEGAL TAKEN STATEMENT WOULD NOT HAVE BEEN ADMITTED INTO EVIDENCE, THE STATE WOULD NOT HAVE HAD ANY EVIDENCE/BIOLOGICAL MATERIAL TO CONVICT THE PETITIONER. DUE TO THE INVESTIGATING/ARRESTING RECORD SHOWING THAT DNA WAS DETECTED ON JANUARY 3,1994 AND ��THE STATE RESPONDING IN RECENT PROCEEDDINGS THAT DNA TESTING CONFIRMED THE PETITIONER AS THE PERPETRATOR, YET IN TRIAL WAS NOT INTRODUCED AND ADMITTED INTO EVIDENCE, IT IS REASONABLE TO

SAY THAT THE SHOWING OF DNA BEING DETECTED IS FALSE AND UNTRUE, WHICH IS A VIOLATION OF PENAL CODE 37.09 (a)(1)(2), PENAL CODE 37.10, PENAL CODE 37.02 and 37.03.

IV.

THE VARIETY OF ERRORS AND VIOLATIONS PROVEN BEYOND A REASONABLE DOUBT BY WAY OF THE INVESTIGATING/ARRESTING RECORD, THE RECORD SHOWING THAT DNA BEING DETECTED IS THERE ONLY AS AN "INVISIBLE CRUTCH" FOR THE STATE JUST IN CASE THE ILLEGAL TAKEN STATEMENT(s) WERE SUBSEQUENTAL INADMISSIBLE, VIOLATING PENAL CODE 37.09 (a)(1)(2), PENAL CODE 37.10, PENAL CODE37.02 and PENAL CODE 37.03. THE TEXAS CODE OF CRIMINAL PROCEDURE 38.23 PROHIBITS THE ADMISSION OF ANY EVIDENCE OBTAINED IN VIOLATION OF TEXAS PENAL LAWS RELATED TO GATHERING, CREATING, OR DESTROYING EVIDENCE. 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE INCLUDES EVIDENCE THAT IS OBTAINED IN VIOLATION OF TEXAS LAW AS WELL AS THAT OBTAINED IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTION. (SEE: WILSON v. STATE 311 S.W.3d at 458-59).

## REQUEST FOR RELIEF

DUE TO THE PETITIONER'S INVESTIGATING/ARRESTING RECORD, A GOVERNMENTAL RECORD, STATING THAT DNA WAS DETECTED ON JANUARY 3,1994, AND WITH THE STATE AS WELL AS THE PETITIONER'S COURT APPOINTED COUNSEL STATING IN RECENT RESPONSES AND AFFIDAVITS IN OTHER PROCEEDINGS IN REFERENCE TO THIS CASE CAUSE 26185, THE PETITIONER IS ASKING THIS HONORABLE COURT TO DETERMINE WHETHER THE EVIDENCE IS IN A CONDITION THAT MAKES DNA TESTING POSSIBLE. IF SO, THE PETITIONER IS REQUESTING FOR THE DNA TO BE TESTED. IF THE TEST DOES NOT CONFIRM THE PETITIONER AS BEING THE PERPETRATOR, THE PETITIONER REQUEST THAT HE

-6-

BE IMMEDIATELY RELEASED FROM THE STATE'S CUSTODY OF THE TEXAS DEPARTMENT OF CORRECTIONS. IF THE EVIDENCE OF DNA CAN-NOT BE LOCATED DUE TO "MIS-PLACEMENT" OR BEING DESTROYED, THE PETITIONER REQUEST THAT HE BE RELEASED FROM THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE SYSTEM IMMEDIATELY DUE TO THE VIOLATING OF PENAL CODES 37.09 (a)(1)(2), PENAL CODE 37.10, PENAL CODE 37.02 and 37.03. UPON RELEASE, THE PETITIONER ALSO REQUEST THAT HIS ENTIRE SENTENCE BE VACATED ALONG WITH THE OFFENSE IN WHICH HE WAS CONVICTED OF.

EXECUTED ON _____.

RESPECTFULLY SUBMITTED,

JASON T. PEGUES #728196
PETITIONER:
HUNTSVILLE UNIT
815 12th STREET
HUNTSVILLE, TEXAS 77348

cc/file:

-7-

# THE STATE OF TEXAS

§

§

§

## AFFIDAVIT

I, JASON T. PEGUES #728196, DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS STATED AND SHOWN IN SUPPORT OF THIS MOTION BY WAY OF THE INVESTIGATING/ARRESTING RECORD ARE TRUE AND CORRECT, AND I HEREBY SWEAR TO THESE FACTS.

THE PETITIONER WAS CONVICTED AND SENTENCED FOR AGGRAVATED SEXUAL ASSAULT. THE INVESTIGATING/ARRESTING RECORD OF THIS CASE 26185 STATES THAT DNA WAS DETECTED ON JANUARY 3,1994 ALTHOUGH THERE WERE NO SUSPECTS AT THE TIME OF DNA BEING DETECTED. THE PETITIONER WAS NOT ARRESTED UNTIL MARCH 3,1994, AND IT WAS NOT BECAUSE OF DNA OR ANY KIND OF PHYSICAL EVIDENCE/BIOLOGICAL MATERIAL TO THE PETITIONER'S RECOLLECTION, DNA WAS NOT ADMITTED INTO EVIDENCE NOR INTRODUCED AT TRIAL, AND DUE TO RECENT STATEMENTS IN RESPONSES AND AFFIDAVITS BY THE STATE @THAT DNA WAS TESTED, CONFIRMING THE PETITIONER AS THE PERPETRATOR, AS WELL AS THE RECORD SHOWING THAT DNA WAS DETECTED, THE PETITIONER IS ASKING THIS HONORABLE COURT TO DEMAND THE STATE TO PRESENT THIS DNA AND TEST IT.

EXECUTED ON: _____.

RESPECTFULLY SUBMITTED,

_____
JASON T. PEGUES #728196
PETITIONER:

x/file: ^

-8-

## PRAYER

WHEREFORE PREMISES CONSIDERED, PETITIONER, <u>JASON T. PEGUES #728196</u>, RESPECTFULLY PRAYS THAT THIS HONORABLE COURT TAKE INTO CONSIDERATION ALL OF THE FACTS IN THIS MOTION AND GRANT THIS POST-CONVICTION FORMAL MOTION FOR FORENSIC DNA TESTING.

EXECUTED ON THIS ____ day of _____,2015.

RESPECTFULLY SUBMITTED,

_____
JASON T. PEGUES #728196
PETITIONER:

## CERTIFICATE OF SERVICE

I, <u>JASON T. PEGUES #728196</u>, THE PETITIONER, BEING PRESENTLY CONFINED IN WALKER COUNTY, TEXAS, DO HEREBY AFFIRM THAT I HAVE DELIVERED THE ORIGINAL OF THIS POST-CONVICTION FORMAL MOTION FOR FORENSIC DNA TESTING TO THE PRISON MAILROOM OFFICIALS FOR DELIVERY TO THE FOLLOWING via U.S. POSTAL SERVICE:

THE DISTRICT CLERK, ANNIE REBECCA ELLIOTT: OF FORT BEND COUNTY
240th JUDICIAL DISTRICT COURT
HONORABLE JUDGE THOMAS R. CULVER III
301 JACKSON STREET, RICHMOND TEXAS 77046

SIGNED ON _____

_____
SIGNATURE OF PETITIONER
JASON T. PEGUES #728196
PETITIONER:

## INMATE DECLARATION

I, <u>JASON T. PEGUES #728196</u>, PRESENTLY INCARCERATED IN WALKER COUNTY, TEXAS, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE MENTIONED IN MY POST-CONVICTION FORMAL MOTION FOR FORENSIC DNA TESTING IS TRUE AND CORRECT.

SIGNED ON THIS ____ day of _____,2015.

_____
JASON T. PEGUES #728196
PETITIONER:

-9-

# ATTACHMENT

# "H"

# EXHIBIT

# FindLaw. FOR LEGAL PROFESSIONALS

## Court of Appeals of Texas, Houston (1st Dist.).

# PEGUES v. STATE

**Jason Tyrone PEGUES, Appellant, v. The STATE of Texas, Appellee.**

**No. 01-95-01008-CR.**

**-- December 18, 1997**

Before SCHNEIDER, C.J., and O'CONNOR and MARGARET GARNER MIRABAL, JJ.

Cary M. Faden, Sugarland, for Appellant. John F. Healey, Jr., John H. Harrity, III, Richmond, for Appellee.

OPINION ON MOTION FOR REHEARING

We overrule the appellant's motion for rehearing, withdraw our previous opinion, and substitute this in its stead.

Jason Tyrone Pegues, the appellant, was found guilty by a jury of the offense of aggravated sexual assault. Punishment was assessed at 50 years in prison. On appeal, the appellant argues the trial court erred in (1) not entering written findings of fact and conclusions of law on the voluntariness and legality of his confession and (2) overruling his motion to suppress his confession. We affirm.

Background

The offense for which the appellant was tried occurred on December 28, 1993. On March 3, 1994, Officer Anderson went to Willowridge High School to arrest the appellant. After the arrest, Anderson transported the appellant to the command station in downtown Houston and brought him before Judge John Joneitz, a magistrate judge who administers statutory warnings to juveniles. Judge Joneitz administered the statutory warnings to the appellant.

Afterwards, the appellant was placed in a holding cell at the downtown command station,

which had been designated as a juvenile holding facility by the juvenile boards of Harris and Fort Bend Counties. Anderson typed the appellant's statement as he stated it to her. After Anderson typed the appellant's statement, she gave him the opportunity to correct it. Anderson then took the appellant back to Judge Joneitz's chambers, where Judge Joneitz privately asked the appellant to read the statement back to him. Judge Joneitz asked the appellant some questions that were designed to enable him to determine if the statement was given freely and voluntarily. Judge Joneitz determined the appellant gave the statement freely and voluntarily and certified that the appellant signed the statement in Judge Joneitz's presence.

After conducting a pretrial hearing on the voluntariness of the appellant's statement or confession, the trial court denied the appellant's motion to suppress his confession. The appellant re-urged his objection to the admission of the confession at trial, but the trial court overruled it and admitted the confession into evidence.

The appellant testified during the punishment phase of the trial. When asked of his feelings about the events that took place on December 28, 1994, the appellant said he was sorry. He said he regretted what had happened to the complainant and assumed full responsibility, saying he had just made a mistake. He said he had been attending a rehabilitation program that involved therapy for sexual offenders. On cross-examination, the prosecutor elicited the following testimony from the appellant:

Q   (by Crowley): In fact, Mr. Pegues, I would suggest that you're not sorry at all for raping [the complainant]; but you're very sorry that you're looking to go to the penitentiary, aren't you?

A   (by the appellant): No, sir. I'm sorry of the fact that I did something like that.

Motion to Suppress the Confession

In point of error two, the appellant claims his confession was taken in violation of Tex.Fam.Code § 52.02.1

Relying on the DeGarmo doctrine, in our original opinion we held the appellant waived this complaint because he admitted he committed the offense during the punishment phase of the trial. DeGarmo v. State, 691 S.W.2d 657, 660-61 (Tex.Crim.App.1985). In his motion for rehearing, the appellant argues we took his statement at the punishment phase out of context and that it was not an unequivocal confession. He argues DeGarmo should not apply here. We disagree.

The DeGarmo doctrine provides that, if during the punishment phase, a defendant confesses to all the elements of the crime for which he has been found guilty, he waives any error that might have occurred during the guilt stage of the trial. Id.; Deleon v. State, 925 S.W.2d 295, 296 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

The appellant, responding to a question clearly referring to the rape, expressed remorse for raping the complainant. His confession, which he claims should not have been admitted, also stated he raped the complainant. Neither statement admitted to using a knife during the attack. Thus, the appellant's statement at the punishment phase did not confess to all the elements of aggravated sexual assault. The DeGarmo doctrine does not apply squarely to this case but its rationale does.

The DeGarmo doctrine has been called a common-sense rule of procedure. See McGlothlin v. State, 896 S.W.2d 183, 187 (Tex.Crim.App.1995). This is so because a defendant who complains of the improper admission of evidence, a trial error, would at most be granted a new trial. Id. at 188. Upon retrial, the defendant's judicial confession to all the elements of the offense would be admissible. See Tex.R.Crim.P. art. 38.22, § 5 (1979). Therefore, a new trial would be pointless, as the trier of fact would hear the defendant's confession to the offense.

The same reasoning applies in this case. Here, the appellant did not admit to all the elements of aggravated sexual assault, and so did not waive all error occurring during the guilt phase. However, his judicial confession to the rape matched the confession he argues was erroneously admitted. The DeGarmo reasoning applies here. Assuming the confession was erroneously admitted and the appellant was granted a new trial, his judicial confession, that he was sorry he committed the rape, would be admissible at the new trial.

We conclude the appellant's admission during the punishment phase waived any error that may have occurred concerning the admission of his confession at the guilt phase of the trial.

We overrule point of error two.

## Failure to Enter Findings

In point of error one, the appellant argues the trial court erred in not entering findings of fact and conclusions of law regarding the confession's voluntariness. As stated above, the appellant waived any error that may have occurred with regard to the admission of the confession. This includes the entering of findings of fact and conclusions of law following a hearing on voluntariness.

We overrule point of error one.

We affirm the judgment of the trial court.

## FOOTNOTES

1. Section 52.02 provides in pertinent part:(a) A person taking a child into custody, without unnecessary delay and without first taking the child to any place other than a juvenile processing office designated under Section 52.025 of this code, shall do one of the following: * * * * * *(2) bring the child before the office or

official designated by the juvenile court if there is probable cause to believe that the child engaged in delinquent conduct or conduct indicating a need for supervision; [or](3) bring the child to a detention facility designated by the juvenile court. Tex.Fam.Code § 52.02(a) (1996).

O'CONNOR, Justice.

Copyright © 2013 FindLaw, a Thomson Reuters business. All rights reserved.

# ATTACHMENT

# "I"

# EXHIBIT

THE STATE OF TEXAS

V.

JASON TYRONE PEGUES

| | |
|---|---|
| D.O.B.: 01/21/71 | SPN NO.: 39594 |
| PRESENT CHARGE: AGGRAVATED SEXUAL ASSAULT | DA INTAKE NO.: 94273003 |
| CAUSE NO: 26,185 | ARREST DATE: 09/08/94 |
| DISTRICT COURT NO: 240 | DATE OF OFFENSE: December 28, 1993 |
| AGENCY: HPD | AGENCY NO.: 140481893B |
| BAIL AMOUNT: 25,000 | PRIOR CAUSE #: |
| RELATED CASES: ATT/CAP, MURDER, BURGLARY OF HAB | CO-DEF: |

G.J. WITNESSES:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Fort Bend County, Texas, presents in the District Court of Fort Bend County, Texas, that in Fort Bend County, Texas, JASON TYRONE PEGUES , hereafter styled the Defendant, heretofore on or about December 28, 1993, did

## PARAGRAPH A

then and there intentionally and knowingly cause the penetration of the female sexual organ of Martha Singleton by defendant's sexual organ, without the consent of Martha Singleton, and the defendant did then and there by acts and words threaten and place Martha Singleton in fear that death AND serious bodily injury would be imminently inflicted on Martha Singleton, and said acts and words occurred in the presence of Martha Singleton.

## PARAGRAPH B

then and there intentionally and knowingly cause the penetration of the female sexual organ of Martha Singleton by defendant's sexual organ, without the consent of Martha Singleton, and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, to-wit: a knife.

## PARAGRAPH C

then and there intentionally and knowingly cause the penetration of the mouth of Martha Singleton by the defendant's sexual organ, without the consent of Martha Singleton, and the defendant did then and there by acts and words threaten and place Martha Singleton in fear that "death" AND "serious bodily injury" would be imminently inflicted on Martha Singleton and said acts and words occurred in the presence of Martha Singleton.

## PARAGRAPH D

then and there intentionally and knowingly cause the penetration of the mouth of Martha Singleton by the defendant's sexual organ, without the consent of Martha Singleton, and in the course of the same criminal episode the defendant used and exhibited a deadly weapon, to-wit: a knife.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
FOREMAN OF THE GRAND JURY

INDICTMENT (ORIGINAL/DA)

FILED

94 NOV 28 PM 12: 22

CLERK DISTRICT COURT
FT. BEND CO. TX.

WARRANT INFORMATION SHEET

CAUSE # 26 185

ARRESTING AGENCY Houston Police Department AGENCY # 14049189358

SPN # OFFENSE DATE:

ARRESTED FOR THIS CHARGE? YES/NO; IN JAIL ON ANOTHER CHARGE:

DEFENDANT'S NAME: Jason Ravis

RACE: B SEX: M DATE OF BIRTH: 12-31-77

COMPLEXION: DRK HEIGHT: 5'6 WEIGHT: 175 HAIR: BLK EYES: Brown

DL #:

S.S. #:

ADDRESS: 15602 Whirlwind CITY: HOUSE

STATE: TX ZIP: 77053

HOME PHONE: 438-8836 WORK PHONE: Student - Willowridge

PAGER/OTHER: DEFENDANT ALIAS NAMES:

VICTIM'S NAME: Marthie Singleton

RACE: B SEX: F DATE OF BIRTH: DL #:

S.S. #:

ADDRESS: 6919 Broadway CITY: Shreveport

STATE LA ZIP: 71109

HOME PHONE: (318) 636-2543 WORK PHONE:

PAGER/OTHER:

CHARGE: Attempted Capital Murder

PUNISHMENT CLASS: 1ST DEGREE - 2ND DEGREE - 3RD DEGREE; CLASS A - CLASS B; PENAL #:

RELATED CHARGES: Aggravated Sexual Assault / Burglary of Habitat

CO-DEFENDANTS:

ARRESTING OFFICER: Sherrie J. Anderson emp # 067721

AGENCY: HPD WORK PHONE: 731-5458

INVESTIGATING OFFICER/DETECTIVE: "Same"

AGENCY: WORK PHONE: 731-5487

WITNESS:

ADDRESS: CITY:

STATE: ZIP:

HOME PHONE: WORK PHONE:

WITNESS:

ADDRESS: CITY:

STATE: ZIP:

HOME PHONE: WORK PHONE:

PCT. #: OFFENSE TIME: VIOLENCE INVOLVED: YES/NO

DOMESTIC VIOLENCE: YES/NO AUTOMOTIVE ACCIDENT INVOLVED: YES/NO

DRUGS/ALCOHOL INVOLVED: YES/NO VIDEO TAKEN: YES/NO BREATH TEST: YES/NO

BLOOD TEST: YES/NO BLOOD ALCOHOL CONTENT: WEAPON INVOLVED: YES/NO

TYPE: PROPERTY DAMAGE: YES/NO SCHOOL: YES/NO

NAME OF SCHOOL:

NAME OF GANG: GANG INVOLVED: YES/NO

CRIME ADDRESS:

CITY:

KEY MAP LOCATION: 571X Fort Bend WAS VICTIM AT: HOME - WORK - AWAY STATE: ZIP:

PAGE 3 (look on back)

AS PER ORIGINAL

ID: 94-02583       INMATE INQUIRY       ESP=04

ADDRESS: 15607 WINTERBRIAR
MO. CITY. TX.

RACE: B   SEX: M   HT: 506   WT: 160   EYES: BRN   HAIR: BLK   DOB: 01/27/197
DL#       SS#       AKA1 1PEGUES.JASON TYRO!
ARREST DATE: 09/08/1994     TIME: 09:26       AKA2 2PEGUES.JASON TYRO!
ARRESTING AGENCY: SO      RELS DATE: / /      AKA3 3PEGUES.JASON TYRO!
FINGERPRINT CLASS: 1)            2)

*HPD   officer - S.E. Anderson*

CHARGES:
001 OFF: ATT. CAPITAL MURDER F-1       DT: 09/08/1994 STATUS: A
    DISP:                           BOND: 45.000
    COMMENTS:                     CASE#:
002 OFF: AGG. SEXUAL ASSAULT F-1       DT: 09/08/1994 STATUS: A
    DISP:                           BOND: 10.000
    COMMENTS:                     CASE#:
003 OFF: BURGLARY OF HABITATION       DT: 09/08/1994 STATUS: A
    DISP:                           BOND: 10.000
    COMMENTS:                     CASE#:
    PF11 = RETURN TO MAIN MENU      PA2 = EXIT THE SYSTEM
    PF1   = RETURN TO BROWSE
**************************** OPERATOR MESSAGES ****************************
END OF CHARGE RECORDS FOR THIS INMATE

*Date of offense*
*12-28-93*

*Juvenile - certified as
an adult on 9/8/94*

PAGE 5

J9403028

AS PER ORIGINAL

NAME:    LAST: PEGUES              FIRST: JASON          MIDDLE: TYRONE
         DOB: 01/27/77     RACE: B      SEX: M      HISPANIC: N    AGE:

ADDRESS:  16607 WINTERBRIAR    HOUSTON,TX    77489- 571X

SCHOOL: WILLOWRIDGE              GRADE: 10    ALIAS:

DESCRIPTION       HEIGHT: 506        WEIGHT: 175       HAIR: BLK       EYE: E
                  PHYSICAL-ODDITIES:                           PRINTB:
----------------------------------------------------------------------------
              PERSON / LOCATION                   DATE    TIME    OFFICER
RECEIVED: JUVENILE DIVISION                     03/03/94 1100 ANDERSON,SJ
NOTIFIED: PEGUES,WILLIAM FATHER                 03/03/94 1607 ANDERSON,SJ
RELEASED: JUVENILE DIVISION                     03/03/94 1700 ANDERSON,SJ
----------------------------------------------------------------------------
RELATIVE: 01 NAME: PEGUES,WILLIAM            RELATION: FATHER      CUSTODY:
  ADDRESS: 16607 WINTERBRIAR    HOUSTON,TX
    PHONE:                 HOME#: 713-438-8830       BUSINESS#:    -   -


ARREST LOCATION: 16301 CHIMNEY ROCK    HOUSTON,TX
  BY: ANDERSON,SJ #067721                           DATE: 03/03/94 TIME:
----------------------------------------------------------------------------
OFFENSE:  SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMEN DATE: 12/28/93 TIME:
LOCATION: 15603 WINTER BRIAR    KMAP-571X HOUSTON, FORT BEND
----------------------------------------------------------------------------
COMPLAINANT #1: SINGLETON,MARTHA                   RACE: B   SEX: F  AGE:
  ADDRESS: 6919 BROADWAY;SHEVEPORT,LA 71109
    PHONE:              HOME#: 318-636-2543    BUSINESS#:    -    -    EXT-

----------------------------------------------------------------------------
FINAL OFFENSE #1: AGG SEX ASSLT CHILD        DEGREE: F1  REFERRAL: JUVENILE PRO


------------------- SUMMARY  (BRIEF DESCRIPTION) ----------------------

. COMP WAS SEXUALLY ASSAULTED AT 15603 WINTERBRIAR BY B/M WITH A KNIFE.

COPY

HARRIS COUNTY

MAR 04 1994

JUVENILE PROBATION
FBCJPD

JUVENILE OFFICER            DATE-ASSIGNED         INCIDENT-DISPOSITION
ANDERSON SHERRIE J #067721     12/29/93                CLEARED

PAGE 4

HOUSTON POLICE DEPARTMENT
CURRENT INFORMATION REPORT   Incident no. 140481893 B

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
Premises- RESIDENCE (PRIVATE)          Weather- CLOUDY          AS PER ORIGINAL

Location: 15 at no- 015603   Name- WINTER BRIAR
    City-HOUSTON          County-FORT BEND          Kmap-571X Dist-16 Beat-16E4C
Neighborhood-code-00072 Desc-CHASEWOOD,WILLOWPARK,BRIARGATE,FOXMEADOWS,QUAILRUN

Begin date- TU 12/28/93 Time- 1200   End date-        / /   Time-
Received/Employee: Name-LAPTOP          No.-000000 Date-12/28/93 Time-1714
Gang crime related-N          Hate crime related-N
-------------------------------------------------------------------------------

## COMPLAINANT(S)

No-01 Name: Last-SINGLETON          First-MARTHA          Middle-
    Race-B Sex-F Age-15 Hispanic-N
    Address-6919 BROADWAY;SHEVEPORT,LA 71109
    Phone: Home-(318) 636-2543 Business-(713) 000-0000 Ext-
                                        SOCIAL SECURITY-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
    Driver license#-
    Force used against complainant- Y          DOB- 01/30/78
    Relation to susp-UNKNOWN IF RELATED OF SUSP#01
    Relation to #(01) Suspect-UNKNOWN
    Injured: Taken to-WESTBURY HOSPITAL          By-A-48
    Condition-POSSIBLE INTERNAL INJURY
-------------------------------------------------------------------------------

## WITNESS(S)

No-01 Name: Last-PEGUES          First-JASON          Middle-
    Race-B Sex-M Age-16 Hispanic-N
    Address-15607 WINTERBRIAR;MISSOURI CITY,TX
    Phone: Home-(713) 438-8830 Business-(713) 000-0000 Ext-
    Driver license#-16224740
    Force used against complainant- N          DOB- 01/27/77
-------------------------------------------------------------------------------

## REPORTEE(S)

NONE

EVIDENCE/PROPERTY RECOVERED:

CSU 8 J.L.KAY TOOK PICTURES WITH A ROLL OF FILM AND ALSO WILL PRINT THE
KNIFE HANDLE AND TELEPHONE BOOK.

```
     SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER   VER-2.07
  ***********************************************************************
  *    ENTRY DEVICE: ZENITH 286 109430                                 *
  *   .ENTRY FROM DATE-122893 TIME-1701   TO  DATE-122893 TIME-1810    *
  *    TRANSFER DEVICE: AST BRAVO 386SX/20 106088 X33                  *
  *    TRANSFER DATE-122893 TIME-1714    LOAD DATE-122893 TIME-1718    *
  *    LOCATION OF OFFENSE: POLICE DISTRICT-DISTRICT 16      DIST-16   *
  ***********************************************************************
```

---

SUPPLEMENT(S)

---

No-0001

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                              Street location information
                                              Type-          Suffix-
Number-     15603 Name-WINTER BRIAR              Type-         Suffix-
Apt no-     Name-15603                           Date of supplement-12/28/93
Date of offense-12/28/93         First-MARTHA      Middle-
Compl(s) Last-SINGLETON
                          Recovered stolen vehicles information
                                              District-      Beat-    00
 Recovery location-
 Stored-                          by-
 Officer1-EM JOHNSON          Emp#-093807 Shift-2 Div/Station-SW-PAT#4
 Officer2-CM GAINER           Emp#-087297 Shift-2
 Caller'S name-NORMA                      Phone# (713) 729-1111 Ext-0000

                          SUPPLEMENT NARRATIVE

INTRODUCTION:
OFFICERS JOHNSON AND GAINER. RIDING 15E35E AT 1659 HRS. WERE DISPATCHED TO 55E
GASMER ON A HOSPITAL CHECK. OFFICERS ARRIVED AT 1711 HRS AND OBSERVED THE
LOCATION TO BE WESTBURY HOSPITAL.

OFFICERS ACTIONS:
OFFICERS TOOK CUSTODY OF THE SEXUAL ASSAULT KIT AND COMP'S CLOTHING AT 1715

HRS. FROM NURSE NORMA ROVANZO. OFFICERS ALSO SPOKE WITH THE COMP AND ADVISED
HER THAT SHE NEEDED TO CONTACT THE SEX CRIMES DIVISION TO SET UP AN APPOINTMEN
TO GIVE A STATEMENT. OFFICERS LEFT THE PHONE NUMBER OF SEX CRIMES WITH THE
COMP. OFFICERS MAINTAINED CARE, CUSTODY, AND CONTROL OF THE EVIDENCE UNTIL
TAGGED AT THE CENTRAL PROPERTY ROOM. OFFICERS THEN MADE THIS SUPPLEMENT.

```
        SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-2.07
        ***********************************************************************
        *   ENTRY DEVICE: ZENITH 286 109819                                  *
        *   ENTRY FROM DATE-122893 TIME-1821   TO   DATE-122893 TIME-1832    *
        *   TRANSFER DEVICE: AST BRAVO 386SX/20 106094 X34                   *
        *   TRANSFER DATE-122893 TIME-2219   LOAD DATE-122893 TIME-2221      *
        *   LOCATION OF OFFENSE: POLICE DISTRICT-DISTRICT 15      DIST-15    *
        ***********************************************************************
```

Supplement entered by - 93807
Report reviewed by-PAT                      Employee number-080342

-------------------------------------------------------------------------------

No-0002

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                         Street location information
Number-     15603 Name-WINTER BRIAR              Type-        Suffix-
Apt no-       Name-15603                         Type-        Suffix-
Date of offense-12/28/93              Date of supplement-12/29/93
Compl(s) Last-SINGLETON        First-MARTHA        Middle-
          Last-
          -            Recovered stolen vehicles information
 Stored-                        by-                    Php- (000) 000-0000
Officer1-S.J. ANDERSON          Emp#-067721 Shift-1 Div/Station-JUV

                         SUPPLEMENT NARRATIVE

THE STATE OF TEXAS                              INCIDENT NO: 140481893
COUNTY OF HARRIS
                              STATEMENT
BEFORE ME, THE UNDERSIGNED AUTHORITY, ON DECEMBER 29TH, 1993, AT 1350 HOURS
PERSONALLY APPEARED MARTHA SINGLETON, WHO, AFTER BEING DULY SWORN,
UPON OATH DEPOSES AND STATES:

MY NAME IS MARTHA SINGLETON; I AM 15 YEARS OF AGE, HAVING
BEEN BORN ON 01/30/78. MY HOME ADDRESS IS 6919 BROADWAY, SHREVEPORT, LA 71109.
WHERE I LIVE WITH DEBRA SINGLETON, WHO IS MY MOTHER, HER PHONE IS (318) 636-25
I GO TO SEABURG HIGH SCHOOL WHERE I AM IN THE TENTH GRADE.

I LIVE WITH MY MOTHER AND MY TWELVE YEAR OLD BROTHER, BRANDON SINGLETON. BRAND

GOES TO BETHUNE MIDDLE SCHOOL IN LOUISIANA WHERE HE IS IN THE SEVENTH GRADE. MY PARENTS HAVE BEEN DIVORCED FOR ABOUT SIX OR SEVEN YEARS NOW. MY FATHER, ARTHUR SINGLETON, LIVES AT 15611 WINTERBRIAR, MISOURI CITY, TEXAS. MY BROTHER AND I CAME, THE SUNDAY AFTER CHRISTMAS, TO VISIT OUR FATHER IN TEXAS. IT WAS ON 12-26-93, ON A SUNDAY, WHEN OUR DADDY CAME AND PICKED US UP TO BRING US BACK TO TEXAS. MY DAD HAD BEEN IN LOUSIANA VISITING HIS MOTHER. MY DAD IS MARRIED TO BRENDA SINGLETON AND THEY HAVE A THREE OR FOUR YEAR OLD DAUGHTER WHO IS TIFFANY SINGLETON THAT LIVES WITH THEM. ON TUESDAY, 12-28-93, BRENDA WENT TO WORK AT THE BUDWEISER IN ROSENBURG. MY BROTHER WENT WITH MY FATHER TO LOAD MY FATHER'S TRUCK. TIFFANY GOES TO A PRIVATE SCHOOL AND SHE WAS AT SCHOOL THAT DAY. I WAS AT MY DAD'S HOME ALONE AND AROUND NOON I HEARD THE DOOR BELL RING AND WHEN I WENT TO THE DOOR A BLACK MAN WAS THERE. HE WAS KIND OF SHORT AND STOCKY AND HE DIDN'T HAVE ANY BEARD OR MUSTACHE AND HE WAS WEARING A BLACK SKI MASK ON HIS HEAD WITH A BLUE JACKET WITH CUT OFF KAKI SHORTS AND SOME WHITE K-SWISS TENNIS SHOES ON. HE TOLD ME THAT HE HAD A PACKAGE FOR MY STEP-MOTHER AND HE SAID HIS NAME WAS CHRIS. HE SAID HE HAD A PACKAGE FOR MY STEP-MOTHER AND HE WOULD BE BACK CAUSE HE DIDN'T HAVE THE PACKAGE WITH HIM. THEN HE WALKED BACK DOWN THE STREET TO THE RIGHT. THEN I WENT BACK IN AND WAS WATCHING T.V. A COUPLE OF MINUTES LATER THE DOOR BELL RANG AGAIN AND HE SAID HE WAS CHRIS AND THAT HE HAD A PACKAGE. WHEN I OPENED THE DOOR ALL HE HAD WAS A TELEPHONE BOOK AND A KNIFE. THE TELEPHONE BOOK WAS IN HIS RIGHT HAND AND HE HAD THE KNIFE IN HIS LEFT HAND. I DIDN'T SEE THE KNIFE AT FIRST AND THEN HE MOVED THE PHONE BOOK AND I SAW THE KNIFE. THEN HE PUSHED ME THROUGHT THE HALL WAY AND BACK TOWARDS THE DEN. THEN I WAS FIGHTING HIM AND I TOOK THE KNIFE FROM HIM AND I CUT MY FINGERS THEN I STABBED HIM IN ONE OF HIS LEGS BELOW THE KNEE. THEN I STABBED HIM SOMEWHERE IN HIS FACE I THINK ABOVE HIS RIGHT EYE. HE SAID 'GIVE ME THE KNIFE' AND HE STARTED HITTING ME AND FIGHTING ME. HE ALSO ASKED ME IF THERE WAS ANYBODY ELSE THERE. HE PUSHED ME IN THE COUCH AND I COULDN'T BREATH CAUSE HE HAD ME ON MY STOMACH WITH MY NOSE AND FACE IN THE COUCH. I TOLD HIM I COULDN'T BREATH AND HE SAID IF I GAVE HIM THE KNIFE HE WOULD LET ME UP. THEN HE TOOK THE KNIFE OUT OF MY HAND AND HE STARTED HITTING ME AND HE PUSHED ME DOWN ON THE FLOOR BY THE END TABLE. HE TOLD ME TO STOP SCREAMING OR HE WOULD KILL ME. WHEN WAS TRYING TO GET UP FROM THE COFFEE TABLE HE STABBED ME IN THE MIDDLE OF MY UPPER BACK. THEN HE RIPPED MY PANTS. I HAD ON SOME BLACK STIRRUP PANTS, A LONG PURPLE KNIT SWEATER AND SOME STOCKINGS WITH OUT ANY SHOES ON. HE RIPPED THE ZIPPER PART OF MY PANTS AND PULLED THEM OFF OF ME. THEN HE PULLED MY UNDERWEAR OFF TOO WITH THE PANTS. HE KEPT HITTING ME AND PUSHING ME DOWN. HE PUSHED MY LEGS PUSHING MY KNEES INTO MY CHEST. HE GOT ON TOP OF ME. HE HAD HIS JACKET ON AND UNZIPPED HIS PANTS AND TOOK HIS PENIS OUT. HE PUSHED HIS PENIS INTO MY VAGINA. THEN HE GRABBED MY HAND AND PULLED ME UP OFF THE FLOOR. HE TOOK MY HAND AND TOLD ME TO RUB HIS PENIS. HE HAD AN ERRECTION. THEN HE PUSHED ME BACK DOWN ON THE FLOOR AND THEN HE PUSHED MY LEGS UP AGAIN, INTO MY CHEST, AND TRIED TO PUSH HIS PENIS BACK IN MY VAGAINA. I WAS SCREAMING AND HE TOLD ME TO STOP SCREAMING AND HE HIT ME IN MY FACE WITH HIS FIST ON THE LEFT AND RIGHT SIDES OF MY FACE. THEN HE PULLED ME BY MY HAIR AND TOLD ME TO PUT MY MOUTH ON HIS PENIS. HE KEPT STICKING HIS PENIS BACK AND FORTH IN MY MOUTH. HIS PENIS WAS ERRECT. THEN HE PUSHED ME BACK DOWN ON THE FLOOR. THEN HE STILL TRIED TO FORCE HIS PENIS IN MY VAGINA. HE GOTIN AND TOLD ME TO MOAN OR SOMETHING. I TOLD HIM MY DADDY WAS COMING BACK AND HE KEPT ON FOR A LITTLE WHILE. THEN I TOLD HIM MY DAD WAS COMING BACK IN AND HE TOLD ME TO STAY THERE AND HE WENT TO THE SLIDING DOOR IN THE DEN AND HE RAN OUT THE BACK. I CLOSED THE SLIDING DOOR BACK AND I WENT AND LOCKED THE FRONT DOOR AND I WENT IN THE BACK ROOM AND CALLED MY NEIGHBOR, YOLANDA AND JO ANN, AND TOLD THEM TO COME AND GET ME. JO ANN CAME AND I WALKED BACK DOWN TO HER HOUSE AND THEY CALLED THE POLICE. THE POLICE CAME AND MADE A REPORT. THE AMBULANCE CAME AND TOOK ME TO THE HOSPITAL. THEY DID A RAPE KIT ON ME. I HAVE NEVER SEEN THAT MAN BEFORE THAT

...AY. I DID NOT HEAR OR SEE A VEHICLE IN THE DRIVE WAY. NO ONE ELSE CAME TO THE HOUSE BEFORE OR AFTER THAT MAN UNTIL THE POLICE CAME. SOMEONE CALLED THE HOUSE WHO HUNG UP. ONE TEEN AGER CALLED THE HOUSE AND ASKED FOR MR. OR MRS. SINGLETON AND I TOLD HIM THEY WEREN'T HOME. HE SAID HE WAS BOBBY. I ASKED MY STEP-MOTHER AND SHE DOESN'T KNOW ANY BOBBY. THE GUY WHO DID THIS LOOKED LIKE HE WAS SIXTEEN OR SEVENTEEN YEARS OLD. HE HAD KIND OF BIG EARS THAT STUCK OUT. HE DID NOT HAVE THE SKI MASK OVER HIS FACE WHEN HE CAME THERE BUT ONE TIME WHEN HE WAS ON TOP OF ME HE PULLED IT DOWN OVER HIS FACE. HE KEPT TAKING THE MASK OFF AND HE WOULD THROW IT ON THE FLOOR AND THEN I THINK HE PUT IT BACK ON HIS HEAD I HAVE NEVER SEEN HIM BEFORE THAT DAY. I WOULD KNOW HIM IF I SAW HIM AGAIN. ONE TIME HE PUT HIS MOUTH ON MY VAGINA. THE HANDLE HAD BROKE ON THE KNIFE. HE TOOK THE REST OF THE KNIFE BUT HE LEFT THE HANDLE PART THERE. THE POLICE GOT THE HANDLE AND THE TELEPHONE BOOK.

I HAVE COMPLETE     YEARS OF SCHOOL/COLLEGE AND CAN READ AND WRITE THE ENGLISH LANGUAGE. I HAVE READ THIS STATEMENT AND IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

I HAVE GIVEN THIS STATEMENT TO OFFICER S.J. ANDERSON
OF MY OWN FREE WILL.  THIS STATEMENT WAS TYPED BY OFFICER S.J. ANDERSON.

SIGNED _____

SUBSCRIBED AND SWORN TO BEFORE ME THIS 29TH DAY OF DECEMBER        , 1993

SIGNED _____

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

Supplement entered by - 67721
Report reviewed by-J.JACKSON            Employee number-061942

No-0003

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                    Street location Information
Number-    15603 Name-WINTER BRIAR        Type-        Suffix-
Apt no-       Name-15603            Type-      Suffix-
Date of offense-12/28/93            Date of supplement-12/29/93
Compl(s) Last-SINGLETON      First-MARTHA      Middle-
         Last-
                Recovered stolen vehicles information
  Stored-               by-            . Ph#- (000) 000-0000
Officer1-S.J. ANDERSON    Emp#-067721 Shift-1 Div/Station-JUV

              SUPPLEMENT NARRATIVE

OFFICER S.J. ANDERSON. WORKING JUVENILE SEX CRIMES. WAS ASSIGNED TO THIS CASE FOR A FOLLOW UP INVESTIGATION.

ON 12-29-93 AT 0840 HOURS OFFICER ANDERSON RECEIVED A CALL FROM A JO ANN BURTO WHO STATED THAT SHE IS A FRIEND OF THE FAMILY AT PS#437-7896.

JO ANN STATED THAT THE COMPL. HAD CALLED HER AFTER THE SEXUAL ASSAULTED OCCURRE

NO ASKED HER TO COME OVER. JO ANN STATED THAT WHEN SHE ARRIVED SHE OBSERVED BLOOD IN THE HOUSE AND THE COMPL. WAS VERY UPSET.

JO ANN FURTHER ADVISED THAT SEVERAL WITNESSES OBSERVED A WHITE TRUCK IN THE DRIVE WAY WITH RED LETTERS. SOME CHILDREN HAD OBSERVED THAT TRUCK TO HAVE THE WORDS "SAND DOLLAR TRUCK" PRINTED ON IT.

JO ANN STATED THAT SHE KNOWS THE SAND DOLLAR TRUCKS COME TO THAT NEIGHBORHOOD TO COLLECT THE CLOTHES FROM THE PEOPLE THAT DO NOT WANT THEM ANYMORE. JO ANN STATED THAT THEY RECEIVED A CALL FROM THE SAND DOLLAR TRUCK PEOPLE LAST WEEK ASKING IF THEY HAD ANYTHING TO BE PICKED UP HOWEVER THEY TOLD THEM THAT THEY DID NOT.

JO ANN STATED THAT WITNESSES FURTHER OBSERVED A MAN WALK UP WITH A PACKAGE HOWEVER IT WAS A PHONE BOOK AND NOT A PACKAGE.

JO ANN STATED THAT THE SUSPECT FORCED HIS WAY IN AND STABBED THE COMPLAINANT TWICE. THE COMPL. WAS ABLE TO GET THE KNIFE AND SHE STABBED THE SUSPECT IN HIS LEG. THE COMPL. WAS THEN ABLE TO GET THE KNIFE AWAY FROM THE SUSPECT AND SHE STABBED THE SUSPECT IN HIS LEG. THE COMPL. CUT HER HAND ON THE KNIFE.

JO ANN FURTHER STATED THAT SEVERL NEIGHBORS HAD BEEN BROKEN INTO. SHE STATED THAT THE COMPL'S RESIDENCE HAD ATTEMPTED ENTRY TO IT.

JO ANN STATED THAT SHE HAD SEEN A SAND DOLLAR TRUCK YESTERDAY WHEN THE POLICE OFFICERS CAME OUT AND SHE ATTEMPTED TO FOLLOW IT HOWEVER WAS UNABLE.

JO ANN STATED THAT SHE CALLED SAND DOLLAR TODAY AND THEY STATED THAT THERE WAS TRUCK IN THE NEIGHBORHOOD YESTERDAY, 12-28-93.

JO ANN STATED THAT THE COMPL. HAD CALLED HER HOUSE YESTERDAY, 12-28-93. CRYING AND SHE RAN TO THE COMPL. AND OBSERVED HER TO BE BLEEDING AND SHE ASKED HER IF SHE HAD BEEN RAPED AND SHE STATED THAT SHE HAD. JO ANN THEN RAN OUT AND LOOKED FOR THE SUSPECT HOWEVER THERE WAS NO SIGN OF HIM AT THAT TIME.

JO ANN FURTHER STATED THAT SHE HAD THE COMPL'S FATHER THERE WITH HER AT THIS TIME AND OFFICER ANDERSON SCHEDULED AN APPOINTMENT TO INTERVIEW THE COMPL. ON 12-29-93 AT 1400 HOURS.

ON 12-29-93 AT 1350 HOURS OFFICER ANDERSON MET WITH THE COMPLAINANT WHEN SHE ARRIVED IN JUVENILE SEX CRIMES AT 8300 MYKAWA WITH HER MOTHER, FATHER AND STEP-MOTHER.

OFFICER ANDERSON TOOK A WRITTEN STATEMENT FROM COMPLAINANT. MARTHA SINGLETON. SEE THE #2 SUPPLEMENT FOR THAT STATEMENT.

OFFICER ANDERSON THEN INTERVIEWED THE COMPL'S FATHER, ART SINGLETON. B/M/41 OF 09-16-52 AT 15611 WINTERBRIAR, MISSOURI CITY, TEXAS PS#438-8830.

ART SINGLETON ADVISED THAT HE LEFT THE COMPL. ALONE AT 0700 HOURS IN THE MORNING ON 12-28-93. HE LATER RECIEVED A CALL FROM HIS WIFE, AT HIS JOB, AND SHE TOLD HIM WHAT HAPPENED AND HE WENT TO THE HOSPITAL.

THE COMPL. TOLD HIM THAT THE SUSPECT CAME TO THE HOUSE AND TOLD HER HE HAD A PACKAGE AND THAT HE HAD TO GO AND GET IT. WHEN THE SUSPECT CAME BACK HE HAD A PHONE BOOK AND A KNIFE. THE COMPL. ADVISED HIM THAT THE SUSPECT, HAD LEFT OUT

ATTIC DOOR.

THE COMPL. TOLD HIM THAT SHE STABBED THE SUSPECT IN HIS LEG AND IN HIS FACE AND
THAT HE LIED ALOT.

RT SINGLETON STATED THAT HE OBSERVED ALOT OF BLOOD ON THE SOFA AND ON THE
CARPET. HE FURTHER OBSERVED THE COMPL'S BUTTONS ON THE FLOOR.

RT STATED THAT HE WAS AWARE THAT THE SAND DOLLAR CALLS AND ASKS IF THE PEOPLE
HAVE ANYTHING THEY WANT TO GIVE AWAY. THEY THEN TELL YOU WHAT DAY THEY WILL BE
IN THE NEIGHBORHOOD. THEY TOLD HIM THEY WOULD BE IN THE AREA ON 12-28-93. ART
STATED THAT THEY DONATED SOMETHING LAST YEAR HOWEVER DID NOT HAVE ANYTHING TO
DONATE THIS YEAR.

OFFICER ANDERSON THEN INTERVIEWED THE COMPL'S MOTHER, DEBORAH RAWLS B/F/39 OF
01-27-54 WHO LIVES IN SHREVEPORT LOUISIANA WITH THE COMPLAINANT. SHE STATED TH.
SHE RECEIVED A CALL FROM THE COMPL'S STEP MOTHER AND SHE THEN DROVE TO TEXAS
FROM LOUISIANA.

DEBORAH FURTHER STATED THAT THEIR LOCAL POLICE WOULD BE THE SHRIEVEPORT
LOUISIANA P.D.

DEBORAH THEN SIGNED A MEDICAL RELEASE OF RECORDS INFORMATION FORM SO THAT THIS
OFFICER COULD OBTAIN A COPY OF THE MEDICAL REPORT ON THE COMPLAINANT.

ON 12-29-93 AT 1630 HOURS OFFICER ANDERSON CALLED THE SAND DOLLAR THRIFT STORE
AT 5513 HARRISBURG, HOUSTON, TEXAS 77011 PS#923-1461 AND TALKED WITH REGINALD
PORTER WHO CONFIRMED THAT THERE WAS A TRUCK IN THAT AREA YESTERDAY, 12-28-93.
THAT WAS DRIVEN BY RUBIN DELON WHOSE HOME PHONE IS PS#227-3341.

ON 12-29-93 OFFICER ANDERSON CALLED THE D.A.'S SPECIAL CRIMES DIVISION AND
REQUESTED THAT A GRAND JURY SUBPOENA BE FAXED TO THE PHONE COMPANY IN ORDER
TO OBTAIN THE RECORDS ON PS#227-3341.

OFFICER ANDERSON TOOK A POLOROID PHOTO OF THE COMPLAINANT WHILE SHE WAS IN THE
OFFICE.

INVESTIGATION TO CONTINUE.................................

Supplement entered by = 67721        Employee number-061942
Report reviewed by-J.JACKSON

2-0004

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                        Street location information
Number-   15603 Name-WINTER BRIAR          Type-        Suffix-
Apt no-        Name-15603                  Type-        Suffix-
Date of offense-12/28/93            Date of supplement-01/03/94
Compl(s) Last-SINGLETON     First-MARTHA     Middle-
         Last-
                  Recovered stolen vehicles information
                                  by-              Ph#- (000) 000-0000
Stored-
Officer1-S.J. ANDERSON        Emp#-067721 Shift-1 Div/Station-JUV

                          SUPPLEMENT NARRATIVE

ON 01-03-94 OFFICER ANDERSON RECEIVED A COPY OF THE MEDICAL REPORT ON MARTHA
SINGLETON DATED 12-28-93 AT 1545 HOURS. THAT REPORT STTED THE FOLLOWING:

HYMENAL RING
1) INTACT: NO; SIZE OF PERFORATION 0.5 CM.
2) CENTRAL PERFORATION: YES; SIZE OF PERFORATION 0.5 CM.
3) LACERATIONS: YES
4) ERYTHEMA OR ABRASIONS OF INTROITUS: YES

VAGINAL VAULT
1) LACERATIONS: YES 0.5 CM VERTICAL TEAR EXTENDING POSTERIOSLY FROM VAGINA.
2) BLOOD: YES
3) FLUID OR DISCHARGE: YES
4) FOREIGN BODY: NO

TREATMENT: LACERATIONS CLEANSED WELL WITH BETADINE SOLUTION. WOUNDS ON RIGHT
INDEX FINGER AND BACK ONES. LOCALLY WITH 1% (UNKNWON MEDICINE WRITTEN).
EXPLORED NO EVIDENCE OF FB WOUND TO RIGHT INDEX FINGER REPARED WITH #5 SUTURES
OF 5-0 CHROMIC. WOUND TO BACK REPAIRED WITH #3 SUTURES OF 5 - 0 IROMIC.
NEOSPORIN OINTMENT AND DRESSINGS APPLIED."

THAT MEDICAL WAS SIGNED BY JEAN TSCHUSCHKE D.O. M.D.
:.:::::::::::::::::::::::END MEDICAL REPORT ON MARTHA SINGLETON:::::::::::::::::::::::.

OFFICER REQUESTED THAT THE HPD CRIME LAB ANALYZE THE RAPE KIT DONE ON THE COMPL
AND TAGGED IN THE HPD PROPERTY ROOM UNDER THIS CASE NUMBER AS WELL AS ANALYZE
THE COMPLAINANT'S CLOTHING TAGGED UNDER THIS CASE NUMBER IN THE HPD PROPERTY
ROOM.

INVESTIGATION TO CONTINUE.................................

Supplement entered by = 67721
Report reviewed by-RICHARD                 Employee number-064566

CURRENT INFORMATION REPORT

Incident no. 140481893 B

No-0000

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
Street location information

Number- 15603 Name-WINTER BRIAR          Type-          Suffix-
Apt no-  Name-15603                       Type-          Suffix-
Date of offense-12/28/93                  Date of supplement-01/03/94
Compl(s) Last-SINGLE ON    First-MARTHA   Middle-
         Last-
                           Recovered stolen vehicles information
                                                Ph#- (000) 000-0000
                                  by-
Stored-                     Emp#-067721 Shift-1 Div/Station-JUV
Officer1-S.J. ANDERSON

SUPPLEMENT NARRATIVE

THIS SUPPLEMENT IS BEING GENERATED IN ORDER TO REQUEST THAT THE HPO CRIME LAB
ANALYZE THE RAPE KIT AND THE COMPLAINANT'S CLOTHING, THAT ARE TAGGED UNDER THE
CASE NUMBER IN THE HPD CRIME LAB. FOR EVIDENCE OF A SEXUAL ASSAULT..............

Supplement entered by = 67721          Employee number-064566
Report reviewed by-RICHARD

---

No-0006

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
Street location information

Number- 15603 Name-WINTER BRIAR          Type-          Suffix-
Apt no-  Name-15603                       Type-          Suffix-
Date of offense-12/28/93                  Date of supplement-01/06/94
Compl(s) Last-SINGLETON    First-MARTHA   Middle-
         Last-
                           Recovered stolen vehicles information
                                                Ph#- (000) 000-0000
                                  by-
Stored-                     Emp#-067721 Shift-1 Div/Station-JUV
Officer1-S.J. ANDERSON

SUPPLEMENT NARRATIVE

OFFICER ANDERSON RECEIVED THE FOLLOWING INFORMATION FROM THE PHONE COMPANY
REGARDING PS#227-3341:
(NON-PUB) DELEON. RUBEN
1806 CAMPBELL
HOUSTON, TEXAS
S.S.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:::::::::::::END PHONE COMPANY'S INFO ON PS#227-3341:::::::::::::::::
::::::::::::::::::::::::::::

OFFICER ANDERSON AGAIN CALLED THE SAND DOLLAR TRUCKS AT PS#923-1461 AND INQUIRE
IN ALL BLACK MALE TRUCK DRIVERS AND EMPLOYEE REGINALD GAVE THE PHONE TO:
DWAYNE CRAWFORD B/M/37 TDL#07887370 S.S.#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 AND THEN TO TRUCK DRIVER,
PAUL JOSEPH FONTENETTE B/M/31 TDL#03636268 S.S.#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. THEY BOTH STATED
THAT THEY WERE DRIVING TRUCKS ON THAT DAY FOR SAND DOLLAR.

REGINALD THEN ADVISED THAT THE THIRD AND ONLY OTHER BLACK MALE TRUCK DRIVER IS:
ROBERT EARL MITCHELL B/M/31 T.D.L.05274578 S.S.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 HOWEVER HE HAD
ALREADY LEFT THE BUILDING.

OFFICER CHECKED THE THREE BLACK MALE TRUCK DRIVERS BY NAME AND FOUND THAT
DWAYNE CRAWFORD HAD BEEN HANDLED BY HPD UNDER I.D.#440239 ON 08-17-84 FOR THEFT
AND ON 05-19-90 FOR  SOLICITING NARCOTICS. HIS LAST PHOTO WAS TAKEN ON 05-20-90
OFFICER ORDERED A COPY OF THAT PHOTO FROM THE HPD PHOTO LAB.

OFFICER FOUND THAT ROBERT EARL MITCHELL HAD BEEN HANDLED BY HPD UNDER H.P.D.
I.D.#449537 ON 12-14-84 FOR MURDER AND HIS LAST PHOTO WAS TAKEN ON 12-14-84.
OFFICER ORDERED A COPY OF THAT PHOTO FROM THE HPD PHOTO LAB.

OFFICER ANDERSON WAS NOT ABLE TO LOCATE ANY RECORD ON PAUL JOSEPH FONTENETTE
HOWEVER HIS TDL IS REGISTERED TO AN ADDRESS OF 6114 KENILWOOD, HOUSTON, TEXAS.
OFFICER ORDERED A COPY OF HIS TDL PHOTO.

OFFICER WAS TOLD BY PAUL FONTENETTE THAT THE SAND DOLLAR COMPANY HAD TRACKING
DEVICES ON THE SAND DOLLAR TRUCKS THAT COULD TELL WHERE THAT TRUCK HAD BEEN. HE
FURTHER ADVISED THAT THE INFORMATION WAS STORED IN A WAY THAT COULD LATER BE
OBTAINED FROM THAT COMPANY.

OFFICER ANDERSON ASKED REGINALD ABOUT THAT INFORMATION AND HE ADVISED THIS
OFFICER TO CALL BACK AFTER TEN O'CLOCK A.M. AND TALK WITH THE OWNER, ANITA
RIGGINS.

ON 01-06-94 OFFICER LEFT A MESSAGE FOR THE COMPL'S FATHER AND STEP-MOTHER TO
RETURN THIS OFFICERS CALL.

AT 1640 HOURS THE COMPL'S STEP-MOTHER CALLED AND ADVISED THAT THE #1 WITNESS
ATTENDS WILLOW RIDGE HIGH SCHOOL.

THE STEP-MOTHER FURTHER ADVISED THAT SHE WOULD CALL BACK WITH THE NAMES OF THE
OTHER WITNESSES IN THAT NEIGHBORHOOD THAT HAD SEEN THE SUSPECT ON THE DAY OF
THE INCIDENT.

AT 1235 HOURS OFFICER ANDERSON CALLED THE SAND DOLLAR TRUCKS AND TALKED WITH
ANITA RIGGINS WHO STATED THAT SHE DOES IN FACT HAVE TELE TRACK WHICH IS HANDLE
BY PACK TEL.

ANITA RIGGINS STATED THAT SHE RECEIVED A CALL FROM THE OFFICER ON THE DAY OF
THE INCIDENT AND SHE RAN A TRACE ON THE TRUCKS AND LOCATED TWO TRUCKS THAT
WERE ANYWHERE NEAR THE AREA WITH IN AN HOUR OF THAT CALL. ONE TRUCK WAS DRIVEN
BY A WHITE MALE AND THE SECOND TRUCK WAS DRIVEN BY A HISPANIC MALE.

ANITA RIGGINS FURTHER ADVISED THAT ALL OF HER DRIVERS WERE IN THE OFFICE AT
0800 HOURS IN THE MORNING IF OFFICERS NEEDED TO SPEAK WITH OR SEE THEM.

INVESTIGATION TO CONTINUE..........................

Supplement entered by = 67721
Report reviewed by-LF              Employee number-044773

-----------------------------------------------------------------

No-0007

Offense- SEXUAL ASSAULT (RAPE) BY CUTTING INSTRUMENT
                        Street location information
Number      15603 Name-WINTER BRIAR          Type-        Suffix-
Apt no-        Name-15603                     Type-        Suffix-
Date of offense-12/28/93           Date of supplement-01/07/94
Compl(s) Last-STOCKTON      First-MARTHA    Middle-
          Lee

                 Recovered stolen vehicles information
 Store>-                    by-                    Ph#- (000) 000-0000
 Officer-S.G. ANDERSON      Emp#-067721 Shift-1 Div/Station-JUV

                     SUPPLEMENT NARRATIVE

ON 01-07-94 AT 0815 HOURS OFFICER ANDERSON RECEIVED A CALL FROM JO ANN BURTON
WHO STATED THAT SHE HAD LOCATED A WITNESSED BY THE NAME OF HUEY JACOBS JR. WHO
IS A 16 YEAR OLD BOY THAT LIVES IN LOUISIANA AT PS#318-253-8381. SHE STATED THAT
HE HAD BEEN VISITING HOUSTON AT THE TIME OF THE OFFENSE AND HE OBSERVED THE
SUSPECT'S TRUCK PARK DOWN THE STREET FROM THE COMPL'S HOUSE AND THAT HE THEN
WALKED TO THE COMPL'S RESIDENCE.

JOANN FURTHER STATED THAT THE NEIGHBOR BOY, LISTED AS THE #1 WITNESS, ALSO SAW
THE VEHICLE PARK DOWN THE STREET FROM THE COMPL'S HOUSE AND THEN WALK TO THE
COMPL'S HOUSE.

JO ANN STATED THAT THE BOY'S UNCLE IS THE ONE WHO TOLD HER THAT THE BOY SAW THE
SUSPECT AND HE DESCRIBED HIM AS BEING SHORT AND STOCKEY.

AT 0820 HOURS OFFICER ANDERSON ATTEMPTED TO CALL WITNESS HUEY JACOBS JR. AT
PS#318-253-8381 HOWEVER HIS AUNT, GWEN JACOBS, ANSWERED THE PHONE AND ADVISED
THAT HUEY WAS IN SCHOOL.

GWEN JACOBS STATED THAT THEY WERE CALLED BY A RELATIVE LAST NIGHT AND THEY
DISCUSSED THIS WITH HUEY WHO STATED THAT HE SAW THE TRUCK HOWEVER DID NOT SEE
THE DRIVER.

GWEN STATED THAT THEY LIVE IN MARSZVILLE LOUISIANA AND THAT THIS OFFICER COULD
CALL BACK AFTER HUEY RETURNED HOME FROM SCHOOL.

INVESTIGATION TO CONTINUE.........................................

&&&&

Incident no. 140481393 B   CURRENT INFORMATION REPORT

Supplement entered by - 67721          Employee number-044773
Report reviewed by-LF

No-0008

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                    Street location information
                                              Type-        Suffix-
Number-     15603 Name-WINTER BRIAR
                                              Type-        Suffix-
Apt no-        Name-15603
Date of offense-12/28/93          Date of supplement-01/14/94
Compl(s) Last-SINGLETON       First-MARTHA    Middle-
          Last-
                    Recovered stolen vehicles information
                              by-                   Ph#- (000) 000-0000
  Stored-                  Emp#-094271 Shift-  Div/Station-CRIME LAB
Officer1-THOMPSON

                    SUPPLEMENT NARRATIVE

REFERENCE:  194-159

SUSPECT:  UNKNOWN

ON JANUARY 3,1994, THE FOLLOWING ITEMS WERE RECEIVED FROM CENTRALIZED
EVIDENCE RECEIVING:
1.  ONE SEXUAL ASSAULT KIT FROM COMPLAINANT, MARTHA SINGLETON, CONTAINING
      THE FOLLOWING ITEMS:
      SMEARS - VAGINAL, ANAL, ORAL
      SWABS - VAGINAL, ANAL, ORAL
      BLOOD SAMPLE
      HEAD HAIR - PULLED, LOOSE
      PUBIC HAIR - PULLED
      FINGERNAIL SCRAPINGS
LOOSE EVIDENCE X2 - DEBRIS, HAIR FRAGMENTS, HAIR WITH ROOTS
NASAL SAMPLE

2.  ONE CARDBOARD BOX CONTAINING THE FOLLOWING ITEMS OF CLOTHING FROM THE
      COMPLAINANT:
      BLACK BRASSIERE
      PANTIES WITH SANITARY NAPKIN
      PURPLE SWEATER
      BLACK STIR-UP PANTS
      BEIGE CAMISOLE

ANALYSIS AND RESULTS:
SEMEN WAS DETECTED ON THE VAGINAL SMEAR.
NO SEMEN WAS DETECTED ON ANY OF THE OTHER ITEMS ANALYZED.
COMPLAINANT'S BLOOD AND SWABS ARE BEING RETAINED AT THE LABORATORY FOR
FURTHER ANALYSIS.

ALL OTHER ITEMS OF EVIDENCE HAVE BEEN RETURNED TO THE PROPERTY ROOM.

EEES

AS PER ORIGINAL

Supplement entered by = 94271
Report reviewed by-GAM                Employee number-061076

No-0009

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                        Street location information
Number-     15603 Name-WINTER BRIAR            Type-       Suffix-
Apt no-         Name-15603                     Type-       Suffix-
Date of offense-12/28/93          Date of supplement-02/11/94
Compl(s) Last-SINGLETON      First-MARTHA      Middle-
         Last-
                  Recovered stolen vehicles information
Stored-                          by-                   Ph#- (000) 000-0000
Officer1-S.J. ANDERSON           Emp#-067721 Shift-1 Div/Station-JUV

                        SUPPLEMENT NARRATIVE

OFFICER ANDERSON OBTAINED A PHOTO OF DWAINE CRAWFORD AND OF ROBERT MITCHELL,
FROM THE HPD PHOTO LAB, THROUGH THEIR I.D. NUMBER.

OFFICER ANDERSON PREPARED PHOTO "A" PLACING ROBERT EARL MITCHELL'S PHOTO IN THE
#2 POSITION WITH FIVE OTHER BLACK MALES WITH SIMILAR DESCRIPTIONS AS ROBERT
MITCHELL'S IN THE #1, #3, #4, #5 AND #6 POSITIONS.

OFFICER ANDERSON THEN PREPARED PHOTO ARRAY "B" PLACING DWAINE ANTHONY CRAWFORD'
PHOTO IN THE #2 POSITION WITH FIE OTHER BLACK MALES WITH SIMILAR DESCRIPTIONS A
DWAINE CRAWFORD'S IN THE #1, #3, #4, #5 AND #6 POSITIONS.

OFFICER ANDERSON ORDERED THE PHOTO OF PAUL JOSEPH FONTENETTE FROM THE DEPARTMEN
OF PUBLIC SAFETY OFF OF PAUL FONTENETTE'S TDL#0262526. THAT PHOTO ARRIVED AT
THE JUVENILE SEX CRIMES DIVISION HOWEVER WAS ADDRESSED TO OFFICER HENDERSON
INSTEAD OF ANDERSON AND WAS RETURNED.

OFFICER ANDERSON THEN RE-ORDERED THAT PHOTO WHICH WAS THEN MAILED AGAIN TO THE
HPD JUVENILE SEX CRIMES DIVISION AT 8300 MYKAWA.

ON 01-18-94 AT 1300 HOURS OFFICER ANDERSON WENT TO THE WILLOW RIDGE HIGH SCHOOL
AND MET WITH WITNESS JASON PEGUES.

OFFICER ANDERSON PRESENTED PHOTO ARRAY "A" AND "B" TO JASON PEGUES AND ASKED IF
HE SAW THE MAN THAT HAD BEEN WALKING TO AND FROM THE COMPL'S RESIDENCE ON THE
DAY OF THE ASSAULT.

JASON WAS NOT ABLE TO IDENTIFY ANY OF THE PHOTOS IN EITHER "A" OR "B" PHOTO
ARRAY AS BEING THE MAN IN THE NEIGHBORHOOD ON THE DAY OF THE ASSAULT.

WITNESS JASON PEGUES THEN TYPED THE FOLLOWING STATEMENT:

"I HAVE LIVED 15607 WINTER BRIAR FOR ABOUT 3 YEARS NOW. MARTHA'S FAMILY WAS
LIVING NEXT DOOR WHEN I MOVED IN. I LIVE WITH MY MOTHER AND FATHER AND BROTHER
ON DECEMBER 28, 1993 AT ABOUT NOON I WAS SITTING IN MY LIVING ROOM WATCHING
T.V. MY PARENTS WERE AT WORK AND MY BROTHER WAS NOT AT HOME. I SEEN A COMPANY

TRUCK WITH RED AND WITH WHITE LETTERS. I SEEN A MAN ABOUT 5'6" TO 5'7" GET OUT
THE TRUCK. HE WAS BROWN SKINNED WITH BLUE SHORTS AND BLACK SHORT SLEEVE
SHIRT. WHEN HE CAME OUT THE TRUCK AND WENT ON THE OTHER SIDE OF THE TRUCK HE
WENT BACK ON THE OTHER SIDE AND GOT BACK IN THE TRUCK AND WENT DOWN THE STREET
LATER I SEEN THE SAME MAN WALKING ON MY SIDE OF THE STREET DOWN THE SIDE WALK.
THIRTY MIN. LATER I START SEEING H.P.D. WHEN I START SEEING H.P.D. I WENT
OUTSIDE TO SEE WHAT WAS GOING ON. JOANNE ASK ME IF I HAD SEEN ANYTHING, I TOLD
HER ABOUT THE TRUCK I HAD SEEN AND THE MAN I HAD SEEN. SO SHE TOLD ME THAT I
NEEDED TO SEE THE POLICE AND TELL HIM WHAT I HAD SEEN. SO I TOLD HIM AND HE TO
ME TO WRITE A REPORT. JOANNE IS MY NEIGHBOR THAT LIVES ON THE OTHER SIDE OF ME
I SEEN MARTHER, GIRL THAT GOT RAPED, FOR THE FIRST TIME WHEN SHE GOT INTO THE
AMBULANCE."
:::::::::::::::::::END OF JASON PEGUES TYPED STATEMENT::::::::::::::::::::::::::::

JASON PEGUES THEN CAME TO AND SIGNED THAT TYPED STATEMENT. SEE THAT STATEMENT
FOR DETAILS.

OFFICER ANDERSON OBSERVED THE #8 SUPPLEMENT ENTERED BY THE HPD CRIME LAB WHICH
STATED THAT "SEMEN WAS DETECTED ON THE VAGINAL SMEAR".


OFFICER ANDERSON ALSO RECEIVED A COPY OF THE MEDICAL REPORT ON MARTH SINGLETON
DATED 12-28-93 FROM WESTBURY HOSPITAL WHICH STATED:

HX & PE 15 YEAR OLD FEMALE PRESENTS TO  ER AFTER ALLEDGED SEXUAL ASSAULT. STAT:
ADOLESCENT BOY RANG DOORBELL AT HER FATHER'S HOME & STATED HE HAD A PACKAGE FO:
PATIENTS MOTHER. STATES SHE OPENED THE DOOR & HE FORCED HIS WAY INTO THE HOUSE
WITH A KNIFE. STATES HE TORE OFF HER CLOTHING & FORCED HER INTO ANAL, ORAL &
VAGINAL PENETRATION. STATES THEY STRUGGLED OVER THE KNIFE WHICH RESULTED IN
LACERATIONS TO THE RIGHT INDEX FINGER & BACK. STATES SHE TOLD HIM HER FATHER W.
COMING & HE LEFT. SATES INCIDENT LASTED 20 MIN. LMP 12-27-93. WITH OUT CONDOM.

PE: AWAKE, ALERT, WELL ORIENTED X3. PATIENT STATES SHE HAS NEVER HAD SEXUAL
RELATIONS BEFORE.

EYES 1 PERRI, EOMI . EARS TM'S INTACT. MOUTH: WITHOUT LACERATIONS. NECK FULL R(
HEART RRR LUNGS TA3 BACK 0.75 CM LAC TO MID BACK WITH 2 SMALL NICKS PRESENT.
EXT: RIGHT INDEX FINGER: FULL ROM, .75 CM LAC TO FLEXOR
ROS ASPECT OF RIGHT INDEX FINGER. NEUROVASCULAR STATUS INTACT. ABD. SOFT, NT -
3S X 1. GENITALIA: LABIA SWOLLEN WITH SMALL AMOUNT ACCHIXMOSIS PRESENT. HYMEN
PERFORATED 0.5CM MIDLINE VERTICAL TEAR NOTED EXTENDING POSTERIORLY FROM VAGINA.
CX NULLIP WITHOUT LESIONS. MENSTRUAL BLOOD NOTED IN VAGINAL VAULT. UTERUS OF
NORMAL SIZE AV/AF WITHOUT MASSES OF TENDERNESS ALTHOUGH PATIENT WAS VERY
UNCOMFORTABLE WITH EXAM. RAPE KIT COMPLETED. TX: WOUNDS CLEANED WELL WITH
BETADINE & NS. WOUNDS ON RIGHT INDEX FINGER & BACK AREA LOCALLY WITH 1CC 1 %
XYLO EACH. EXPLORED — NO EVIDENCE OF F B AT THIS TIME. VERY SUPERFICAL. NO
TENDON DAMAGE TO FINGER. FINGER WOUND REPAIRED WITH (#4) 5—0 ETHILON SUTURES.
BACK WOUND REPAIRED WITH (#3) 5 - O ETHILON SUTURES. EDGES WELL APPROXIMATED.
NEOSPORIN OINTMENT & DRESSINGS APPLIED. SERUM HCG NEGATIVE. RPR NON REACTIVE.
:::::::::::::::END REVIEW OF MEDICAL STATEMENT FROM WESTBURY HOSPITAL::::::::::::

THE MEDICAL REPORT RECEIVED IN THE RAPE KIT STATED:

VULVA: COVERED WITH MENSTRIAL BLOOD.
HYMEN RING
1. INTACT: NO

WELL, I WAS COMING FROM THE FIELD HOUSE ON MY WAY TO 5TH PERIOD (I WAS GOING T
E LATE) SO I HEARD SOMEONE TALKING & I TURNED (CAUSE I NOTICED HIM) AROUND &
TOP THEN I LOOKED & HE STOPPED & LOOKED THEN HE STARTED RUNNING MY WAY. I
HOUGHT HE WAS CHASING ME SO I STARTED RUNNING FASTER. WHEN I CAME ON THE
NSIDE OF THE SCHOOL I TURNED AROUND & HE WAS GONE. SO I'M THINKING HE'S ON THE
NSIDE OF THE SCHOOL.

BOUT 5'6" TO 5'7" BROWN SKINNED BLACK PANT & A OFF WHITE SHIRT. I DID NOT
OTICE ANY SHOES CAUSE IT HAPPEN SO FAST. MIDDLE WEIGHT / ABOUT 190 OR 195 LBS.
JASON PEGUES"
:::::::::::::::::::::::END JASON PEGUES WRITTEN STATEMENT TO SCHOOL::::::::::::::::::

OFFICER ANDERSON FURTHER OBSERVED ASSISTANT PRINCIPAL PAGE'S ATTACHED NOTE WHIC
STATED:
"02-02-94 239-5349 PEGUES
TALKED WITH/MRS. PEGUES AT 1:30 REGARDING THE INCIDENT DESCRIBED BY JASON. I
TREVIS PAGE SUGGESTED TO MRS. PEGUES PICK JASON UP AFTER SCHOOL.
::::::::::::::::::::::::::::::END ASSIST. PRINCIPAL PAGE'S NOTE:::::::::::::::::::::::::

JASON STATED THAT MRS. PAGE DID NOT CALL THE POLICE. MRS. PAGE HOWEVER ADVISED
JASON'S PARENTS TO NOTIFY THIS OFFICER ABOUT THE INCIDENT. JASON DID NOT KNOW
IF HIS MOTHER HAD CALLED OR NOT.

JASON FURTHER STATED THAT THE INCIDENT OCCURRED AT APPROXIMATELY 1200 OR 1215
HOURS.

ON 02-15-94 OFFICER ANDERSON CALLED THE COMPLAINANT, MARTHA SINGLETON, AND
ADVISED HER THAT THIS OFFICER WOULD BE BRINGING THE PHOTO ARRAY'S TO SHREVEPORT
FOR HER TO VIEW AND ATTEMPT TO IDENTIFY THE MAN THAT SEXUALLY ASSAULTED HER IN
HOUSTON, TEXAS. THE COMPL. ADVISED THIS OFFICER THAT SHE WOULD BE IN SCHOOL
UNTIL APPROX. 1500 HOURS.

ON 02-16-94 OFFICER ANDERSON RECEIVED A VOICE MAIL MESSAGE FROM THE COMPL'S
MOTHER DATED 02-15-94. OFFICER ANDERSON RETURNED THAT CALL AND SHE STATED THAT
SHE WOULD PICK THE COMPL. UP FROM SCHOOL EARLY AND ADVISED THIS OFFICE TO
COME TO THE COMPL'S RESIDENCE TO SHOW THE PHOTO ARRAYS.

ON 02-16-94 OFFICER ANDERSON AND OFFICER K. CLARK PR#96350 DROVE TO SHREVEPORT
LOUISIANA AND MET WITH THE COMPLAINANT AT APPROXIMATELY 1305 HOURS.

OFFICER ANDERSON PRESENTED PHOTO ARRAY "A", "B" AND "C" TO THE COMPLAINANT. THE
COMPLAINANT DID NOT IDENTIFY ANYONE AS BEING THE MAN THAT SEXUALLY ASSAULTED HE
HOWEVER SHE STATED THAT THE MAN LOOKED ALOT LIKE PHOTO #4 OF ARRAY "B".

THE COMPL. FURTHER STATED THAT THE MAN THAT ASSAULTED HER HAD BIG EARS. SHORT
HAIR, DARK SKIN AND WAS APPROX. 5'8". SHE STATED THAT HE WORE A BLUE JACKET
WITH A GOLD AND RED EMBLEM OR CREST ON THE UPPER RIGHT FRONT SHOULDER AREA.
SHE STATED THAT SHE STABBED THE MAN OVER HIS RIGHT EYE AND IN HIS LEFT LEG WIT
THE SAME STEAK KNIFE THAT HE HAD STABBED HER WITH.

OFFICER ANDERSON AND CLARK THEN RETURNED TO HOUSTON, TEXAS.

INVESTIGATION TO CONTINUE.......................................

&&&&

# Exhibit J



## ANNIE REBECCA ELLIOTT
### DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

July 20, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re: Cause No. **94-DCR-026185**
**The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY LORAINE CRAWFORD.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Lisa Tucker
Telephone: (281) 341-4516

**RECEIVED**

JUL 20 2015

DISTRICT ATTORNEY'S OFFICE

CC: Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville Tx 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

_____
Print Name

7/20/15

| MAILING | PHYSICAL |
|---|---|
| 301 Jackson Street | 1422 Eugene Heimann Circle, Room 10142 |
| Richmond, Texas 77469 | Richmond, Texas 77469 |

http://www.fortbendcountytx.gov
Departments – District Clerk

Cause No. 94-DCR-026185

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
|---|---|---|
| VS. | * | FORT BEND COUNTY, TEXAS |
| JASON TYRONE PEGUES | * | 240th JUDICIAL DISTRICT |


| STATE OF TEXAS | ) | |
|---|---|---|
| COUNTY OF ROCKWALL | ) | AFFIDAVIT |

I, Loraine Crawford, was the Official Court Reporter for the 240th District Court of the State of Texas from 1991 until March of 2008. I now reside in Fate, Rockwall County, Texas.

I have a vague recollection of reporting in the case of State vs. Pegues, but I have no specific recollection of the case, nor of the exhibits offered and/or admitted into evidence. However, I do remember that it was the policy and procedure of the court reporters in Fort Bend County to keep exhibits during a trial or hearing until the proceeding was concluded. At that time, it was the court reporter's responsibility to log the exhibits and then to submit the exhibits and the log to the District Clerk. I am certain I followed that procedure, and there should be an original copy of the log in the Court's file. That is all I remember about this specific case. It is also possible another court reporter reported a hearing or trial in this case. It was Judge Culver's policy to make a notation on the left margin of the docket sheet "reported" if I was the court reporter for the case. If there was a substitute court reporter, it was his policy to mark "reported by..." with the name of the court reporter who reported that day.

I have relinquished my certification as a court reporter in the State of Texas a few years after I retired in 2008.

Dated this the 13th day of July, 2015.



Loraine Crawford, CSR No. 1365
460 Price Drive
Rockwall, Texas 75087
(972) 567-2505
CLLorieLu701@AOL.com

FILED

2015 JUL 16 AM 10: 18

CLERK DISTRICT COURT
FORT BEND CO., TX
Silvia Guevara

COPY



**ANNIE REBECCA ELLIOTT**

DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

July 24, 2015

To: John Harrity, State's Appeal Attorney
     Fort Bend County District Attorney's Office
     1422 Eugene Heimann Circle, Room 20234
     Richmond, Texas 77469

Re:     Cause No.     **94-DCR-026185**
                       **The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY LORI WILSON AND COURTNEY HEAD.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
     Deputy District Clerk Lisa Tucker
     Telephone: (281) 341-4516

RECEIVED
JUL 27 2015
DISTRICT ATTORNEY'S OFFICE

CC:     Jason Tyrone Pegues
        Huntsville Unit
        815 12th Street
        Huntsville Tx 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

Mattie Sanford
Print Name

7/27/15

| MAILING | PHYSICAL |
|---|---|
| 301 Jackson Street | 1422 Eugene Heimann Circle, Room 10142 |
| Richmond, Texas 77469 | Richmond, Texas 77469 |

http://www.fortbendcountytx.gov
Departments – District Clerk

94—DCR—026185
AFFI
Affidavit
3685686

CAUSE NO. 94-DCR-026158

| STATE OF TEXAS | § | IN THE 240th DISTRICT COURT |
|---|---|---|
| VS. | § | |
| JASON TYRONE PEGUES | § | OF FORT BEND COUNTY, TEXAS |

## AFFIDAVIT OF LORI WILSON

BEFORE ME, the undersigned authority, personally appeared Lori Wilson, who, after being duly sworn, stated as follows:

"My name is Lori Wilson. I am of sound mind, over the age of 18 years, and competent to make this Affidavit. I have personal knowledge of all facts stated in this Affidavit.

"I am employed by Houston Forensic Science Center, Inc., a local government corporation that operates as the Houston Forensic Science Center ('HFSC' or the 'Center'). I am the Center's Quality Director. On April 3, 2014, HFSC assumed responsibility for substantially all forensic operations of the City of Houston, including the forensic laboratory formerly known as the HPD Crime Lab.

"HFSC has authorized me to execute this Affidavit in response to the 'Order on State's Motion to Enter Orders so that the State May Respond to the Defendant's Motion for Forensic Data Testing' (the 'Order') issued on June 26, 2015, by the 240th District Court of Fort Bend County, Texas, in connection with the captioned proceeding.

"The Center does not possess any policies regarding the destruction or disposal of the evidence described in the Order.

"The Center has no knowledge of, or records or things pertaining to, the evidence described in the Order, other than as described in the Affidavit of Courtney Head, which Affidavit was executed on July 17, 2015, in connection with the captioned proceeding."

_____
Lori Wilson

SWORN TO AND SUBSCRIBED before me on the 17th day of July 2015.

LAURA MAYOR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 8/21/17

Notary Public, State of Texas

Solo Page



94-DCR-026185
AFFI
Affidavit
3685690

CAUSE NO. 94-DCR-026158

STATE OF TEXAS § IN THE 240th DISTRICT COURT

VS. §

JASON TYRONE PEGUES § OF FORT BEND COUNTY, TEXAS

## AFFIDAVIT OF COURTNEY HEAD

BEFORE ME, the undersigned authority, personally appeared Courtney Head, who, after being duly sworn, stated as follows:

"My name is Courtney Head. I am of sound mind, over the age of 18 years, and competent to make this Affidavit. I have personal knowledge of all facts stated in this Affidavit.

"I am employed by the City of Houston and assigned to the Forensic Analysis Division of the Houston Forensic Science Center. My current job title is Criminalist Specialist/Supervisor - Forensic Biology, and I have been in my current role since January 4, 2010.

"On April 3, 2014, Houston Forensic Science Center, Inc., which operates as Houston Forensic Science Center (the 'Center'), assumed responsibility for substantially all forensic operations of the City of Houston, including the forensic laboratory formerly known as the HPD Crime Lab.

"I am executing this Affidavit in response to the 'Order on State's Motion to Enter Orders so that the State May Respond to the Defendant's Motion for Forensic Data Testing' (the 'Order') issued on June 26, 2015, by the 240th District Court of Fort Bend County, Texas in connection with the captioned proceeding (the 'Case').

"My only 'recollection' regarding 'HPD Case # 140481893 or 140481893B and LAB#L94-159' arises from the following items and documents currently in the Center's possession:

1. A plastic bag containing an index card to which a square piece of gauze is attached. The square of gauze (approximately 2" x 2") appears to have a reddish brown stain located in the center. 'L94-159' has been marked on the index card.

2. A flip-top tube containing a small piece of gauze (also located in the plastic bag noted above containing the index card). 'L94-159' has been marked on the tube.

1



3. Twenty-four pages of documents, accurate copies of which are attached to this Affidavit as Exhibit 'A.'

"I have not opened the plastic bag or the tube described above.

"Other than the items and documents described above, I have no personal knowledge regarding the current existence of evidence recovered in connection with the Case. The piece of gauze described above may be in a condition that makes DNA testing possible.

"I have no personal knowledge regarding the chain of custody of the plastic bag or the tube described above or whether evidence in the Case previously has been subjected to DNA testing.
"If evidence in the Case previously was subjected to DNA testing, newer testing techniques may be available that provide more accurate results than previous testing, depending when the previous testing was conducted.

"I have no personal knowledge of the present whereabouts of evidence related to the Case other than the items and documents described above.

"I have no personal knowledge that evidence related to the Case is missing or has been destroyed.

"I understand that Lori Wilson, another employee of the Center, also is executing an Affidavit in response to the Order. To the best of my knowledge, no other person employed or managed by the Center has information related to the Case that is different from the facts stated in this Affidavit and in Ms. Wilson's Affidavit."

Courtney Head

SWORN TO AND SUBSCRIBED before me on the 17th day of July, 2015.

LAURA MAYOR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 8/21/17

Notary Public, State of Texas

FILED
2015 JUL 22 AM 10: 13

CLERK DISTRICT COURT

Silvia Guevara

2

HOUSTON POLICE DEPARTMENT

LABORATORY NUMBER 94-1591CYK

☐ PRIOR EVIDENCE HAS BEEN SUBMITTED ON THIS CASE

**SUSPECT(S)**

| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
|---|---|---|---|
| JASON TYRONE PEGUES | 1-27-77 | B | M |
| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |

**CHARGES FILED - CAUSE NO.**

| ☐ County ☐ District |
| ☐ County ☐ District |
| ☐ County ☐ District |
| ☐ County ☐ District |

**COMPLAINT(S)**

| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
|---|---|---|---|
| MARTHA SINGLETON | 1-30-78 | B | F |
| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |
| NAME (First, Middle Initial & Last) | DOB | RACE | SEX |

OFFENSE AGG SEX ASSLT CHILD

INCIDENT NO. 140481893

DATE OF OFFENSE 12-28-93

DATE SUBMITTED 3-3-94

LOCATION OF OFFENSE 15603 WINTER BRIAR

LIST EVIDENCE SUBMITTED AND FROM WHOM OR WHERE RECOVERED

blood, hair & saliva from Jason T Pegues

SUGGESTIONS ABOUT EXAMINATION OR ANALYSIS - COMMENTS ABOUT CASE TEST FOR DNA COMP. FOR EVIDENCE OF SEXUAL ASSAULT

(Please Print)
SUBMITTING OFFICER S. J. ANDERSON   POLICE OFFICER   67721   SEX 5
NAME (First, Middle Initial & Last)   CLASSIFICATION   EMPLOYEE NO.   DIVISION/SHIFT

**FOR LABORATORY USE ONLY**

|  | Q pills/Q blt/saliva Jason Pegues | blood Hair saliva Jason Pegues |  |  | blood DNA |  |
|---|---|---|---|---|---|---|
| REC'D BY | CYK | MT | Kg/CER |  | JW | MT |
| REC'D FROM |  | Q'L | FYK | EVIDENCE TRANSFERRED TO PROPERTY ROOM | MT | JW |
| PLACE REC'D | LAB | LAB | CER |  | Lib | Lab |
| DATE REC'D | 3/3/94 | 3/23/94 | 5-24-94 | 5-25-94 | 6-7-94 | 7/13/94 |
| DAY OF WEEK | THUR | WED | TUES |  | TUES | W |
| TIME REC'D | 1:40 P | 9:30 am | 11: | | 9:30 am | |
| UCR NUMBER | 02 | DNA analysis | CONTENTS NOT INVENTORIED |  | Exhibit A | |

FORM NO. HPD-00016

I, __JASON TYRON PEQUES__
(Print Full Name of Subject )

Hereby consent to give, for the purpose of examination and comparison to any item of evidence that are either currently held by, or that may be obtained by the Houston Police Department, the below listed specimen or specimens:

**Hair Specimens:**                                      **Subject's Initials**

(1) Head Hair                                            J.T.P
(2) Pubic Hair                                           J.T.P
3.   Other _____                              _____
              (Specify)

**Body Fluid Specimens:**

(1) Blood                                                J.T.P
(2) Saliva                                               J.T.P
3.   Other _____                              _____
              (Specify)

1-vial of blood
was extracted
from Mr Peques' right arm
by CYK

_____
(Signature of Subject)

__3/3/94__        __1:40 p.m.__
(Date)              (Time)

**WITNESSES:**

| (Signature) | (Assignment) | (P.R. #) | (Date) |
|---|---|---|---|
| S.J. ANDERSON | JUV SEX CRIMES | 67221 | 3-3-94 |
| J.W. KIRKPATRICK | JUVENILE | 52658 | 3-3-94 |
| | Crime Lab | 9570 | 3-3-9x |

L94-159

MT

Incident Name: 10b418 1895 B          Lab #
                                                  Criminalist

| Item | Received | Submitted | Date Completed |
|------|----------|-----------|----------------|
| Sexual Assault Kit | ✓ | | |
| Clothing | ✓ | | |
| Bedding | | | |
| Swab(s) | | | |
| Autopsy Kit | | | |
| Known Blood ✓Compl. ✓Suspect __Other | ✓ | | |
| Known Hairs __Compl. __Suspect __Unknown Hair | ✓ | | |
| Crime Scene | | | |
| Glass Paint Fibers | | | |
| Other | | | |

SUPPLEMENT(S) L94 - 159
mT

No-0005

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                    Street location information
Number-    15603  Name-WINTER BRIAR          Type-         Suffix-
Apt no-        Name-15603                  Type-        Suffix-
Date of offense-12/28/93          Date of supplement-01/05/94
Compl(s) Last-SINGLETON      First-MARTHA    Middle-
          Last-
                Recovered stolen vehicles information
 Stored-                      by-                   Ph#- (000) 000-0000
Officer1-S.J. ANDERSON      Emp#-067721 Shift-i Div/Station-JUV

              SUPPLEMENT NARRATIVE

THIS SUPPLEMENT IS BEING GENERATED IN ORDER TO REQUEST THAT THE HPD CRIME LAB
ANALYZE THE RAPE KIT AND THE COMPLAINANT'S CLOTHING, THAT ARE TAGGED UNDER THIS
CASE NUMBER IN THE HPD CRIME LAB, FOR EVIDENCE OF A SEXUAL ASSAULT.............


Supplement entered by -   67721

END OF PAGE TWO

CHAIN OF CUSTODY

| | BACG BACI | MT | BACG BACI | | |
|---|---|---|---|---|---|
| REC'D BY | KGIGER | MT | KGIGER | | The |
| REC'D FROM | Prop Rm | | MT | | MT |
| PLACE REC'D | Prop Rm | Crime Lab. | CER | | Lib |
| DATE REC'D | 1-5-94 | 1-5-94 | 11 Jan 94 | | 6-7-94 |
| DAY OF WEEK | W | W | Tues. | | Tues |
| TIME REC'D | | 2:50pm | | | 9:30am |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | MT | | | | |
| REC'D FROM | The | | | | |
| PLACE REC'D | Lab | | | | |
| DATE REC'D | 07-13-94 | | | | |
| DAY OF WEEK | W | | | | |
| TIME REC'D | 11:00 AM | | | | |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | | | | | |
| REC'D FROM | | | | | |
| PLACE REC'D | | | | | |
| DATE REC'D | | | | | |
| DAY OF WEEK | | | | | |
| TIME REC'D | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| REC'D BY | | | | | |
| REC'D FROM | | | | | |
| PLACE REC'D | | | | | |
| DATE REC'D | | | | | |
| DAY OF WEEK | | | | | |
| TIME REC'D | | | | | |

| | |
|---|---|
| Date Tagged 26-DEC 1993 | Time 18:03 |
| Compl/Owner Sinclair, Method 15 YRS | |
| Officer's Name Johnson B.D. | Division SW PAT II |
| Officer's Signature & Emp # _____ 93807 | |
| Property Officer's Sign & Emp # _____ 10/27o | |

Type: Evid [X]   Found [ ]   Safe Keeping (Jail) [ ]   Inves. [ ]

Assoc Sexual Assault   Location WESTBURY HOSP

LE

FZ092

CB
2128

| Item Code/Shelf | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| | (1)- NEO LAW SEXUAL ASSAULT KIT |
| | (1)- BROWN BAG WITH COMPL. CLOTHING ITEMS |
| | L94-159 |
| | MT |

L94-159

HOUSTON POLICE DEPARTMENT
PROPERTY DIVISION
TEMPORARY RELEASE OF PROPERTY RECEIPT

BACG
BACI

DAY OF WEEK ___W___   MT   TAG NO. ___BACI___

CASE NO. _____   DATE _1-5-94_

I, __Kari Gensler__ assigned to the _____

Division, hereby, certify that I have received the below listed property from the Property Division for the purpose of:

COURT APPEARANCE                            LABORATORY ANALYSIS

**PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS**

ITEM NO. OR DESCRIPTION OF                    PROPERTY ROOM INVOICE

_____    _____

_____    _____

OFFICER RECEIVING PROPERTY _____  _____ EMPLOYEE NO. _____
PROPERTY OFFICER _____  _____ EMPLOYEE NO. _____

THIS SECTION USED FOR              SENT TO COURTS

EVIDENCE KEPT BY COURT:

_____

_____    _____

RECEIVED BY_____              COURT ON_____
              PRINT                               DATE
SIGNATURE OF RECEIVING OFFICER              _____

THIS SECTION USED              SENT TO PROPERTY ROOM

I, _____              receipt has
_____              return of:

ALL PROPERTY                            COURT RECEIPT

DATE_____                      _____ TAG NO._____

THIS SECTION              LABORATORY RECEIPT

                                      PM NO._____

                                      PM NO._____

(WHITE COPY - ORIGINAL              PROPERTY ROOM, PINK COPY OFFICER)

Form No HPD

SUPPLEMENT(S)

3440-3411
Fort Bend
DA's office

No-0019

Offense- SEXUAL ASSAULT (RAPE) / BY CUTTING INSTRUMENT
                    Street location information
Number-      15603 Name-WINTER BRIAR          Type-      Suffix-
Apt no-         Name-15603                     Type-      Suffix-
Date of offense-12/28/93          Date of supplement-09/28/94
Compl(s) Last-SINGLETON      First-MARTHA    Middle-
         Last-
                 Recovered stolen vehicles information
 Stored-                        by-                    Ph#- (000) 000-0000
 Officer1-KIM                Fro#-089164 Shift-   Div/Station-CRIME LAB

                    SUPPLEMENT NARRATIVE


REF:  L94-159

SUSPECT:  JASON TYRONE PEGUES

ON MARCH 3,1994 THE FOLLOWING ITEMS WERE SUBM     T  THE LABORATORY:
ONE VIAL OF BLOOD,SALIVA AND HAIRS TAKEN FROM JASON TYRONE PEGUES

ON MARCH 23,1994 THE FOLLOWING ITEM WAS TRANSFERRED TO M.THOMPSON FOR
DNA ANALYSIS:
A PORTION OF FROM JASON TYRONE PEGUES

THE REMAINING EVIDENCE HAVE BEEN SUBMITTED TO THE PROPERTY ROOM.


Supplement entered by -  80164
Date cleared- 03/04/94

# HOUSTON POLICE DEPARTMENT
## LABORATORY EXAMINATION

LAB. REFERENCE: L94-159

ANALYST: CK

Saliva | Hair

A B O

## HOUSTON POLICE DEPARTMENT
## LABORATORY EXAMINATION

LAB. REFERENCE: L94-159

ANALYST: MT

paper bag ?

beige camisole — pos

Black bra

Black shirt-up pants — pos

purple sweater — pos

Blue panties (w/ sanitary napkin) — pos

cardboard box C

NEG

pantics — neg / napkin — neg

no apparent stains

Back

SEXUAL ASSAULT EVIDENCE COLLECTION KIT
INVENTORY AND WORKUP SHEET

LAB. REFERENCE: LQ4.159
ANALYST: NT
DATE: 10.93
COMPLAINANT: Maria Sanchez
MED. EXAM DATE: 12.26.93

RECEIVED: ✓
NOT RECEIVED: X
(+) OR POS. = POSITIVE
(-) OR NEG. = NEGATIVE

| SMEARS | | MICROSCOPIC/SPERMATOZOA | |
|---|---|---|---|
| ✓ | VAGINAL | blood; pos [1.1935] | |
| ✓ | RECTAL | 2 slides neg | |
| X | ORAL | neg | |
| X | OTHER | | |

| | | P-30 | FROZEN |
|---|---|---|---|
| | OTHER | | |

| SWABS | | | ABO | LEWIS | FROZEN |
|---|---|---|---|---|---|
| ✓ | VAGINAL | neg | | | |
| ✓ | RECTAL | neg | | | bloody |
| ✓ | ORAL | neg | | bloody | |
| X | SALIVA | | | | |
| X | OTHER | | | | |

| FLUID | | | | |
|---|---|---|---|---|
| ✓ | BLOOD | O | | |
| X | OTHER | | | |

| | | | COMMENTS |
|---|---|---|---|
| HEAD HAIR | ✓ | PULLED | several light brown / no roots |
| | X | LOOSE | silver / light brown |
| | ✓ | COMBINGS | |
| PUBIC HAIR | X | PULLED | several black w/ roots |
| | X | LOOSE | |
| | ✓ | COMBINGS | |
| FINGERNAIL SCRAPINGS | ✓ | RIGHT | reddish pos |
| | ✓ | LEFT | neg pos |
| EVIDENCE ENVELOPE | X | DEBRIS | APneg; fibers + hair fragment |
| | ✓ | NASAL | APneg |
| | ✓ | OTHER (loose | several hairs w/ roots |
| | | | APneg |

| BAG | ITEM | CLOTHING BAG |
|---|---|---|
| | | |

TAG OR BAR CODE NO. BACF

Martha Sinclair

Kim W

Crime Lab

Custody 994

Stolen from Jason Pegues L94-159 mt

| | |
|---|---|
| e Number 140451843 | Date Tagged 05-25-94 Time 12.00 |
| ject Name Jason T. Pegues | Compl./Owner Martha Singleton |
| horized By N/A  Emp# N/A  Division N/A Crime Lab | Officer's Name Kim Uy R  Division Crime Lab |
| ense Agg Sex Assault  Location 15603 Winterbriar | Officer's Signature & Emp.# Christy R |
| ident Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | Property Officer's Sign. & Emp.# Lee Carter 941 |

| Bar Code Sticker | Description (Quantity, Make ,Model, Serial #, Any Damage , etc. ) |
|---|---|
| SE063  C7D9 | 1 Small Envelope Containing 1 Vial blood 4 Sold hair Liquize saliva from Jason Pegues L94-139 AT  Court Record |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Investigative Division _____ Incident No. 1404818 93 B

Date Sent 6-5-95 (10) Date Property Tagged _____ Tag Number C 7D9

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.

Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

2. Hold for further Investigation:
   Signature of Investigative Shift Commander
   Required _____

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:

   _____

   Date & Time notified that property would be returned:

   _____

   *Method of Notification

   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:

   _____

   * Method of Notification

   _____

   (Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:

   * Method of Notification:

   _____

7. Dispose of as Authorized by City Ordinance
   (Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. Transfer of Responsibility:
   Division transferred to: _____
   Authorized by: _____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. Destroy Property as Ordered by Court:
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

   * Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.-

_____          _____          _____
Date            Signature of Investigative Officer      Employee Number

| Property Room Use Only |
| --- |
| Final Supervisory Review by: |

| Name | Date |

| Property Room Use Only |
| --- |
| Letter Disposition Review by: |

| Name | Date |

Form No. HPD-00011

| Number | A()/15/)x()   | Date Tagged | 05-25-94 | Time | 1200 |
|---|---|---|---|---|---|

ct Name Jason T. Pegues S.C.  Compl./Owner Martha Singleton

orized By N/A  Emp# N/A  Division N/A Crime Lab  Officer's Name Kim Cyk  Division Crime Lab

nse Agg Sex Assault  Location 5605 Winterhav  Officer's Signature & Emp.# Christy S.R

ent Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ]  Property Officer's Sign. & Emp.# Lee Carter 994 14

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|

C7D9

CQG3-

UC 24 1994 5
ex Crimes

P 13 1994 5
pt./Sx Crimes

AY 2 5 1995 9
Sx Crimes

1 Small envelope containing
liquid blood
1 Self hair
1 gauze saliva

from Jason Pegues L94-159 MT

# Houston Police Property Division
## Disposition Authorization

Investigative Division __SEX CRIMES__ Incident No. _____

Date Sent __MAY 25 1995 0__ Date Property Tagged_____Tag Number _____-_____-____

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition Information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
Defendants Name _____
Charge Filed _____
Court Filed In _____

2. Hold for further Investigation:
Signature of Investigative Shift Commander
Required _____

3. Hold for possible Surety or Indemnity
Bond Agreement.
Type of Bond Required: _____
Person must be advised that he has 30 days to secure bond and retreive property.
Name of person to whom release was refused:

_____
Date & Time notified that property would be returned:

_____
*Method of Notification

_____

4. Hold for Property Hearing:
Hearing Date: _____

5. Photograph & Release to Owner:
Date & Time Notified to Reclaim Property:

_____
* Method of Notification

_____

*Note: Investigator is responsible for photographing property BEFORE it is released to owner).*

6. Release to Owner (or Authorized Person)
Owner's Name _____
Date & Time Notified to Reclaim Property:

_____
* Method of Notification:

_____

7. Dispose of as Authorized by City Ordinance
*(Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)*

8. ✓ Transfer of Responsibility:
Division transferred to: _Sex Crim_
Authorized by: _____
*(NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)*

9. Destroy Property as Ordered by Court:
*(Court Orders for destruction of property to be kept on file by the Investigative Division).*

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.-

_5-29-95_       _Lt. P. Wagner_       _#39047_
Date          Signature of Investigative Officer          Employee Number

| Property Room Use Only | |
|---|---|
| Final Supervisory Review by: | |
| Name | Date |

| Property Room Use Only | |
|---|---|
| Letter Disposition Review by: | |
| Name | Date |

Form No. HPD-00011

**Number** 14048184 13

**ect Name** Jason T. Pegues  S.C.

**orized By** N/A  **Emp#** N/A  **Division** N/A  Crime Lab

**nse** Agg Sex Assault  **Location** 15603 Winterhav

**ent Type:** Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ]

**Date Tagged** 05-25-94  **Time** 1200

**Compl./Owner** Martha Singleton

**Officer's Name** Kim  Oy R  **Division** Crime Lab

**Officer's Signature & Emp.#** Christy S.R

**Property Officer's Sign. & Emp.#** Lee Carter 994 19

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| C709 | 1 small envelope containing 1 vial blood 4 solid hair gauze saliva from Jason Pegues L94-159 MT |

E 063

UG 24 1994 5
3X Crimes

13 1994 5
pt./Sept Crim

Y 25 1995 9
Crimes

HOUSTON POLICE DEPARTMENT
PROPERTY DIVISION
TEMPORARY RELEASE OF PROPERTY RECEIPT

AY OF WEEK _Wednesday_

TAG NO. _BACF, BACH C709_

CASE NO. _140481893-B_

DATE _7-19-95_

I, _E. M. Johnson_ assigned to the _Southwest Patrol_

ivision, hereby, certify that I have received the below listed property from the roperty Division for the purpose of:

_FBPC240_

(COURT APPEARANCE)        INVESTIGATION        LABORATORY ANALYSIS

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

_SE w/ Vial Blood, Hair Saliva, LE/ Med Law Assault Kit, Brown Bag w/ Compl. Clothing_

OFFICER RECEIVING PROPERTY _E M Johnson_          EMPLOYEE NO. _09380_
PROPERTY OFFICER _R Marro_                         EMPLOYEE NO. _101274_

### THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT:

_SE w/ Vial Blood, Hair, Saliva, LE/ Med Lab Assault Kit, Brown Bag w/ Compl Clothing (Pants, Bra + Sweater)_

RECEIVED BY _J.S. Crowley_ IN _240th_ COURT ON _7/19/95_
                PRINT                                   DATE
SIGNATURE OF RECEIVING OFFICIAL _____ , Asst D.A

### THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has been satisfactorily cleared in the Property Division by return of:

ALL PROPERTY          PARTIAL PROPERTY          (COURT RECEIPT)

ATE _7-19-95_ PROPERTY OFFICER _____ EMPLOYEE NO. _8432_

### THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT_____ EMP.NO.____

PROPERTY OFFICER RECEIVING RECEIPT _____ EMP.NO.____

DATE LABORATORY RECEIPT RECEIVED_____

EVIDENCE KEPT IN LABORATORY:

(WHITE COPY ORIGINAL, YELLOW COPY PROPERTY ROOM, PINK COPY OFFICER)

| Case Number 1404-518-93 B | Date Tagged 28 DEC 1993 Time 18:03 |
|---|---|
| Suspect Name UNKNOWN | Compl./Owner Singleton MARYLA 15 YRS |
| Authorized By N A   Emp# N A   Division SEX CRIMES Juvenile | Officer's Name JOHNSON B. M   Division SW PAT II |
| Offense Agg Sexual Assault   Location WESTBURY HOSP. | Officer's Signature & Emp.# ___ 93807 |
| Incident Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | Property Officer's Sign. & Emp.# ___ 101270 |

| LE | Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc. ) |
|---|---|---|
| LE 246 FZ09Z | BACF | (1) - MED LAW SEXUAL ASSAULT KIT |
| CB 212 B | BACH | (1) - BROWN BAG WITH COMPL. CLOTHING Items |
| | | Court Roast |
| | | |
| | | |
| | | |
| | | |
| | | |

L94 – 159

DAY OF WEEK ___W___          MT          NO. ____

CASE NO. 140481893 B                    1-5-94

Kari Gensler                            Crime Lab

Division,
Property Division for                property from the

LABORATORY ANALYSIS

PROPERTY                    RETURNED IN SEVEN (7) DAYS

ITEM                        PROPERTY ROOM INVOICE

sexual assault kit , clothing

OFFICER        Padica  Kari Gensler    EMPLOYEE NO. 102191
PROPERTY                               EMPLOYEE NO. 9766

BACK TO COURTS

EVIDENCE

COURT ON
                                        DATE

PROPERTY ROOM

                                        receipt has
                                        return of;

                                        COURT RECEIPT

DATE 1-12-94       Ronnie Moore         BADGE NO. 101274

                                        NO.

                                        NO.

PINK COPY OFFICER)

*S. Anderson*

# Houston Police Property Division
## Disposition Authorization

Investigative Division JUVENILE SEX CRIMES No. _1404 818 93 -B_

Date Sent MAR 29 1994 • Date Property Tagged _____ Tag Number _BACF_.

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days. (General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

[X] 2. Hold for further Investigation:
   Signature of Investigative Shift Commander
   Required _____

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retreive property.
   Name of person to whom release was refused:
   _____
   Date & Time notified that property would be returned:
   _____
   *Method of Notification
   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification
   _____
   (Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification:
   _____

7. Dispose of as Authorized by City Ordinance
   (Use only after the property is no longer needed as evidence or for investigation, and all resonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. Transfer of Responsibility:
   Division transferred to: _____
   Authorized by: _____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. Destroy Property as Ordered by Court:
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.-

_4-5-94_     _S Anderson_     _____
Date     Signature of Investigative Officer     Employee Number

| Property Room Use Only |
| --- |
| Final Supervisory Review by: |

| Name | Date |
| --- | --- |

| Property Room Use Only |
| --- |
| Letter Disposition Review by: |

| Name | Date |
| --- | --- |

Investigative Division **JUVENILE SEX CRIMES** No. _140481893-B_

Date Sent _DEC 28 1994 1_ Date Property Tagged _____ Tag Number _BACF_

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days.
(General Order 700-1)

1. Hold for Court Case
   Defendants Name _____
   Charge Filed _____
   Court Filed In _____

[X] 2. Hold for further Investigation:
   Signature of Investigative Shift Commander
   Required _____

3. Hold for possible Surety or Indemnity
   Bond Agreement.
   Type of Bond Required: _____
   Person must be advised that he has 30 days to secure bond and retrieve property.
   Name of person to whom release was refused:
   _____
   Date & Time notified that property would be returned:
   _____
   * Method of Notification
   _____

4. Hold for Property Hearing:
   Hearing Date: _____

5. Photograph & Release to Owner:
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification _____
   _____
   Note: Investigator is responsible for photographing property BEFORE it is released to owner).

6. Release to Owner (or Authorized Person)
   Owner's Name _____
   Date & Time Notified to Reclaim Property:
   _____
   * Method of Notification:
   _____

7. Dispose of as Authorized by City Ordinance
   (Use only after the property is no longer needed as evidence or for investigation, and all reasonable efforts to the return the property to the owner has been exhausted by the Investigative Division)

8. Transfer of Responsibility:
   Division transferred to: _____
   Authorized by: _____
   (NOTE: Authorizing Person MUST be assigned to Division Accepting Transfer of Responsibility)

9. Destroy Property as Ordered by Court:
   (Court Orders for destruction of property to be kept on file by the Investigative Division).

RECEIVED
PROPERTY ROOM
JAN 17 1995
BY

* Method of Notification: Indicate if in person, by phone, or by mail. (If property value is $200 or more, mail must be certified, return receipt). Return address on envelope should include the Division and Investigator's Name.

_1-5-95_              _____              _5772r_
Date          Signature of Investigative Officer          Employee Number

| Property Room Use Only |
| Final Supervisory Review by: |
| Name | Date |

| Property Room Use Only |
| Letter Disposition Review by: |
| Name | Date |

Form No.

Houston Police Property Division
Disposition Authorization

Investigative Division **JUVENILE SEX CRIMES** No. *140481893-B*

Date Sent **DEC 28 1994 1** Date Property Tagged _____ Tag Number *BACF*

---

The property listed on the reverse side was authorized by your Division to be tagged in the Property Room. Disposition information is required by the Property Division.
Indicate the current status of the property, date, and sign. This form MUST be returned to the Property Room within ten (10) days.
(General Order 700-1)

---

☐ 1. Hold for Court Case
Defendants Name _____
Charge Filed _____
Court Filed In _____

☒ 2. Hold for further Investigation:
Signature of Investigative Commander
Required _____

☐ 3. Hold for possible Surety or Indemnity
Bond Agreement.
Type of Bond Required: _____
Person must be advised that he has 30 days to
secure bond and retreive property.
Name of person to whom release was refused:

_____

Date & Time notified that property would be
returned:

_____

* Method of Notification

_____

☐ 4. Hold for Property Hearing:
Hearing Date: _____

☐ 5. Photograph & Release to Owner:
Date & Time Notified to Reclaim Property:

_____
* Method of Notification

_____

(Note: Investigator is responsible for Photo-
graphing property BEFORE it is released to
owner).

☐ 6. Release to Owner (or Authorized Person)
Owner's Name _____
Date & Time Notified to Reclaim Property:

_____

* Method of Notification:

_____

☐ 7. Dispose of as Authorized by City Ordinance

(Use only after the property is no longer needed as
evidence or for investigation, and all reasonable efforts
to the return the property to the owner has been ex-
hausted by the Investigative Division)

☐ 8. Transfer of Responsibility:
Division transferred to: _____
Authorized by: _____

(NOTE: Authorizing Person MUST be assigned to
Division Accepting Transfer of Responsibility)

☐ 9. Destroy Property as Ordered by Court:

(Court Orders for destruction of property to be kept on
file by the Investigative Division).

* Method of Notification: Indicate if in person, by
phone, or by mail. (If property value is $200 or
more, mail must be certified, return receipt).
Return address on envelope should include the
Division and Investigator's Name.

---

*1-5-95*          *S. Anderson*          *67721*

Date          Signature of Investigative Officer          Employee Number

| Property Room Use Only | Property Room Use Only |
|---|---|
| Final Supervisory Review by: | Letter Disposition Review by: |
| Name          Date | Name          Date |

RECEIVED
PROPERTY ROOM
JAN 17 1995
BY

DAY OF WEEK **Wednesday**

CASE NO. **14048/893-B**

TAG NO. **BACF, BACH, C709**

DATE **7-19-95**

I, **E. M. Johnson** assigned to the **Southwest Patrol**
Division, hereby, certify that I have received the below listed property from the Property Division for the purpose of:

**FODC240**

((COURT APPEARANCE)) INVESTIGATION LABORATORY ANALYSIS

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

SE w/ Vial Blood, Hair Saliva, LB/ MedLaw Assault Kit, Brown Bag w/ Compl. Clothing

OFFICER RECEIVING PROPERTY **E M Johnson** EMPLOYEE NO. **09380**
PROPERTY OFFICER **R Moore** EMPLOYEE NO. **101274**

### THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT;

RECEIVED BY _____ IN _____ COURT ON _____
PRINT DATE
SIGNATURE OF RECEIVING OFFICIAL _____

### THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has been satisfactorily placed in the Property Division by return of;

ALL PROPERTY PARTIAL PROPERTY ((COURT RECEIPT))

DATE **7-19-95** PROPERTY OFFICER **H Fee** EMPLOYEE NO. **90379**

### THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT _____ EMP. NO. _____
PROPERTY OFFICER RECEIVING LAB RECEIPT _____ EMP. NO. _____
DATE LABORATORY RECEIPT RETURNED _____
EVIDENCE KEPT IN LABORATORY _____

Form No. HPD-107



**ANNIE REBECCA ELLIOTT**

DISTRICT CLERK

Fort Bend County, Texas

(281) 341-4516

Fax (281) 341-4519

July 27, 2015

To: John Harrity, State's Appeal Attorney
    Fort Bend County District Attorney's Office
    1422 Eugene Heimann Circle, Room 20234
    Richmond, Texas 77469

Re:    Cause No.    **94-DCR-026185**
       **The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY DEPUTY CLERK FROM THE DISTRICT CLERKS OFFICE.

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By:_____
Deputy District Clerk Lisa Tucker
Telephone: (281) 341-4516

**RECEIVED**

JUL 28 2015

DISTRICT ATTORNEY'S OFFICE

CC:    Jason Tyrone Pegues
       Huntsville Unit
       815 12th Street
       Huntsville Tx 77348

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_____
Signature

Mattie Sanford
Print Name

7/28/15

MAILING
301 Jackson Street
Richmond, Texas 77469

PHYSICAL
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Departments – District Clerk

Cause No. 94-DCR-026185

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| VS | § | FORT BEND COUNTY, TEXAS |
| JASON TYRONE PEGUES | § | 240TH JUDICIAL DISTRICT COURT |

**AFFIDAVIT**

My name is **Lisa Tucker.** I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

The office of the Fort Bend County District Clerk is the custodian of records. Attached are 3 pages of records from the above mentioned cause.

In response to the "Order on State's Motion to Enter Orders so that the State May respond to the Defendant's Motion for Forensic Data Testing order signed on June 26, 2015, by the 240th District Court of Fort Bend County, Texas.

As of today's date and to the best of my knowledge the only exhibits in our possession are listed on the attached 3 page list provided by Court Reporter. The listed exhibits are stored here at the Fort Bend County District Clerks Office 1422 Eugene Heimann Circle Richmond, Texas 77469. As of today's date no log exist or has been found showing any past record of the exhibits being checked out.

Also, as of today's date no one has checked out any of the attached listed exhibits and all listed exhibits are here in custody at the Fort Bend County District Clerks Office.

These **3** pages of records are kept by District Clerk ANNIE REBECCA ELLIOTT in the regular course of business, and it was the regular course of business of the District Clerk for an employee or representative of District Clerk ANNIE REBECCA ELLIOTT, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record; and the record was made at or near the time or reasonably soon thereafter.

The records attached are the original or exact duplicates of the original.

AFFIANT:

_____     DATE: 7-27-15
Deputy District Clerk Lisa Tucker

ORIGINAL

COPY

Before me, the undersigned authority, personally appeared ___Lisa Tucker___,
who was sworn and subscribed before me on this the __2__ day of __July__,
20 __15__.

_____
NOTARY PUBLIC IN AND FOR FORT BEND COUNTY, TEXAS

**IRMA CORTEZ**
Notary Public, State of Texas
My Commission Expires 06-20-2018

**ORIGINAL**

JASON PEGUES

CAUSE # 26,185 and 26,341

STATES EXHIBITS

#1   STATUTORY WARNING OF JUVENILE BY MAGISTRATE
#2   SECOND MAGISTRATE APPEARANCE FORM
MAGISTRATE'S DETERMINATION OF A JUVENILE'S
COMPETANCY TO MAKE A WRITTEN STATEMENT
DEFENDANT'S EXHIBITS
#1   STATEMENT
#2   CERTIFICATION AND RESOLUTION
#4   MINUTES FORT BEND COUNTY JUVENILE BOARD
#5   CITY OF SUGARLAND/FORT BEND COUNTY JUVENILE BOARD

JASON PEGUES                    #26,185

TRIAL: JULY 18TH THRU 20TH  *1995*          SHELF:    BIN:
PUNISHMENT: 50 YEARS TDCJ

STATE'S EXHIBITS:

01. THRU 15. PHOTOS

16. PHOTO LINEUP
    (NO #17 SX-ENTERED)
18. THRU 20. PHOTO LINEUPS

23. THRU 24. PHOTOS

27. PHOTO

30. BLACK PANTS

31. MEDICAL RECORDS

32. STATUTORY WARNING

33. magistrate'S CERTIFICATE

34. JUVENILE WARNING

35. RAPE KIT ENVELOPE

35A. RAPE KIT

36. STATEMENT

37. STATEMENT

38. CAMISOLE

39. SWEATER


DEFENDANT'S EXHIBITS:

01. DR. COX REPORT

JASON PEGUES             #26,185

JANUARY 31, 1995                          SHELF 7    BIN

CHARGE: AGGRAVATED SEXUAL ASSAULT
        ATTEMPTED CAPITOL MURDER
        BURGLARY OF A HABITATION
HEARING: EXAMINING TRIAL AND WRIT HC.#I
        EXAM.TRIAL-DEFT.BIND TO GRAND JURY
        WRIT HC.#I-BONDS SET ON EACH CHARGE

STATE'S EXHIBITS

1.   Through 8  Photos - (Copies)

9.   Magistrate's Verification - (Copy)

10.  Confession - (Copy)

10A. Second page of Confession - (Copy)

11.  Statutory Warning - (Copy)

12.  Statement - (Copy)

13.  Photo - (Copy)

No: 2



94-DCR-026185
LETT
Letters
3702682

**ANNIE REBECCA ELLIOTT**
DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 04, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re:     Cause No.     **94-DCR-026185**
**The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY ATTORNEY TEANA V. WATSON.

**RECEIVED**

AUG 04 2015

DISTRICT ATTORNEY'S OFFICE

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk Petra Lozano
Telephone: (281) 341-4516

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_
Signature

_Mattie Sanford_
Print Name

_8/4/15_
Date

CC:     Jason Tyrone Pegues
Huntsville Unit
815 12th Street
Huntsville Tx 77348

| MAILING | PHYSICAL |
|---|---|
| 301 Jackson Street | 1422 Eugene Heimann Circle, Room 10142 |
| Richmond, Texas 77469 | Richmond, Texas 77469 |

http://www.fortbendcountytx.gov
Departments – District Clerk

STATE OF TEXAS      §
                           §
COUNTY OF FORT BEND §

## AFFIDAVIT

        My name is Teana Watson, I am over eighteen years old and of sound mind and competent to make this affidavit. I was one of the Assistant District Attorneys who prosecuted the **State of Texas vs. Jason Tyrone Pegues in Cause No. 94-DCR-026185**. I ceased working in the Fort Bend District Attorney's office in 1996. It has never been my practice to hold onto evidence and I do not have any evidence from this case, nor do I have any information to provide or any recollection regarding the location of any evidence in this case.

_Signature of Affiant_
Teana V. Watson

SUBSCRIBED AND SWORN THIS 28th DAY OF JULY, 2015.

Notary State of Texas

My Commission Expires: 05/15/19

JACKIE LYNN KERMODE
Notary Public, State of Texas
My Commission Expires
May 15, 2019



COPY

FILED
2015 JUL 31 AM 9: 30

CLERK DISTRICT COURT
FORT BEND CO. TX



94-DCR-026185
LETT
Letters
3706668

**ANNIE REBECCA ELLIOTT**
DISTRICT CLERK
Fort Bend County, Texas

(281) 341-4516
Fax (281) 341-4519

August 06, 2015

To: John Harrity, State's Appeal Attorney
Fort Bend County District Attorney's Office
1422 Eugene Heimann Circle, Room 20234
Richmond, Texas 77469

Re:     Cause No.     **94-DCR-026185**
                     **The State of Texas vs Jason Tyrone Pegues**

Dear Mr. Harrity:

Please find enclosed the following:

AFFIDAVIT SUBMITTED BY MARTIN LOPEZ.

**RECEIVED**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By

Deputy District Clerk Petra Lozano
Telephone: (281) 341-4516

**AUG 06 2015**

DISTRICT ATTORNEY'S OFFICE

## ACKNOWLEDGEMENT OF RECEIPT

Received By Fort Bend County District Attorney:

_Mattie Sanford_
Signature

_Mattie SANFORD_
Print Name

_8/6/15_
Date

CC:     Jason Tyrone Pegues
        Huntsville Unit
        815 12th Street
        Huntsville Tx 77348

MAILING
301 Jackson Street
Richmond, Texas 77469

PHYSICAL
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Departments – District Clerk

( 94-DCR-026185 )



# FAX

## Houston Police Department
## Tuesday, August 4, 2015

**From:** Martin Lopez
**HPD Property Division**
**Telephone #** 832-394-4096
**FAX #** 832-394-4091

**To:** Lisa Tucker
**Deputy District Clerk**
**Fort Bend**
**FAX #** 281-341-4519

**Subject:** State of Texas vs. Jason Tyrone Peques

# FILED

AUG 0 4 2015

AT _____ *2.20* P.M.

Clerk District Court, Fort Bend Co., TX

Page 1 of 5

94-DCR-026185
LETT
Letters
3706580

94-DCR-026185
AFFI
Affidavit
3706581

(94-DCR-026185)

**Houston Police Department**
**EMPLOYEE SWORN AFFIDAVIT**

STATE OF TEXAS                                    DATE: 08/04/15
COUNTY OF HARRIS                                  TIME: 08:22

Statement of Person Under Oath

BEFORE ME, the undersigned authority, personally appeared Martin Lopez, who upon being duly sworn, deposed and stated as follows:

My name is Martin Lopez. I am 40 years of age, and my date of birth is 03/10/75. My employee number is 115994 and I have been employed with the city of Houston for approximately 15 years. I am assigned to the Houston Police Department, Property Division, as a Sr. Microcomputer Analyst. My work number is 832-394-4096. The facts stated herein are true and correct, except those stated on information and belief, to the best of my knowledge.

During the first week of June, Fort Bend County DA Investigator John Bohannon requested assistance from the Property Division in finding information related to articles that had been previously tagged into the HPD Property Room under case 140481893.

A search in the Property Division's Evidence Management System did not show any item information under case 140481893. While doing further research I looked in the Division's closed out files and found two invoices for case 140481893. The first invoice had a tagging date of 12-28-93 and the second invoice had a tagging date of 05-25-94. The invoice for evidence tagged on 12-28-93 contained the following: barcode - BACF (1 Sexual Assault Kit) and barcode - BACH (1- bag containing clothes). The invoice for evidence tagged on 05-25-94 contained the following: barcode - C7D9 (Vial of blood, Hair, Saliva).

Attached to both invoices was an "HPD Property Division Temporary Release of Property Receipt" form which stated that all items under barcodes BACF, BACH, and C7D9 had been taken for Court Appearance on 07-19-95. This "HPD Property Division Temporary Release of Property Receipt" form also stated that all items under barcodes BACF, BACH, and C7D9 were kept by the 240th court on 07-19-95.

I have attached copies of the two invoices and the "HPD Property Division Temporary Release of Property Receipt" form with this affidavit.

On June 4, 2015 I made a copy of the two invoices and the "HPD Property Division Temporary Release of Property Receipt" form and had these documents notarized by Sgt. Lance Johnson. I then provided the notarized copies of these documents to Investigator John Bohannon on that date.

I was not employed by the Houston Police Department at the time when the evidence under case 140481893 was tagged into the Property Room or when this evidence was taken and kept by the

Houston Police Department                                    Date Printed: 08/04/15
Internal Affairs Division

**FILED**

Page 1 of 2 Pages
2015 AUG -4 PM 2:52                          Initials: _ML_ Date: _8-4-15_

court. At no time did I physically handle these items, nor was I part of the chain of custody of these items.

Finally, although I have fully cooperated and answered all issues presented in this matter to the best of my ability as of the date of this statement, this incident occurred 9 weeks ago. Therefore, I hereby reserve the right to supplement and/or amend this statement should additional facts be brought to my attention through further investigation, subsequent reflection on the matter, because of an honest defect in the perception of the event(s), or the common foibles of human memory.

I have completed 16 years of school and can read and write the English Language. I have read this statement in its entirety and certify that it is correct and true to the best of my knowledge. .

___Martin Lopez___                          _____
(Name: Printed)                                      (Signature)

Subscribed and sworn to before me this _4TH_ day of _AUGUST_, _2015_.

Notary Signature: _Randy B. Carodine_          (Notary Stamp/Seal)

> RANDY B CARODINE
> NOTARY PUBLIC
> STATE OF TEXAS
> MY COMM. EXP. 10/7/17

CLOSED

| | |
|---|---|
| Case Number 1404-98-93 B | Date Tagged 28 DEC 1993 Time 18:03 |
| Suspect Name UNKNOWN | Compl./Owner Singleton MARTHA 15 YRS |
| Authorized By NA Emp# NA Division SEX CRIMES Juvenile | Officer's Name JOHNSON B.M Division SW PAT II |
| Offense Agg Sexual Assault Location WESTBURY HOSP. | Officer's Signature & Emp.# Eric M Johnson 93807 |
| Incident Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | Property Officer's Sign. & Emp.# 101270 |

| LE | Bar Code Sticker | Description (Quantity, Make ,Model, Serial #, Any Damage , etc. ) |
|---|---|---|
| LE 246 FZ092 | BACF | (1)- MED LAW SEXUAl ASSAUlT KIT |
| CB 212B | BACH | (1)- BROWN BAG WITH COMPL. CLOTHING Items |
| | | |
| | | |
| | | |
| | | |

HANDY B CARODINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 10/7/17

Candy B. Carodin 8/4/2015

Page:146

From: 8323944091

04-AUG-2015 02:28

Page:5/6

| | |
|---|---|
| ~~ion~~ Number 14-461898 | Date Tagged 05-25-94 Time 1200 |
| ~~Suspect~~ Name Jason T. Pegues | Compl./Owner Martha Singleton |
| ~~Authorized~~ By N/A Emp# N/A Division N/A Crime Lab | Officer's Name Kim G.R. Division Crime Lab |
| ~~Offense~~ Agg Sex Assault Location 5603 Winterknar | Officer's Signature & Emp.# Kimoty G.R. |
| ~~Incident~~ Type: Evid [X] Found [ ] Safe Keeping (Jail) [ ] Invest [ ] | Property Officer's Sign. & Emp.# Lee Carter 99414 |

| Bar Code Sticker | Description (Quantity, Make, Model, Serial #, Any Damage, etc.) |
|---|---|
| SED63 → C7D9 | 1 small envelope containing:<br>1 vial blood<br>4 foll hair } from Jason Pegues L94-159 MT<br>4 gauze saliva }<br><br>Crime Reset |

From:8323944091

04-AUG-2015 02:28

RANDY D CARODINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM EXP 10/7/17

Randy B. Carodine 8/4/2015

HOUSTON POLICE DEPARTMENT
PROPERTY DIVISION
TEMPORARY RELEASE OF PROPERTY RECEIPT

DAY OF WEEK _Wednesday_                                    TAG NO. _BACF, BACH, C7109_

CASE NO. _140481893-B_                          DATE _7-19-95_

I, _E. M. Johnson_ assigned to the _Southwest Patrol_

Division, hereby, certify that I have received the below listed property from the
Property Division for the purpose of:

_FBDC240_  (COURT APPEARANCE)          INVESTIGATION          LABORATORY ANALYSIS

## PROPERTY OR COURT RECEIPT MUST BE RETURNED IN SEVEN (7) DAYS

ITEM NO. OR DESCRIPTION OF PROPERTY AS LISTED ON PROPERTY ROOM INVOICE

_SE w/ Vial Blood, Hair, Saliva, LE/Med Law Assault Kit, Brown Bag w/_
_Compl. Clothing_

OFFICER RECEIVING PROPERTY _E M Johnson_          EMPLOYEE NO. _C7380_
PROPERTY OFFICER _R W_                             EMPLOYEE NO. _101274_

### THIS SECTION USED FOR RELEASE OF EVIDENCE TO COURTS

EVIDENCE KEPT BY COURT:

_SE W/Vial Blood, Hair, Saliva, LE/Med Lab Assault Kit, Brown_
_Bag w/Compl Clothing (Pants, Bra + Sweater)_

RECEIVED BY _J. S. CROWLEY_ IN _248th_ COURT ON _7/19/95_
                PRINT
SIGNATURE OF RECEIVING OFFICIAL _J. S. Crowley, Asst. D.A._

### THIS SECTION USED FOR RETURN OF EVIDENCE TO PROPERTY ROOM

I, hereby, certify that all property signed out on this receipt has
been satisfactorily cleared in the Property Division by return of:

ALL PROPERTY          PARTIAL PROPERTY          (COURT RECEIPT)

DATE _7-19-95_ PROPERTY OFFICER _N Fu_          EMPLOYEE NO. _2632_

### THIS SECTION USED FOR RETURN OF LABORATORY RECEIPT

OFFICER RETURNING LABORATORY RECEIPT _____ EMP.NO. _____

PROPERTY OFFICER RECEIVING RECEIPT _____ EMP.NO. _____

DATE LABORATORY RECEIPT RECEIVED _____

EVIDENCE KEPT IN LABORATORY: _____

RANDY B CARODINE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 197/17

_Randy B Carodine_ 8/4/15

(WHITE COPY ORIGINAL, YELLOW COPY PROPERTY ROOM, PINK COPY OFFICER)

Form No HPD00102